UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

05 - 11490 JLT

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA (FORMERLY
KNOWN AS THE TRAVELERS
INDEMNITY COMPANY OF ILLINOIS)
INDIVIDUALLY AND A/S/O DACON
CORPORATION AND A/S/O
CONDYNE VENTURES, LLC.,
  Plaintiff

vs.

GENESIS INDEMNITY INSURANCE COMPANY
And TIG INSURANCE COMPANY,
  Defendants

RECEIPT # 65605
AMOUNT $ 250
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

MAGISTRATE JUDGE

## DEFENDANT, GENESIS INDEMNITY INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION FROM STATE COURT

Defendant, Genesis Indemnity Insurance Company, hereby files this Notice of Removal of the above-described action to the United States District Court for the District of Massachusetts from the Massachusetts State Court where the action is now pending as provided by Title 28, §§ 1441, 1446 U.S. Code. As grounds therefore, defendant states as follows:

1. Genesis Indemnity Insurance Company is one of the defendants in the above entitled action.

2. The above-entitled action was commenced in the Middlesex Superior Court, Civil Action on June 28, 2005 and is now pending in that court.

3. The action is a civil action seeking a declaration that Genesis Indemnity Insurance Company must defend and indemnify the plaintiff's insured in an underlying case which is presently pending in Worcester Superior Court.

4. The United States District Court for the District of Massachusetts has jurisdiction by reason of the diversity of citizenship of the parties, pursuant to 28 U.S.C. § 1332.

5. Upon information and belief, Plaintiff, Travelers Property Casualty Company of America, is now and at the time the state action was commenced a foreign corporation duly organized under the laws of the State of Connecticut and has a principal place of business in that same state. Defendant, Genesis Indemnity Insurance Company is now and at the time the state action was commenced is a foreign corporation incorporated in North Dakota. Co-defendant, TIG Insurance Company is a foreign corporation duly organized under the laws of California with a principle place of business in Texas. No change of citizenship of parties has occurred since the commencement of the action. Neither Genesis Indemnity nor TIG Insurance are citizens of the state in which the action was brought nor are they incorporated in Massachusetts and each maintain their principal places of business in other states.

6. A copy the Complaint filed by the plaintiff is attached as **Exhibit A**.

7. Defendant will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

8. A copy of this notice will be filed with the clerk of the Middlesex Superior Court as required by 28 U.S.C. § 1446(d).

WHEREFORE, defendant, Genesis Indemnity Insurance Company, requests that this action proceed in this Court as an action properly removed to it.

> The Defendant,
> Genesis Indemnity Insurance Company
> By its attorneys,
>
> _____
> Jocelyn M. Sedney, BBO# 552115
> **BRODY, HARDOON, PERKINS & KESTEN**
> One Exeter Plaza, 12th Floor
> Boston, MA 02116
> (617) 880-7100

Dated: July 14, 2005

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 7/14/05

_____

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                                  SUPERIOR COURT
                                                                C.A. NO.:

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA (FORMERLY
KNOWN AS THE TRAVELERS
INDEMNITY COMPANY OF ILLINOIS)
INDIVIDUALLY AND A/S/O DACON CORPORATION
AND A/S/O CONDYNE VENTURES, LLC.,
       Plaintiff

v.

GENESIS INDEMNITY INSURANCE COMPANY
and TIG INSURANCE COMPANY,
       Defendants

## COMPLAINT

### PARTIES

1. The Plaintiff, Travelers Property Casualty Company of America (formerly known as The Travelers Indemnity Company of Illinois) is a corporation duly organized under the laws of the State of Connecticut with its principal place of business at One Tower Square, Hartford, Connecticut 06183 (hereafter referred to as "Travelers").

2. The Defendant, Genesis Indemnity Insurance Company, is a duly organized corporation incorporated under the laws of the State of North Dakota with its principal place of business at 695 East Main Street, Stamford, Connecticut and with administrative offices located at Financial Centre, P.O. Box 10350, Stamford, Connecticut (hereafter referred to as "Genesis"). Genesis is an approved surplus lines insurance company approved by the Massachusetts Division of Insurance to provide insurance coverage to insureds located in the Commonwealth of Massachusetts pursuant to Mass. Gen. Laws c. 175 §168.

3. TIG Insurance Company is a corporation duly organized under the laws of the State of California with a principal place of business at 5205 N. O'Connor Boulevard, Irving, Texas and with administrative offices located at 250 Commercial Street, Suite 5000, Manchester, New Hampshire 03101.

4. The Court has jurisdiction over the defendants pursuant to the provisions of Mass. Gen. Laws c. 223A, including but not limited to M.G.L. c. 223A §3(f).

1

## FACTS

5. Travelers issued a policy of general liability insurance to Dacon Corporation, a Massachusetts corporation with its principal place of business at 16 Huron Drive, Natick, Massachusetts 01760 (hereafter referred to as "Dacon"), Policy No. DTJCO210R3260, effective from April 1, 2000 to April 1, 2001 pursuant to which Travelers has been defending Dacon and Condyne Ventures, LLC ("Condyne") in a personal injury action brought by one Michael Martin *et alii* in the Commonwealth of Massachusetts, Bristol County Superior Court, Civil Action No. BRCV2002-00168 (hereafter referred to as the "Martin action" or the "Martin claim"), an action for personal injuries that allegedly occurred on January 3, 2001.

6. The Travelers policy covering Dacon contains a subrogation provision pursuant to which Travelers is subrogated to Dacon's rights against other entities, including the rights to insurance coverage from other insurers relative to defense and indemnification with respect to the Martin claim.

7. Genesis issued a policy of commercial general liability insurance to Environmental Fire Protection, Inc. (hereafter referred to as "EFP"), 249 Cedar Hill Street, Marlboro, Massachusetts with effective dates of December 5, 2000 to December 5, 2001 (hereafter referred to as the "Genesis policy").

8. TIG Insurance Company issued a policy of Excess Liability insurance to EFP with effective dates from December 5, 2000 to December 5, 2001 (hereafter referred to as the "TIG policy").

9. Dacon Corporation was retained by Condyne Ventures, LLC ("Condyne"), the owner of a commercial property in Taunton, Massachusetts, to construct an addition to an existing freezer storage building on the property.

10. Dacon subcontracted with EFP to provide a fire suppression system in the addition Dacon was building for Condyne. A true copy of the Dacon-EFP subcontract is attached hereto as Exhibit "A".

11. EFP in turn subcontracted a portion of its work for Dacon to Michael Martin's employer, SJV Electric ("SJV").

12. At the time of the accident at issue in the Martin action, January 3, 2001, Michael Martin, was engaged in work that fell within the scope of SJV's work for EFP which in turn constituted part of the work that EFP had contracted to perform for Dacon.

13. The Dacon-EFP subcontract required EFP to have Dacon and Condyne named as additional insureds on EFP's liability insurance policies.

2

14. The Genesis policy contained a blanket additional insured endorsement providing as follows:

> WHO IS AN INSURED (Section II) provision of the Policy is amended to include as an insured any person or organization (called "additional insured") to whom you are obligated by valid written contract to provide such coverage, but only with respect to liability for "bodily injury" or "property damage" arising solely out of "your work" on behalf of said additional insured for which coverage is provided by this policy.

15. Upon information and belief, the TIG policy contained terms (or incorporated terms from the Genesis policy) by which Dacon and Condyne qualified as additional insureds on the TIG policy to the same extent as Dacon and Condyne each qualified for additional insured status under the Genesis policy.

## COUNT I (DECLARATORY JUDGMENT)

16. Travelers repeats and incorporates herein by reference the allegations contained in Paragraphs 1 through 15, above.

17. Dacon and Condyne qualify as additional insureds under both the Genesis policy and the TIG policy and Dacon and Condyne are entitled to be defended by Genesis in connection with the Martin action and to be indemnified by Genesis (and to the extent any judgment or settlement reaches the limits of the TIG policy, by TIG) for any judgment, settlement or award in favor of the plaintiffs in the Martin action.

WHEREFORE, the plaintiff, Travelers Property Casualty Company of America (formerly known as The Travelers Indemnity Company of Illinois) demands judgment against Genesis Indemnity Insurance Company and TIG Insurance Company in the form a declaration that:

A) Dacon and Condyne are entitled to coverage as an additional insureds in connection with the Martin action under both the Genesis policy and the TIG policy issued to EFP;

B) Genesis shall immediately assume the defense of Dacon and Condyne in the Martin action and shall reimburse Travelers for all attorneys' fees and costs incurred by Travelers in defending Dacon and Condyne up to, and including, the date on which Genesis assumes the defense of Dacon and Condyne;

C) Genesis (and to the extent any judgment or settlement reaches the limits of the TIG policy, TIG) shall be obligated to indemnify Dacon and Condyne for any

3

        judgment or reasonable settlement that may be awarded to the plaintiffs in the Martin action in accordance with the terms of the Genesis and TIG policies.

D)     Genesis shall reimburse Travelers for its reasonable attorneys fees incurred in the prosecution of the instant action;

E)     Such other relief as the Court deems meet and just.

## COUNT II   (LEGAL AND EQUITABLE SUBROGATION)

18. The Plaintiff repeats and incorporates herein by reference the allegations contained in Paragraphs 1 through 17, above.

19. Travelers has subsidized the defense of Dacon and Condyne in connection with the Martin action.

20. Genesis should have provided primary insurance coverage and a full defense to Dacon and Condyne as additional insureds under the Genesis policy.

21. Travelers has paid and continues to pay defense costs incurred on behalf of Dacon and Condyne in connection with the Martin that rightfully should have been (and should continue to be) paid by Genesis.

**WHEREFORE**, Travelers demands judgment against Genesis for reimbursement of the full amount of defense costs, including reasonable attorneys' fees, expended to date in the defense of Dacon and Condyne in the Martin action, plus costs and interest.

## COUNT III   (EQUITABLE CONTRIBUTION)

22. The Plaintiff repeats and incorporates herein by reference the allegations contained in Paragraphs 1 through 21, above.

23. Travelers has paid more than its rightful share of the costs of defending Dacon and Condyne in the Martin action and is therefore entitled to reimbursement of an equitable share of such costs from Genesis as to all such defense costs incurred to date and continuing to the date judgment enters in this action.

**WHEREFORE**, Travelers demands judgment against Genesis for reimbursement of an equitable share of the defense costs, including reasonable attorneys' fees, expended to date in the defense of Dacon and Condyne in the Martin action, plus costs and interest.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL ISSUES SO TRIABLE.**

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA (FORMERLY
KNOWN AS THE TRAVELERS
INDEMNITY COMPANY OF ILLINOIS)
INDIVIDUALLY AND A/S/O DACON
CORPORATION AND A/S/O CONDYNE
VENTURES, LLC,
By its Attorney,

Richard J. Riley, BBO# 420510
MURPHY & RILEY, P.C.
141 Tremont Street
Boston, MA 02111
(617) 423-3700

Dated: June 28, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Travelers Property Casualty of America v. Genesis Indemnity Insurance Company__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
    - [ ] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
    - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
    - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
    - [ ] V. 150, 152, 153.

    *05-11490 JLT*

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES [ ]   NO [X]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES [ ]   NO [ ]

    A. If yes, in which division do all of the non-governmental parties reside?
       Eastern Division [ ]   Central Division [ ]   Western Division [ ]

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  __Jocelyn M. Sedney__
ADDRESS  __Brody, Hardoon, Perkins & Kesten, One Exeter Plaza, Boston, MA 02116__
TELEPHONE NO.  __(617) 880-7100__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Travelers Property Casualty of America

## DEFENDANTS
Genesis Indemnity Insurance Company and TIG Insurance Company

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Richard J. Riley, Esq.
MURPHY & RILEY, P.C.    (617)423-3700
141 Tremont Street, Boston, MA 02111

Attorneys (If Known)
Jocelyn M. Sedney, Esq.
Brody, Hardoon, Perkins & Kesten
One Exeter Plaza, Boston, MA 02116 (617)880-7171

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                 and One Box for Defendant)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Insurer Plaintiff alleges it is entitled to defense and indemnification for its insured.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____     DOCKET NUMBER _____

DATE 7/14/05    SIGNATURE OF ATTORNEY OF RECORD [signature]

07/14/05

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____