UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11490 JLT

TRAVELERS PROPERTY CASUALTY )
COMPANY OF AMERICA (FORMERLY )
KNOWN AS THE TRAVELERS )
INDEMNITY COMPANY OF ILLINOIS) )
INDIVIDUALLY AND A/S/O DACON )
CORPORATION AND A/S/O )
CONDYNE VENTURES, LLC., )
    Plaintiff )
  )
vs. )
  )
GENESIS INDEMNITY INSURANCE COMPANY )
And TIG INSURANCE COMPANY, )
    Defendants )

## ANSWER OF DEFENDANT, GENESIS INDEMNITY INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the defendant, Genesis Indemnity Insurance Company (hereinafter "Genesis"), upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Genesis responds to the allegations in the Complaint, paragraph by paragraph, as follows:

### PARTIES

1.    Defendant, Genesis Indemnity Insurance Company (hereinafter "the answering defendant") is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in this paragraph.

2.    Answering defendant admits the allegations as set forth in this paragraph.

3.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in this paragraph.

4.  Answering defendant admits the allegations as set forth in this paragraph.

## FACTS

5.  Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in this paragraph.

6.  Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in this paragraph.

7.  Answering defendant admits the allegations as set forth in this paragraph.

8.  Answering defendant lacks sufficient information to determine the truth or falsity of the allegations in this paragraph.

9.  Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in this paragraph.

10. The attached contract speaks for itself. Answering defendant is without knowledge or information sufficient to form a belief as to the remainder of this paragraph.

11. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. The attached contract speaks for itself.

14. The insurance policy speaks for itself.

15. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## COUNT I (DECLARATORY JUDGMENT)

16. Answering defendant incorporates by reference its responses to paragraphs 1 through 15 as set forth above.

17. Answering defendant denies the allegations as set forth in this paragraph.

WHEREFORE, answering defendant requests that this Court find in its favor and dismiss the Complaint in its entirety against answering defendant.

## COUNT II – (LEGAL AND EQUITABLE SUBROGATION)

18. Answering defendant incorporates by reference its responses to paragraphs 1 through 17 as set forth above.

19. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. Answering defendant denies the allegations as set forth in this paragraph.

21. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

WHEREFORE, answering defendant requests that this Court find in its favor and dismiss the Complaint in its entirety against answering defendant.

## COUNT III – (EQUITABLE CONTRIBUTION)

22. Answering defendant incorporates by reference its responses to paragraphs 1 through 21 as set forth above.

23. The answering defendant denies the allegations contained in this paragraph.

WHEREFORE, answering defendant denies that the plaintiff is entitled to the relief sought, or to any relief, and requests the Court to rule that:

a. Genesis dos not have a duty to defend the plaintiff's insureds for the allegations made against them in the suit described in the Complaint;

b. Genesis does not have a duty to pay past or future defense costs associated with the defense of plaintiff's insureds in connection with the suit described in the Complaint;

c. Genesis does not have a duty to reimburse plaintiff or anyone else for any portion of the costs that the plaintiff or others will incur in connection with the suit described in the Complaint;

d. Plaintiff is not entitled to their costs in maintaining this action; and,

e. Genesis is entitled to its costs herein, and such other relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the answering defendant upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the answering defendant says that the action is premature and not ripe for adjudication at this time.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that answering defendant may otherwise have any liability to plaintiffs, any such liability may be diminished or eliminated by provisions relating to other insurance, prior insurance and non-cumulation of liability and by other similar provisions.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that service of process was deficient.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the answering defendant states the conditions precedent for triggering of coverage under its policy have not been established and therefore, there can be no coverage.

### EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the answering defendant states that it affords insurance only to those who were insureds under the policy during the corresponding policy period. To the extent that defendants/third party plaintiffs were not insureds under the Travelers policy during the applicable policy period, or seek coverage for

persons or entities that were not insureds during the applicable policy period, such claims are barred.

## NINETH AFFIRMATIVE DEFENSE

By way of affirmative defense, defendant states that there is no subject matter jurisdiction over the allegations as set forth in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, defendant states that there is no personal jurisdiction over the defendant as set forth in the allegations of the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, defendant maintains that plaintiff has failed to join indispensable parties.

## JURY CLAIM

The Defendant respectfully requests a trial by jury to the fullest extent permitted by law.

>The Defendants,
>Genesis Indemnity Insurance Company
>By their attorney,
>
>/s/Jocelyn M. Sedney
>Jocelyn M. Sedney, BBO# 552115
>**BRODY, HARDOON, PERKINS & KESTEN, LLP**
>One Exeter Plaza, 12th Floor
>Boston, MA 02116
>(617) 880-7100

Dated: July 19, 2005