Travelers Property Casualty Company
of American, f/ k/a  Travelers

vs.

Genesis Indemnity Insurance Co.

Removal To US District Court

## Commonwealth of Massachusetts
## SUPERIOR COURT DEPARTMENT
## THE TRIAL COURT
## CAMBRIDGE

MICV2005-02259

I, Anne M. Cherubino, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 28th of June, in the year of our Lord, Two Thousand Five

> In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 15th of July, in the year of our Lord, Two Thousand Five



Deputy Assistant Clerk

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT
CIVIL ACTION NO. 2005-02259

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA (FORMERLY
KNOWN AS THE TRAVELERS
INDEMNITY COMPANY OF ILLINOIS)
INDIVIDUALLY AND A/S/O DACON
CORPORATION AND A/S/O
CONDYNE VENTURES, LLC.,
    Plaintiff

vs.

GENESIS INDEMNITY INSURANCE COMPANY
And TIG INSURANCE COMPANY,
    Defendants



)
)
)
)
)
)
)
)
)
)
)
)
)
)

### WRITTEN NOTICE OF REMOVAL TO
### FEDERAL COURT PURSUANT TO 28 U.S.C. §1446(d)

A Notice of Removal of the above-captioned action from the Superior Court of

the Commonwealth of Massachusetts, Middlesex County, to the United States District

Court for the District of Massachusetts (a copy of which Notice is filed herewith) was

duly filed on July 14, 2005, in the United States District Court for the District of

Massachusetts. A copy of the Notice of Removal, certified by the United States District

Court for the District of Massachusetts, having been duly filed with the Clerk for the

Superior Court of the Commonwealth of Massachusetts, Middlesex County, in

accordance with 28 U.S.C. §1446(d), the Superior Court shall proceed no further herein

unless and until the case is remanded.

The Defendant,
Genesis Indemnity Insurance Company
By its attorneys,

Jocelyn M. Sedney, BBO# 552115
**BRODY, HARDOON, PERKINS & KESTEN**
One Exeter Plaza, 12th Floor
Boston, MA 02116
(617) 880-7100

Dated: July 15, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand **7-15-05**

# Brody, Hardoon, Perkins & Kesten, LLP

## Attorneys at Law

Richard E. Brody
Laurence E. Hardoon
Samuel Perkins
Leonard H. Kesten
Jocelyn M. Sedney

Of Counsel:
Cheryl A. Jacques
Maria E. DeLuzio

One Exeter Plaza
Boston, Massachusetts 02116

Telephone 617-880-7100
Facsimile  617-880-7171
www.bhpklaw.com

Pamela J. Fitzgerald
Jeremy I. Silverfine
Sherri Gilmore Bunick
Deidre Brennan Regan
Deborah I. Ecker
Georgia K. Critsley
Djuna E. Perkins
Thomas P. Campbell
Andrew S. Brooslin

Administrator:
Elizabeth L. Joyce

July 15, 2005

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

JUL 15 2005

CLERK

## *VIA HAND DELIVERY*

Civil Clerk's Office
Middlesex Superior Court
40 Thorndike Street
Cambridge, MA 02141

RE:  Travelers Property Casualty Company of America
VS:  Genesis Indemnity Insurance Company and
     TIG Insurance Company
     Civil Action No.: 2005-02259

Dear Sir/Madam:

Enclosed please find the following for docketing and filing with reference to the above-captioned matter:

1.  Written Notice Of Removal To Federal Court Pursuant to 28 U.S.C. §1446(D); and

2.  A certified copy of the Notice of Removal of Action from State Court filed with the Federal Court.

Kindly forward certified copies of the documents on file with the Superior Court and a certified copy of the docket sheet to my attention as soon as possible.

Thank you for your attention and cooperation in this matter. If you should have any questions, please contact me.

Very truly yours,

Jocelyn M. Sedney

JMS/knp
Enclosures

cc:  Richard J. Riley, Esq.
     William B. Scarpelli, Esq.

COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

05 - 11490 JLT

TRAVELERS PROPERTY CASUALTY )
COMPANY OF AMERICA (FORMERLY )
KNOWN AS THE TRAVELERS )
INDEMNITY COMPANY OF ILLINOIS) )
INDIVIDUALLY AND A/S/O DACON )
CORPORATION AND A/S/O )
CONDYNE VENTURES, LLC., )
    Plaintiff )
)
vs. )
)
GENESIS INDEMNITY INSURANCE COMPANY )
And TIG INSURANCE COMPANY, )
    Defendants )

I hereby certify on ____ that the foregoing document is a true and correct copy of the electronic docket in the captioned case electronically filed original filed on ____ original filed in my office on ____

Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: ____
Deputy Clerk

## DEFENDANT, GENESIS INDEMNITY INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION FROM STATE COURT

Defendant, Genesis Indemnity Insurance Company, hereby files this Notice of Removal of the above-described action to the United States District Court for the District of Massachusetts from the Massachusetts State Court where the action is now pending as provided by Title 28, §§ 1441, 1446 U.S. Code. As grounds therefore, defendant states as follows:

1.     Genesis Indemnity Insurance Company is one of the defendants in the above entitled action.

2.     The above-entitled action was commenced in the Middlesex Superior Court, Civil Action on June 28, 2005 and is now pending in that court.

3.    The action is a civil action seeking a declaration that Genesis Indemnity
      Insurance Company must defend and indemnify the plaintiff's insured in an
      underlying case which is presently pending in Worcester Superior Court.

4.    The United States District Court for the District of Massachusetts has jurisdiction
      by reason of the diversity of citizenship of the parties, pursuant to 28 U.S.C. §
      1332.

5.    Upon information and belief, Plaintiff, Travelers Property Casualty Company of
      America, is now and at the time the state action was commenced a foreign
      corporation duly organized under the laws of the State of Connecticut and has a
      principal place of business in that same state. Defendant, Genesis Indemnity
      Insurance Company is now and at the time the state action was commenced is a
      foreign corporation incorporated in North Dakota. Co-defendant, TIG Insurance
      Company is a foreign corporation duly organized under the laws of California
      with a principle place of business in Texas. No change of citizenship of parties
      has occurred since the commencement of the action. Neither Genesis Indemnity
      nor TIG Insurance are citizens of the state in which the action was brought nor
      are they incorporated in Massachusetts and each maintain their principal places
      of business in other states.

6.    A copy the Complaint filed by the plaintiff is attached as **Exhibit A**.

7.    Defendant will give written notice of the filing of this notice as required by 28
      U.S.C. § 1446(d).

8.    A copy of this notice will be filed with the clerk of the Middlesex Superior Court
      as required by 28 U.S.C. § 1446(d).

WHEREFORE, defendant, Genesis Indemnity Insurance Company, requests that this action proceed in this Court as an action properly removed to it.

The Defendant,
Genesis Indemnity Insurance Company
By its attorneys,

Jocelyn M. Sedney, BBO# 552115
**BRODY, HARDOON, PERKINS & KESTEN**
One Exeter Plaza, 12th Floor
Boston, MA  02116
(617) 880-7100

Dated: July 14, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document
was served upon the attorney of record for each other
party by mail-hand on _____

## COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, ss.**

**SUPERIOR COURT**
**C.A. NO.:**

**05-2259**

**TRAVELERS PROPERTY CASUALTY**
**COMPANY OF AMERICA (FORMERLY**
**KNOWN AS THE TRAVELERS**
**INDEMNITY COMPANY OF ILLINOIS)**
**INDIVIDUALLY AND A/S/O DACON CORPORATION**
**AND A/S/O CONDYNE VENTURES, LLC.,**
     **Plaintiff**

**v.**

**GENESIS INDEMNITY INSURANCE COMPANY**
**and TIG INSURANCE COMPANY,**
     **Defendants**

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

JUN 2 8 2005

Edward J Sullivan
CLERK

### COMPLAINT

### PARTIES

1.  The Plaintiff, Travelers Property Casualty Company of America (formerly known as The Travelers Indemnity Company of Illinois) is a corporation duly organized under the laws of the State of Connecticut with its principal place of business at One Tower Square, Hartford, Connecticut 06183 (hereafter referred to as "Travelers").

2.  The Defendant, Genesis Indemnity Insurance Company, is a duly organized corporation incorporated under the laws of the State of North Dakota with its principal place of business at 695 East Main Street, Stamford, Connecticut and with administrative offices located at Financial Centre, P.O. Box 10350, Stamford, Connecticut (hereafter referred to as "Genesis"). Genesis is an approved surplus lines insurance company approved by the Massachusetts Division of Insurance to provide insurance coverage to insureds located in the Commonwealth of Massachusetts pursuant to Mass. Gen. Laws c. 175 §168.

3.  TIG Insurance Company is a corporation duly organized under the laws of the State of California with a principal place of business at 5205 N. O'Connor Boulevard, Irving, Texas and with administrative offices located at 250 Commercial Street, Suite 5000, Manchester, New Hampshire 03101.

4.  The Court has jurisdiction over the defendants pursuant to the provisions of M.G.L. Laws c. 223A, including but not limited to M.G.L. c. 223A §3(f).

```
8452E000006/28/05CIVIL          240.00
8452E000006/28/05SUR  CHARGE     15.00
8452E000006/28/05CEC             20.00
```

1

## FACTS

5. Travelers issued a policy of general liability insurance to Dacon Corporation, a Massachusetts corporation with its principal place of business at 16 Huron Drive, Natick, Massachusetts 01760 (hereafter referred to as "Dacon"), Policy No. DTJCO210R3260, effective from April 1, 2000 to April 1, 2001 pursuant to which Travelers has been defending Dacon and Condyne Ventures, LLC ("Condyne") in a personal injury action brought by one Michael Martin *et alii* in the Commonwealth of Massachusetts, Bristol County Superior Court, Civil Action No. BRCV2002-00168 (hereafter referred to as the "Martin action" or the "Martin claim"), an action for personal injuries that allegedly occurred on January 3, 2001.

6. The Travelers policy covering Dacon contains a subrogation provision pursuant to which Travelers is subrogated to Dacon's rights against other entities, including the rights to insurance coverage from other insurers relative to defense and indemnification with respect to the Martin claim.

7. Genesis issued a policy of commercial general liability insurance to Environmental Fire Protection, Inc. (hereafter referred to as "EFP"), 249 Cedar Hill Street, Marlboro, Massachusetts with effective dates of December 5, 2000 to December 5, 2001 (hereafter referred to as the "Genesis policy").

8. TIG Insurance Company issued a policy of Excess Liability insurance to EFP with effective dates from December 5, 2000 to December 5, 2001 (hereafter referred to as the "TIG policy").

9. Dacon Corporation was retained by Condyne Ventures, LLC ("Condyne"), the owner of a commercial property in Taunton, Massachusetts, to construct an addition to an existing freezer storage building on the property.

10. Dacon subcontracted with EFP to provide a fire suppression system in the addition Dacon was building for Condyne. A true copy of the Dacon-EFP subcontract is attached hereto as Exhibit "A".

11. EFP in turn subcontracted a portion of its work for Dacon to Michael Martin's employer, SJV Electric ("SJV").

12. At the time of the accident at issue in the Martin action, January 3, 2001, Michael Martin, was engaged in work that fell within the scope of SJV's work for EFP which in turn constituted part of the work that EFP had contracted to perform for Dacon.

13. The Dacon-EFP subcontract required EFP to have Dacon and Condyne named as additional insureds on EFP's liability insurance policies.

2

14.    The Genesis policy contained a blanket additional insured endorsement providing as
follows:

> WHO IS AN INSURED (Section II) provision of the Policy is
> amended to include as an insured any person or organization
> (called "additional insured") to whom you are obligated by valid
> written contract to provide such coverage, but only with respect to
> liability for "bodily injury" or "property damage" arising solely out
> of "your work" on behalf of said additional insured for which
> coverage is provided by this policy.

15.    Upon information and belief, the TIG policy contained terms (or incorporated terms from
the Genesis policy) by which Dacon and Condyne qualified as additional insureds on the
TIG policy to the same extent as Dacon and Condyne each qualified for additional
insured status under the Genesis policy.

## COUNT I (DECLARATORY JUDGMENT)

16.    Travelers repeats and incorporates herein by reference the allegations contained in
Paragraphs 1 through 15, above.

17.    Dacon and Condyne qualify as additional insureds under both the Genesis policy and the
TIG policy and Dacon and Condyne are entitled to be defended by Genesis in connection
with the Martin action and to be indemnified by Genesis (and to the extent any judgment
or settlement reaches the limits of the TIG policy, by TIG) for any judgment, settlement
or award in favor of the plaintiffs in the Martin action.

**WHEREFORE**, the plaintiff, Travelers Property Casualty Company of America
(formerly known as The Travelers Indemnity Company of Illinois) demands judgment against
Genesis Indemnity Insurance Company and TIG Insurance Company in the form a declaration
that:

A)    Dacon and Condyne are entitled to coverage as an additional insureds in
connection with the Martin action under both the Genesis policy and the TIG
policy issued to EFP;

B)    Genesis shall immediately assume the defense of Dacon and Condyne in the
Martin action and shall reimburse Travelers for all attorneys' fees and costs
incurred by Travelers in defending Dacon and Condyne up to, and including, the
date on which Genesis assumes the defense of Dacon and Condyne;

C)    Genesis (and to the extent any judgment or settlement reaches the limits of the
TIG policy, TIG) shall be obligated to indemnify Dacon and Condyne for any

3

judgment or reasonable settlement that may be awarded to the plaintiffs in the Martin action in accordance with the terms of the Genesis and TIG policies.

D)      Genesis shall reimburse Travelers for its reasonable attorneys fees incurred in the prosecution of the instant action;

E)      Such other relief as the Court deems meet and just.

## COUNT II    (LEGAL AND EQUITABLE SUBROGATION)

18.     The Plaintiff repeats and incorporates herein by reference the allegations contained in Paragraphs 1 through 17, above.

19.     Travelers has subsidized the defense of Dacon and Condyne in connection with the Martin action.

20.     Genesis should have provided primary insurance coverage and a full defense to Dacon and Condyne as additional insureds under the Genesis policy.

21.     Travelers has paid and continues to pay defense costs incurred on behalf of Dacon and Condyne in connection with the Martin that rightfully should have been (and should continue to be) paid by Genesis.

**WHEREFORE**, Travelers demands judgment against Genesis for reimbursement of the full amount of defense costs, including reasonable attorneys' fees, expended to date in the defense of Dacon and Condyne in the Martin action, plus costs and interest.

## COUNT III    (EQUITABLE CONTRIBUTION)

22.     The Plaintiff repeats and incorporates herein by reference the allegations contained in Paragraphs 1 through 21, above.

23.     Travelers has paid more than its rightful share of the costs of defending Dacon and Condyne in the Martin action and is therefore entitled to reimbursement of an equitable share of such costs from Genesis as to all such defense costs incurred to date and continuing to the date judgment enters in this action.

**WHEREFORE**, Travelers demands judgment against Genesis for reimbursement of an equitable share of the defense costs, including reasonable attorneys' fees, expended to date in the defense of Dacon and Condyne in the Martin action, plus costs and interest.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL ISSUES SO TRIABLE.**

4

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA (FORMERLY
KNOWN AS THE TRAVELERS
INDEMNITY COMPANY OF ILLINOIS)
INDIVIDUALLY AND A/S/O DACON
CORPORATION AND A/S/O CONDYNE
VENTURES, LLC,
By its Attorney,


Richard J. Riley, BBO# 420610
MURPHY & RILEY, P.C.
141 Tremont Street
Boston, MA 02111
(617) 423-3700

Dated: June 28, 2005

5

SUBCONTRACT NO: 2203-003675-15301

# SUBCONTRACT
## STANDARD FORM OF AGREEMENT BETWEEN CONTRACTOR AND SUBCONTRACTOR

**AGREEMENT** made this 27th day of October in the year Two Thousand.

**BETWEEN** the Contractor:    Dacon Corporation
16 Huron Drive
Natick, MA 01760-1337
Tel: 508-651-3600    Fax: 508-655-2229

and the Subcontractor:    Environmental Fire Protection    Vendor No. 016000
249 Cedar Hill Street
Marlboro, MA 01752
Attn: Don Corliss
Tel: 508-485-8183    Fax: 508-481-2085

**DEFINITIONS:** As used in this Subcontract, each of the terms set forth herein below shall have the respective meaning indicated opposite each term.

The Owner:    Condyne/Taunton, LLC

The Project:    All of the work required to be performed at the project site pursuant to the contract entered into between Owner and Builder.

The Project Site:    **Condyne Freezer Addition- Project No. 2203**
455 John Hancock Road
Taunton, MA 02780
George Brouillette, Project Manager - Cell: 508-328-6208
Michael Walch, Project Superintendent - Cell: 508-958-1295
Tel: 508-822-1361

The Subcontract Amount:    **Two Hundred Twenty Three Thousand Five Hundred and 00/100 Dollars ($223,500.00), Sales Tax Included**

The Work:    See Schedule "A"

The Commencement Date:    See Schedule "B"

The Completion Date:    See Schedule "B"

The Bonds:    Performance and labor and material payment bonds are not required.

The Architect:    PDA Incorporated

The Contractor and Subcontractor agree as set forth below.

Contractor Initials

Subcontractor Initials

## GENERAL CONDITIONS:

_.e Subcontractor is required to implement the provisions of Chapter 470 of the Acts of 1983 of the General Laws of Massachusetts, the so-called "Right To Know" law. Before using on site any material listed on the Massachusetts Substance List, each Subcontractor shall furnish the Builder with a copy of the Material/Safety Data Sheet for that substance and shall distribute a copy to the Regional Department of Environmental Protection (DEP) office and such other agencies and individuals as required.

In the event that Subcontractor should furnish in accordance with this Subcontract any materials, labor, supervision, scaffolding, tools or equipment upon the basis of an hourly rate and/or a unit price, Subcontractor shall, at the end of each day during which such materials, labor, supervision, scaffolding, tools or equipment have been provided hereunder by Subcontractor, submit to Builder's Field Superintendent for such Superintendent's iew and approval a written report, in form satisfactory to such Superintendent, indicating the quantity of such materials, labor, supervision, scaffolding, tools or equipment supplied during such day.

## SPECIAL CONDITIONS:

All work will be performed in conjunction with the requirements of the Job Superintendent and coordinated with applicable subcontractors.

This Subcontractor is requested to visit the site and to become familiar therewith.

During the project, this Subcontractor will be required to have a designated management representative of his company attend a scheduled weekly on-site meeting to review schedules, coordination, workmanship, equipment/material deliveries, etc.

Associated clean-up and disposal of any debris associated with this scope of work will be the responsibility of the Subcontractor.

This Subcontractor is required to comply with the specific insurance requirements of the Dacon Corporation.

This Subcontractor will be required to submit for the approval of Dacon Corporation the name(s) of any subcontractors which he proposes to utilize.

It is the intent of this contract to perform all work as represented by the drawings, specifications and other attached documents.

This Subcontractor shall work in complete harmony with all other trades.

All billings shall be on AIA Form G702 with page two back up. No other forms will be accepted.

Final invoices must be submitted within 30 days of completion of your scope of work. Failure to comply with this requirement may result in forfeiture of payment.

A Partial Waiver will be required for all invoices. A Final Waiver will be required upon project completion.

Within seven (7) calendar days of subcontract award, this Subcontractor shall submit all shop drawings, catalog cuts, color samples, etc. for approval.

All invoices submitted must separately state five percent (5%) Massachusetts Sales Tax.

This Subcontractor will be responsible to pay all associated applicable taxes, inclusive of Massachusetts Sales Tax.

In order to receive final payment, all as-built drawings (sepia and two prints), and three (3) copies of any shop drawings, specifications, catalog cuts, guarantees, warranties, or any other data relating to your scope of work must be submitted one (1) week after substantial completion of the project. There will be no exceptions.

## THE WORK:

**ᏜᏊᏐ Schedule "A" for specific work required.**

The work specified in Schedule "A" including all labor, services, supervision, scaffolding, tools and equipment necessary to fully perform and complete the construction required by this Subcontract and including all materials and supplies incorporated or to be incorporated in such construction.

**"Corporate Loss Control Guidelines"**

The safety guidelines and regulations issued by Builder with respect to performance of the Work hereunder.

## 02.   PERFORMANCE OF WORK

Subcontractor shall furnish and pay for all necessary labor, materials, services, supervision, scaffolding, tools, equipment, and other things necessary to fully perform and complete the Work, in cooperation with others employed by, through and/or under Builder, in a good and workmanlike manner satisfactory to Builder, Engineer and Owner. Subcontractor shall commence the Work on the Commencement Date and thereafter Subcontractor shall diligently prosecute the Work so as to fully complete the Work no later than the Completion Date. Time is of the essence of this Subcontract, and Subcontractor acknowledges that Builder and Owner will suffer losses on account of Subcontractor's failure to fully complete the Work in a timely fashion in accordance with this Subcontract. Before proceeding with the Work, Subcontractor shall verify all dimensions set forth in the Drawings and Specifications, shall report to Builder any errors or inconsistencies in the Drawings and Specifications and shall request in writing any clarifications of the Drawings and Specifications deemed necessary by Subcontractor.

Subcontractor shall perform the Work in accordance with the Drawings and Specifications and shall take reasonable safety precautions with respect to the Work. Further, Subcontractor, in performing the Work, shall comply with various safety regulations issued by Builder and/or Owner, including specifically, Corporate Loss Control Guidelines, dated April 1, 1985, issued by Builder, as said Guidelines may be amended from time to time and with any applicable O.S.H.A. regulations and shall take all necessary precautions to protect the work of others and the property of Owner from damage caused by Subcontractor's operations. Subcontractor shall promptly submit shop drawings and samples as required by Builder and Owner so as to perform the Work expeditiously and in a manner that will not cause delay in the progress of the Project.

In the event that there exists a reasonable indication in the judgment of Builder that Subcontractor will not be able to fully complete the Work by the Completion Date, Builder may, upon three (3) days written notice to Subcontractor and without prejudice to any other remedy Builder may have, order Subcontractor to prosecute the Work on an overtime basis and Subcontractor shall, at the expense of Subcontractor, promptly commence and continue to perform the Work on such basis to the extent necessary to cause the Work to be fully complete in a timely fashion in accordance with this Subcontract.

The term "substantially completed" as used herein shall mean completed in such fashion that only punch list items of a minor and insignificant nature remain to be performed.

## 03.   PAYMENT

Subcontractor shall be paid on the last day of each calendar month a portion of the Subcontract Amount equal to 90% of the value of the Work performed and completed at the Project Site by Subcontractor during the immediately preceding calendar month, provided that a requisition for payment for such Work, in form and substance satisfactory to Builder, is delivered to Builder on or before the 28th day of the calendar month during which the Work covered by such requisition for payment was performed and

provided further that the unpaid balance of the Contract Amount shall at all times be sufficient in the judgment of Builder to complete the Work and to pay any unpaid claims for which Subcontractor may be liable hereunder. Final payment shall be made within fifty (50) days after the Project is fully completed and accepted by Builder and Owner provided that a requisition for final payment, in form and substance satisfactory to Builder, is delivered to Builder within five (5) days after the Project is fully completed and provided further that there do not exist any unpaid claims for which Subcontractor may be liable hereunder. Notwithstanding the foregoing, no payment shall be due hereunder to Subcontractor on account of any requisition for payment submitted hereunder unless Builder has received payment from Owner for the Work of Subcontractor included in such requisition for payment and unless Subcontractor shall have submitted to Builder satisfactory evidence of the payment by Subcontractor of all indebtedness incurred by Subcontractor for materials, equipment and labor included in any requisition for payment previously paid hereunder. The payment by Owner to Builder shall be a condition precedent to Builder's payment to Subcontractors. Builder may cause the proceeds of any payment payable hereunder to Subcontractor to be applied directly to the payment of any indebtedness owed by Subcontractor to any party who has performed Work or supplied materials or equipment used in or in connection with the performance of this Subcontract provided such Work or such materials or equipment have been included in any requisition for payment previously paid hereunder and Subcontractor has failed to pay such party promptly after Subcontractor has received payment hereunder on account of such Work or such materials or equipment. The submission by Subcontractor of a requisition for payment hereunder shall constitute a representation by Subcontractor that no part of the Work included in such requisition for payment is affected by any title retention or security agreement made either by Subcontractor or by any party who has performed Work or has supplied materials or equipment used in or in connection with the performance of this Subcontract.

## 04.    LIENS

Subcontractor shall pay when due all claims for which a lien may be filed either against the real estate of Owner or against payments due from Owner to Builder. To the fullest extent permitted by law, Subcontractor agrees that no liens or other claims in the nature of a lien against the real estate of Owner or against payments due from Owner to Builder shall be filed in connection with the Work either by Subcontractor or by any party who has performed Work or has supplied materials or equipment used in or in connection with the performance of this Subcontract. No payment on account of any requisition for payment submitted hereunder shall be due unless Subcontractor has delivered to Builder a complete release, in form and substance satisfactory to Builder, of all liens arising out of the Work included in such requisition for payment.

## 05.    PERMITS AND REGULATIONS

Subcontractor shall give all notices required under and comply with all laws, ordinances, rules, regulations and orders of any public authority bearing on the performance of the Work and shall notify Builder if the Drawings and Specifications are at variance therewith. Subcontractor shall pay all sales, consumer, use and other similar taxes on materials and equipment supplied under or used in connection with this Subcontract and shall secure and pay for all permits and licenses necessary for the execution of the Work.

## 06.    CHANGE IN WORK

Builder may at any time order a change in the Work by issuing a written change order, and any increases or decreases in the Subcontract Amount on account of any change in the Work shall, at the option of Builder, be either a lump sum agreed upon between Builder and Subcontractor; or (i) for omitted work, the estimated value of the labor, materials and equipment omitted by Subcontractor; and (ii) for additional or extra work, 110% of the actual cost to

Subcontractor of the labor, materials, and equipment ~cessary to perform the additional or extra work. ... Builder is not satisfied with the price quoted by Subcontractor with respect to any additional or extra work, Builder may engage another party to perform such additional or extra work and, in such event, Subcontractor shall cooperate fully with any such other party. The Subcontract Amount shall not be increased on account of any additional or extra work or on account of any change in the Work unless such additional or extra work or such change in the Work has been authorized in writing by Builder.

## 07. SUBCONTRACTOR'S RESPONSIBILITIES

Subcontractor shall be bound to Builder not only by the terms of this Subcontract but also by the terms of the contract entered into between Owner and Builder with respect to the Project, and Subcontractor assumes toward Builder all of the obligations and responsibilities which Builder by such contract, has assumed toward Owner insofar as such obligations .d responsibilities are applicable to this Subcontract. Subcontractor acknowledges that Subcontractor has visited the Project Site and is familiar with the conditions under which the Work is to be performed, including the obligations and responsibilities which Builder has assumed toward Owner pursuant to the contract entered into between Owner and Builder.

## 08. CORRECTION OF WORK

Subcontractor warrants that all materials and equipment incorporated in the Work shall be new and that all Work shall be of good quality, free from faults and defects and in conformance with the requirements of this Subcontract. Builder shall have the right to inspect the Work and to reject portions of the Work not in accordance with the requirements of this Subcontract, and Subcontractor shall promptly replace rejected portions of the Work in a manner satisfactory to Builder. Further, upon :eipt of written notice from Builder, Subcontractor shall promptly repair and make good in a manner satisfactory to Builder any defect that may appear in

the Work within one year after substantial completion of the Project or within such longer periods as is expressly required in the Drawings or Specifications, with respect to any specific aspect of the Work.

## 09. INDEMNIFICATION

Subcontractor shall, to the fullest extent permitted by law and to the extent that any such claims, losses, liabilities or expenses are caused in whole or in part by any act or omission of Subcontractor, anyone directly or indirectly employed by Subcontractor or anyone for whose acts Subcontractor may be liable, regardless of whether or not any such claims, losses, liabilities or expenses are caused in part by a party indemnified hereunder, indemnify and hold harmless Builder, Engineer and Owner and the agents and employees of Builder, Engineer and Owner from and against any and all claims, losses, liabilities and expenses, including attorney's fees, arising out of or in any manner caused by, connected with or resulting from Subcontractor's performance of this Subcontract or the presence of Subcontractor or Subcontractor's employees and/or agents at the Project Site.

## 10. INSURANCE AND BONDS

Until the Work is fully completed and accepted by Builder and Owner, Subcontractor shall pay for and maintain with companies satisfactory to Builder worker's compensation, employer's liability and comprehensive general liability insurance, including insurance coverage for premises operations, independent contractors, completed operations, contractual liability, personal injury liability, property damage (broad form), XCU hazards liability, "occurrence" in lieu of "accident" bodily injury and automobile liability for all owned, used and hired automobiles, in the following amounts: (I) worker's compensation insurance, the statutory maximum; (ii) employer's liability insurance, $100,000/each person; (iii) comprehensive general liability insurance, for personal injury -- $500,000/each person, $500,000/each occurrence and for property damage -- $500,000/each occurrence, $1,000,000/annual aggregate; (iv)

automobile liability insurance, for personal injury -- 10,000/each person, $300,000/each occurrence and for property damage -- $100,000/each occurrence. Any insurance policy required to be maintained hereunder by Subcontractor shall provide that Builder shall be notified in writing thirty (30) days prior to the effective date of any change in or cancellation of such policy and shall recite the name of the Project and the location of the Project Site. Subcontractor shall, before commencing the Work, deliver to Builder certificates of insurance, in form and substance satisfactory to Builder, indicating that Subcontractor is in compliance with the insurance requirements set forth hereinabove and that the contractual liability insurance of Subcontractor covers the indemnification provision set forth in Paragraph 09. Further, Subcontractor shall, before commencing the Work, pay for the bonds to be issued and delivered to Builder.

## 11.    COOPERATION AND LABOR POLICY

~ bcontractor shall not employ any labor which shall ...erfere either with the execution of any Work at the Project Site or with labor harmony at the Project Site. Subcontractor shall properly connect and coordinate the Work with the work of other parties employed by, through or under Builder and Owner. Subcontractor shall not, in performing this Subcontract, discriminate against any party because of race, creed, color, religion, sex or national origin.

## 12.    WASTE REMOVAL

Subcontractor shall at all times keep the Project Site free from and shall promptly cause to be removed from the Project Site any accumulation of waste material and debris arising out of the operations of Subcontractor.

## 13.    FORCE MAJEURE

If Subcontractor is delayed in the performance of the ork by any act, neglect or default of Builder or Owner, or of any other party employed by, through or under Builder or Owner, or by any damage caused by fire, lightning, earthquake, cyclone or other such cause completely beyond the control of Subcontractor, then the Completion Date shall be extended for a period equivalent to the time lost by reason of any of such causes. Subcontractor shall not be entitled to an extension of time for any such delay unless Subcontractor gives Builder written notice of such delay within five (5) days after the commencement of such delay.

## 14.    BUILDER'S REMEDIES

If Subcontractor fails to perform the Work diligently and properly or fails to provide any provision set forth in this Subcontract, Builder may, upon three (3) days written notice to Subcontractor and without prejudice to any other remedy Builder may have, make good such deficiency of Subcontractor and deduct the cost thereof from any payments then or thereafter due Subcontractor hereunder. Further, if Subcontractor fails to perform any material provision set forth in this Subcontract, Builder may, upon three (3) days written notice to Subcontractor and without prejudice to any other remedy Builder may have, stop the Work of Subcontractor, take possession of all materials, equipment, tools and machinery at the Project Site owner by Subcontractor and finish the Work by whatever method Builder may deem expedient. In the event of such stoppage of the Work, if the unpaid balance of the Subcontract Amount shall exceed the expense of completing the Work, such excess shall be paid to Subcontractor when the Work has been fully completed and accepted by Builder and Owner, and if such expense shall exceed such unpaid balance, Subcontractor shall pay such difference to Builder as and when such excess expense is incurred.

In addition to the right of Builder to stop the Work of Subcontractor for cause as set forth hereinabove, Builder may, upon three (3) days written notice to Subcontractor terminate this Subcontract without cause. In the event that Builder terminates this Subcontract as set forth herein without cause, Builder shall promptly pay to Subcontractor a reasonable portion of the Subcontract Amount, less the aggregate of all payments made hereunder by Builder, on account of the Work performed prior to the date of such termination and Subcontractor shall,

concurrently with the payment by Builder to ~~bcontractor of the amount set forth hereinabove, ....l, assign, transfer and otherwise set over into Builder any and all materials, equipment, supplies, drawings, contractual rights and other property acquired and/or produced by Subcontractor in connection with the Work.

### 15.    SUBLETTING AND ASSIGNMENT

Subcontractor shall neither assign this Subcontract nor subcontract all or any portion of the Work without the written consent of Builder. Further, Subcontractor shall not assign any amounts due to or to become due hereunder without the written consent of Builder.

### 16.    APPLICABLE LAW

The terms and conditions of this Subcontract shall be construed in accordance with the laws of the state in which the Project is located.

### .    SUBCONTRACT DOCUMENTS

The Subcontract Documents which form the entire contract by and between Builder and Subcontractor consist of this Subcontract and Schedule "A" and "B", which such Schedule is annexed hereto and made a part hereof. All rights and obligations under the Subcontract Documents shall inure to and be binding upon the respective successors and assigns of the parties hereto.

StandardInsert-MA.doc

IN WITNESS WHEREOF, the parties have executed this Subcontract under seal as of the day and year first above written.

BUILDER:

DACON CORPORATION

By: _____

Mark A. Smith
Its Vice President of Construction Operations
Hereunder duly authorized

Date: _____

SUBCONTRACTOR:

_____

By: _____

Its President or Vice President
Hereunder duly authorized

Date: _____

SUBCONTRACT NO. 2263-003675-15301S

**SCHEDULE "A"**

.e Work:

Furnish all labor, material and supervision to complete the fire protection scope of work, which shall include, but not be limited to the following:

1. This design/build subcontractor is responsible to provide complete design and construction of the water, sanitary and roof drainage plumbing systems specified and/or required in the project documents. Design services are to include preparation of stamped construction drawings, specifications, all required certifications, calculations and/or inspections required to provide a complete design/build package. This subcontractor completed the design and installation of the base building fire protection system.

2. All system design shall be in accordance with NFPA 13, NFPA 231C and ISO standards.

3. Provide all supervision, equipment and layout required to complete contract scope of work.

4. Provide all scaffolding and hoisting required to complete contract scope of work.

5. Provide and install hose racks as required by code.

6. Scope of this work shall start at flanged connection at existing fire pump discharge.

7. Furnish and install supply main to extend existing header to supply five new zones.

8. Furnish and install a dry pre-action system with Protectowire lineal heat detection roof sensors at the freezer and loading dock.

9. Furnish a complete in-rack dry pre-action system with Protectowire lineal heat detection sensors at freezer.

10. Protectorwire is to be tied at 36" o.c. minimum.

11. Furnish and install a wet sprinkler system in maintenance room and at mezzanine level.

12. Furnish and install fire department connection and pump test header at the northeast corner of the maintenance room.

13. Provide all required design drawings, submittals, as-builts and O & M documentation.

14. Breakdown of contract price is as follows:

    | | |
    |---|---|
    | Original proposal | $235,000.00 |
    | Less engineering fees paid by PDA | ($ 12,000.00) |
    | Total Contract Amount | $223,500.00 |

15. Exclusions: painting and fire extinguishers.

16. The project safety program is available for review on site. All of Subcontractor's personnel shall be responsible for attending any safety program meetings and following all safety procedures. Safety shall be of primary importance on this project. This project will require hard hats and appropriate safety shoes on all employees.

17. Any violation of the safety rules shall be grounds for immediate removal of the employee(s) involved from the site. Dismissal of Subcontractor's employee(s) for safety violations shall not be considered cause for delay in completion of contract scope of work in accordance with contract schedule.

_____        _____
Contractor Initials          Subcontractor Initials

**SUBCONTRACT NO: 2203-003675-15301S**

**SCHEDULE "A"**

## The Work (Continued):

18.    Time is of the essence on this project. Subcontractor is responsible to provide adequate manpower and timely deliver of materials and equipment to insure that the project construction schedule is met. The Subcontractor shall be responsible to provide adequate non-interrupted work force to insure that the work will be completed in a five (5) day, forty (40) hour work week.

19.    A fully executed insurance certificate must be received in the Dacon office prior to work commencing. Insurance certificate must be in original form and must name Dacon Corporation and the Owner as additionally insured except for Workers' Compensation coverage.

20.    Two (2) copies of Subcontractor's MSDS sheets (1 field, 1 office) must be received in the Dacon office one (1) week prior to the Subcontractor's work commencing on site. It will be the responsibility of the Subcontractor to insure that the Dacon field office copy of the Subcontractor's MSDS sheets be kept current throughout the duration of the Subcontractor's work on this project.

21.    Subcontractor shall provide any and all protection of existing and newly installed equipment, materials and finishes from damage by Subcontractor's forces. This temporary protection is required to insure that no unnecessary damage of installed items occurs and to expedite the final clean-up work on this project.

22.    Requirement for any and all OSHA required working permits shall be coordinated with Dacon field superintendent. No work, requiring a working permit of any kind, shall commence until the required permit is in place.

23.    Daily clean-up of all the Subcontractor's work areas (debris, tools, equipment, scaffolding, etc.) shall be performed by the Subcontractor. Should more frequent clean-up be required to insure the safety of other Subcontractors on this project that additional clean-up shall be the responsibility of the Subcontractor.

24.    A dumpster will be provided by Dacon for the disposal of safe, hazard-free construction debris. Any and all hazardous debris resulting from the work of the Subcontractor shall be appropriately disposed of off-site at Subcontractor's expense. Subcontractor shall provide documentation that such disposal was completed.

Contractor Initials          Subcontractor Initials

**SCHEDULE "B"**

## Schedule:

Delivery Required:        See attached Schedule "D" dated October 25, 2000.

Completion Date:        See attached Schedule "D" dated October 25, 2000.

## Reference Drawings:

The drawings listed and such amendments to and interpretations of such drawings as may hereafter be issued by Builder.

• See attached Schedule "C" dated October 12, 2000.

## Reference Specifications:

ιe specifications listed and such amendments to and interpretations of such specifications as may hereafter be ιssued by Builder.

• See attached fire protection specification dated September 8, 2000.

Contractor Initials        Subcontractor Initials

CONDYNE FREEZERS, INC
MYLES STANDISH INDUSTRIAL PARK
TAUNTON, MA
PROJECT NO. 2203

DRAWING LOG

OCTOBER 12, 2000

| No. | Drawing Title | Original Date | Revision 0 | Revision 1 | Revision 2 | Revision 3 | Revision 4 | Revision 5 | Revision 6 | Revision 7 | Revision 8 | Revision 9 | Latest Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | **PDA INCORPORATED** | | | | | | | | | | | | |
| | **SITE** | | | | | | | | | | | | |
| C-1 | Layout Plan | 08/31/00 | | | | | | | | | | | 08/31/00 |
| C-2 | Grading/Utility Plan | 08/31/00 | | | | | | | | | | | 08/31/00 |
| | **ARCHITECTURAL** | | | | | | | | | | | | |
| A0 | Index Sheet | 06/28/00 | 09/08/00 | 09/18/00 | 10/06/00 | | | | | | | | 10/06/00 |
| A1 | Floor Plan | 06/28/00 | 09/08/00 | 09/18/00 | 10/06/00 | | | | | | | | 10/06/00 |
| A2 | Floor Plan | 07/05/00 | 09/08/00 | 09/18/00 | 10/06/00 | | | | | | | | 10/06/00 |
| A3 | Roof Plan | 07/05/00 | 09/08/00 | 09/18/00 | 10/06/00 | | | | | | | | 10/06/00 |
| A4 | Elevations | 07/05/00 | 09/08/00 | 09/18/00 | 10/06/00 | | | | | | | | 10/06/00 |
| A5 | Wall Sections | 07/05/00 | 09/08/00 | 09/18/00 | 10/06/00 | | | | | | | | 10/06/00 |
| A6 | Wall Sections | 07/05/00 | 09/08/00 | 09/18/00 | 10/06/00 | | | | | | | | 10/06/00 |
| A7 | Wall Sections | 07/05/00 | 09/08/00 | 09/18/00 | 10/06/00 | | | | | | | | 10/06/00 |
| A8 | Wall Sections | 07/05/00 | 09/08/00 | 09/18/00 | 10/06/00 | | | | | | | | 10/06/00 |
| A9 | Wall Sections | 07/05/00 | 09/08/00 | 09/18/00 | 10/06/00 | | | | | | | | 10/06/00 |
| A10 | Details | 07/05/00 | 09/08/00 | 09/18/00 | 10/06/00 | | | | | | | | 10/06/00 |
| A11 | Details | 07/05/00 | 09/08/00 | 09/18/00 | 10/06/00 | | | | | | | | 10/06/00 |
| A12 | Door Schedule | 06/28/00 | 09/08/00 | 09/18/00 | 10/06/00 | | | | | | | | 10/06/00 |
| | **STRUCTURAL** | | | | | | | | | | | | |
| S1 | Framing Plan | 08/21/00 | 09/01/00 | 09/12/00 | | | | | | | | | 09/12/00 |
| S2 | Bracing Elevations | 08/21/00 | 09/01/00 | 09/12/00 | | | | | | | | | 09/12/00 |
| S3 | Steel Sections | 08/21/00 | 09/01/00 | 09/12/00 | | | | | | | | | 09/12/00 |
| S4 | Steel Sections | 08/21/00 | 09/01/00 | 09/12/00 | | | | | | | | | 09/12/00 |
| | **FOUNDATION** | | | | | | | | | | | | |
| F.1 | Foundation Plan | 08/17/00 | 09/18/00 | | | | | | | | | | 09/18/00 |
| F.2 | Foundation Details | 08/17/00 | 09/18/00 | | | | | | | | | | 09/18/00 |
| F.3 | Concrete Details | 08/17/00 | 09/18/00 | | | | | | | | | | 09/18/00 |
| | **SPRINKLER** | | | | | | | | | | | | |
| SP1 | SPRINKLER PLAN | 09/18/00 | | 09/20/00 | 10/06/00 | | | | | | | | 10/06/00 |
| SP2 | SPRINKLER PLAN | 09/18/00 | | 09/20/00 | 10/06/00 | | | | | | | | 10/06/00 |
| | **PLUMBING** | | | | | | | | | | | | |
| P1 | PLUMBING FLOOR PLAN | 09/22/00 | 09/22/00 | | | | | | | | | | 09/22/00 |
| | **HVAC** | | | | | | | | | | | | |
| M1 | HVAC FLOOR PLAN | 07/05/00 | 09/25/00 | 10/06/00 | | | | | | | | | 10/06/00 |
| M2 | HVAC ROOF PLAN | 07/05/00 | 09/25/00 | 10/06/00 | | | | | | | | | 10/06/00 |

SCHEDULE "C"

**CONDYNE FREEZERS, INC**
**MYLES STANDISH INDUSTRIAL PARK**
**TAUNTON, MA**
**PROJECT NO. 2203**

**DRAWING LOG**

**OCTOBER 12, 2000**

| No. | Drawing Title | Original Date | Revision 0 | Revision 1 | Revision 2 | Revision 3 | Revision 4 | Revision 5 | Revision 6 | Revision 7 | Revision 8 | Revision 9 | Latest Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | **ELECTRICAL** | | | | | | | | | | | | |
| E1 | PARTIAL FLOOR PLAN LIGHTING | | | 10/06/00 | | | | | | | | | 10/06/00 |
| E2 | FLOOR PLAN, POWER & FIRE ALARM | | | 10/06/00 | | | | | | | | | 10/06/00 |
| | **REFRIGERATION** | | | | | | | | | | | | |
| R-0.5 | OVERALL ROOF PIPING, EVAP. & CONDENSOR DETAILS | 07/05/00 | 09/08/00 | 10/06/00 | | | | | | | | | 10/06/00 |
| R-1 | REFRIGERATION FLOW SCHEMATIC DIAGRAM | 07/05/00 | 09/08/00 | 10/06/00 | | | | | | | | | 10/06/00 |
| R-1.4 | ENGINE ROOM LAYOUT EQUIPMENT DETAILS | 07/05/00 | 09/08/00 | 10/06/00 | | | | | | | | | 10/06/00 |
| R-2 | REFRIGERATION PENTHOUSE EQUIP LAYOUT DETAIL | 07/05/00 | 09/08/00 | 10/06/00 | | | | | | | | | 10/06/00 |
| R-3.1 | REFRIGERATION EQUIPMENT SCHEDULE | 07/05/00 | 09/08/00 | 10/06/00 | | | | | | | | | 10/06/00 |
| R-4 | FLOOR WARMING DETAILS | 07/05/00 | 09/08/00 | 10/06/00 | | | | | | | | | 10/06/00 |
| R-5 | FREEZER EVAPORATOR DETAILS | 07/05/00 | 09/08/00 | 10/06/00 | | | | | | | | | 10/06/00 |
| R-5.1 | DOCK EVAPORATOR DETAILS | 07/05/00 | 09/08/00 | 10/06/00 | | | | | | | | | 10/06/00 |
| R-6 | REFRIGERATION COMPRESSOR DETAILS | 07/05/00 | 09/08/00 | 10/06/00 | | | | | | | | | 10/06/00 |
| R-6.1 | REFRIGERATION COMPRESSOR PIPING DIAGRAM | 07/05/00 | 09/08/00 | 10/06/00 | | | | | | | | | 10/06/00 |
| R-6.2 | REFRIGERATION COMPRESSOR DETAILS | 07/05/00 | 09/08/00 | 10/06/00 | | | | | | | | | 10/06/00 |
| R-6.3 | REFRIGERATION HORIZ. THERMOSOS RECEIVER | 07/05/00 | 09/08/00 | 10/06/00 | | | | | | | | | 10/06/00 |
| R-6.4 | REFRIGERATION CONDENSER DETAIL | 07/05/00 | 09/08/00 | 10/06/00 | | | | | | | | | 10/06/00 |
| RC-1 | REFRIGERATION COMPRESSOR WIRING DIAGRAM | 07/05/00 | 09/08/00 | 10/06/00 | | | | | | | | | 10/06/00 |

Distribution: George Brouillette, Dacon Corporation
Mark Carnicelli, PDA Incorporated

**DACON CORPORATION**

CONFINE FREEZER ADDITION
TAUNTON, MASSACHUSETTS

| Task Name | Duration | Start | Finish |
|---|---|---|---|
| PROJECT ADMINISTRATION | 5 days | Mon 9/11/06 | Fri 9/15/06 |
| EXECUTE BACON CONTRACT | 1 wk | Mon 9/11/06 | Fri 9/15/06 |
| PRECONSTRUCTION | 16 days | Mon 9/18/06 | Fri 10/6/06 |
| DEMOLITION PERMIT | 1 wk | Mon 9/18/06 | Fri 9/22/06 |
| CONTRACT DRAWINGS | 4 wk | Mon 9/18/06 | Fri 9/22/06 |
| BUILDING PERMIT | 2 wk | Mon 9/18/06 | Fri 9/29/06 |
| CONSTRUCTION | 100 days | Mon 9/11/06 | Fri 9/15/06 |
| DEMOLITION | 1 wk | Mon 9/4/06 | Fri 9/8/06 |
| SITE PREP & REMOVAL OF UNSUITABLES | 1 wk | Fri 9/15/6 | Fri 9/15/6 |
| EXCAVATE FOR FOUNDATIONS | 3 wk | Mon 9/4/06 | Fri 9/22/06 |
| FOUNDATIONS | 4 wk | Mon 9/11/06 | Fri 10/6/06 |
| SITE DRAINAGE | 2 wk | Mon 9/25/06 | Fri 10/6/06 |
| PREP FOR MUD SLAB | 2 wk | Mon 9/25/06 | Fri 10/6/06 |
| GLYCOL WARMING LOOP | 1 wk | Mon 10/9/06 | Fri 10/13/06 |
| MUD SLAB | 1 wk | Mon 10/9/06 | Fri 10/20/06 |
| PHASE ONE STEEL | 2 wk | Wed 11/1/06 | Tue 11/14/06 |
| PHASE TWO STEEL | 2 wk | Wed 11/15/06 | Tue 11/28/06 |
| PLACE MEZZANINE SLAB | 3 days | Fri 11/10/06 | Tue 10/14/06 |
| INSTALL CONDENSERS | 2 days | Wed 11/22/06 | Fri 11/24/06 |
| INSTALL EVAPORATORS IN PENTHOUSE | 1 day | Mon 11/13/06 | Tue 12/28/06 |
| EXTERIOR WALL PANELS - INSTALL | 4 wk | Mon 11/13/06 | Tue 12/28/06 |
| ROOFING | 3 wk | Mon 11/20/06 | Fri 12/8/06 |
| WEARING SLAB & FLOOR INSULATION | 2 wk | Mon 11/27/06 | Fri 12/8/06 |
| REFRIGERATION PIPING ON EXISTING ROOF | 4 wk | Mon 11/27/06 | Fri 11/18/06 |
| ENGINE ROOM PIPING | 4 wk | Mon 11/27/06 | Fri 12/22/06 |
| REFRIGERATION - LOADING DOCK | 2 wk | Wed 1/3/06 | Tue 12/19/06 |
| HVAC | 2 wk | Mon 12/11/06 | Fri 1/22/06 |
| FIRE PROTECTION - ROOF | 3 wk | Mon 12/11/06 | Fri 1/2/06 |
| PLUMBING | 2 wk | Wed 11/1/06 | Tue 12/26/06 |
| ELECTRICAL - LIGHTING | 3 wk | Wed 11/1/06 | Tue 12/26/06 |
| ELECTRICAL - MECHANICAL | 2 wk | Wed 11/15/06 | Tue 12/26/06 |
| SITE IMPROVEMENTS - BITUMINOUS | 1 wk | Mon 9/27/06 | Fri 10/27/06 |
| LOADING DOCK EQUIPMENT | 1 wk | Mon 12/11/06 | Fri 12/16/06 |
| RACKING | 3 wk | Mon 12/11/06 | Fri 12/30/06 |
| IN-RACK SPRINKLERS | 3 wk | Mon 12/18/06 | Fri 1/6/06 |
| POST CONSTRUCTION | 30 days | Wed 1/9/06 | Fri 9/15/01 |
| SUBSTANTIAL COMPLETION | 6 wk | Fri 9/6/01 | Fri 9/6/01 |
| PULL DOWN | 1 wk | Mon 1/4/01 | Fri 4/14/01 |
| CUT IN NEW OPNGS THROUGH EXISTING PANEL | 1 wk | Mon 1/15/01 | Fri 1/19/01 |
| PUNCH LIST | 2 wk | Wed 1/24/06 | Tue 12/12/01 |
| FINAL COMPLETION | 6 wk | Fri 9/15/01 | Fri 9/15/01 |

SCHEDULE "D"

## 14    INTERIOR FIRE PROTECTION

A pre-action ordinary hazard sprinkler system with standard upright style heads has been included throughout the freezer, staging area, and racks.

Two (2) levels of sprinklers at the high bay and two (2) levels of sprinklers at the low bay have been included for the rack.

The sprinkler system will be fed from the existing fire pump discharge and designed in accordance with NFPA #13 and I.S.O.

This design does not include the recommendations of the Insurance Underwriters.    These recommendations will be reviewed when finalized.

The freezer and staging area sprinkler system shall be monitored by a Protecto wire linear heat detection system. TיEN AT 36" O.C. MINIMUM.  83

### Items Not Included:

- Secondary water system
- Compressed gas systems for electrical rooms or computer room
- Color coding of pipe
- Draft curtains
- Protection of open-top container storage
- K-25 or K-17 pendant sprinkler system
- E.S.F.R.



# ACORD. CERTIFICATE OF LIABILITY INSURANCE

| | DATE (MM/DD/YY) |
|---|---|
| | 12/05/00 |

**PRODUCER**

NORTHEAST INSURANCE CENTER
^ MIDDLE ROAD
J. BOX 723
ENFIELD        CT 06083-
(860) 763-5866    (   )   -

**INSURED**

Environmental Fire Protection Inc.,
EFP Leasing Corporation
249 CEDAR HILL STREET
Marlboro        MA 01752-
(508) 485-8183

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

**COMPANIES AFFORDING COVERAGE**

| COMPANY | |
|---|---|
| A | GENESIS INDEMNITY INSURANCE |
| COMPANY B | WORCESTER INSURANCE COMPANY |
| COMPANY C | TIG INSURANCE COMPANY |
| COMPANY D | AMERICAN INTERNATIONAL GROUP |

## COVERAGES

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| CO LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY** | | | | | |
| | X COMMERCIAL GENERAL LIABILITY | TBA | 12/05/00 | 12/05/01 | GENERAL AGGREGATE | $2,000,000 |
| | CLAIMS MADE X OCCUR | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | OWNER'S & CONTRACTOR'S PROT | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | | | | EACH OCCURRENCE | $1,000,000 |
| | | | | | FIRE DAMAGE (Any one fire) | $ 100,000 |
| | | | | | MED EXP (Any one person) | $ 5,000 |
| A | **AUTOMOBILE LIABILITY** | | | | | |
| | ANY AUTO | TBA | 12/05/00 | 12/05/01 | COMBINED SINGLE LIMIT | $1,000,000 |
| | ALL OWNED AUTOS | | | | BODILY INJURY (Per person) | $ |
| | X SCHEDULED AUTOS | | | | | |
| | HIRED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| | X NON-OWNED AUTOS | | | | | |
| | | | | | PROPERTY DAMAGE | $ |
| | **GARAGE LIABILITY** | | | | AUTO ONLY - EA ACCIDENT | $ |
| | ANY AUTO | | / / | / / | OTHER THAN AUTO ONLY: | |
| | | | | | EACH ACCIDENT | $ |
| | | | | | AGGREGATE | $ |
| C | **EXCESS LIABILITY** | | | | EACH OCCURRENCE | $5,000,000 |
| | X UMBRELLA FORM | TBA | 12/05/00 | 12/05/01 | AGGREGATE | $5,000,000 |
| | OTHER THAN UMBRELLA FORM | | | | SELF INS RET | $ 10,000 |
| D | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** | TBA | 12/05/00 | 12/05/01 | X WC STATU-TORY LIMITS / OTHER | |
| | THE PROPRIETOR/ PARTNERS/EXECUTIVE OFFICERS ARE: X INCL EXCL | | | | EL EACH ACCIDENT | $ 500,000 |
| | | | | | EL DISEASE - POLICY LIMIT | $ 500,000 |
| | | | | | EL DISEASE - EA EMPLOYEE | $ 500,000 |
| | OTHER | | | | | |

**DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/SPECIAL ITEMS**

RE: BLANKET TO COVER ALL JOBS
CERTFICIATE HOLDER IS ADDED AS ADDITIONAL INSURED.

## CERTIFICATE HOLDER

Dacon Corp.
16 Huron Drive
Natick MA 01760

## CANCELLATION

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING COMPANY WILL ENDEAVOR TO MAIL 10 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES.

**AUTHORIZED REPRESENTATIVE**
Richard Mc...

ACORD 25-S (1/95)                    ACORD CORPORATION 1988

# ACORD CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YY)
12/05/00

**PRODUCER**

NORTHEAST INSURANCE CENTER
^ MIDDLE ROAD
J. BOX 723
ENFIELD          CT 06083-
(860) 763-5866    ( )    -

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

**COMPANIES AFFORDING COVERAGE**

| | |
|---|---|
| COMPANY A | GENESIS INDEMNITY INSURANCE |
| COMPANY B | WORCESTER INSURANCE COMPANY |
| COMPANY C | TIG INSURANCE COMPANY |
| COMPANY D | AMERICAN INTERNATIONAL GROUP |

**INSURED**

Environmental Fire Protection Inc.,
EFP Leasing Corporation
249 CEDAR HILL STREET
Marlboro          MA 01752-
(508) 485-8183

**COVERAGES**

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| CO .TR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY** [X] COMMERCIAL GENERAL LIABILITY [ ] CLAIMS MADE [X] OCCUR [ ] OWNER'S & CONTRACTOR'S PROT | TBA | 12/05/00 | 12/05/01 | GENERAL AGGREGATE | $2,000,000 |
| | | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | | | | EACH OCCURRENCE | $1,000,000 |
| | | | | | FIRE DAMAGE (Any one fire) | $ 100,000 |
| | | | | | MED EXP (Any one person) | $ 5,000 |
| A | **AUTOMOBILE LIABILITY** [ ] ANY AUTO [ ] ALL OWNED AUTOS [X] SCHEDULED AUTOS [.] HIRED AUTOS [X] NON-OWNED AUTOS | TBA | 12/05/00 | 12/05/01 | COMBINED SINGLE LIMIT | $1,000,000 |
| | | | | | BODILY INJURY (Per person) | $ |
| | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | PROPERTY DAMAGE | $ |
| | **GARAGE LIABILITY** [ ] ANY AUTO | | / / | / / | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | OTHER THAN AUTO ONLY: | |
| | | | | | EACH ACCIDENT | $ |
| | | | | | AGGREGATE | $ |
| C | **EXCESS LIABILITY** [X] UMBRELLA FORM [ ] OTHER THAN UMBRELLA FORM | TBA | 12/05/00 | 12/05/01 | EACH OCCURRENCE | $5,000,000 |
| | | | | | AGGREGATE | $5,000,000 |
| | | | | | SELF INS RET $ | 10,000 |
| D | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** THE PROPRIETOR/ PARTNERS/EXECUTIVE OFFICERS ARE: [X] INCL [ ] EXCL | TBA | 12/05/00 | 12/05/01 | [X] WC STATU-TORY LIMITS [ ] OTH-ER | |
| | | | | | EL EACH ACCIDENT | $ 500,000 |
| | | | | | EL DISEASE - POLICY LIMIT | $ 500,000 |
| | | | | | EL DISEASE - EA EMPLOYEE | $ 500,000 |
| | OTHER | | | | | |

**DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/SPECIAL ITEMS**

RE: BLANKET TO COVER ALL JOBS
CERTFICIATE HOLDER IS ADDED AS ADDITIONAL INSURED.

**CERTIFICATE HOLDER**

Jacon Corp.
.6 Huron Drive
Natick MA 01760

**CANCELLATION**

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING COMPANY WILL ENDEAVOR TO MAIL _10_ DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES.

AUTHORIZED REPRESENTATIVE
Richard Meyer

ACORD 25-S (1/95)                ACORD CORPORATION 1988

# ACORD™ CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YY)
12/05/00

| PRODUCER | |
|---|---|
| NORTHEAST INSURANCE CENTER<br>2 MIDDLE ROAD<br>P. O. BOX 723<br>.FIELD                    CT 06083-<br>(860) 763-5866        (   )      - | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |

**COMPANIES AFFORDING COVERAGE**

| INSURED | |
|---|---|
| Environmental Fire Protection Inc.,<br>EFP Leasing Corporation<br>249 CEDAR HILL STREET<br>Marlboro              MA 01752-<br>(508) 485-8183 | **COMPANY A** GENESIS INDEMNITY INSURANCE |
| | **COMPANY B** WORCESTER INSURANCE COMPANY |
| | **COMPANY C** TIG INSURANCE COMPANY |
| | **COMPANY D** AMERICAN INTERNATIONAL GROUP |

## COVERAGES

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| CO LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY**<br>[X] COMMERCIAL GENERAL LIABILITY<br>[ ] CLAIMS MADE [X] OCCUR<br>[ ] OWNER'S & CONTRACTOR'S PROT | TBA | 12/05/00 | 12/05/01 | GENERAL AGGREGATE | $2,000,000 |
| | | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | | | | EACH OCCURRENCE | $1,000,000 |
| | | | | | FIRE DAMAGE (Any one fire) | $   100,000 |
| | | | | | MED EXP (Any one person) | $     5,000 |
| A | **AUTOMOBILE LIABILITY**<br>[ ] ANY AUTO<br>[ ] ALL OWNED AUTOS<br>[X] SCHEDULED AUTOS<br>[X] HIRED AUTOS<br>[ ] NON-OWNED AUTOS | TBA | 12/05/00 | 12/05/01 | COMBINED SINGLE LIMIT | $1,000,000 |
| | | | | | BODILY INJURY (Per person) | $ |
| | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | PROPERTY DAMAGE | $ |
| | **GARAGE LIABILITY**<br>[ ] ANY AUTO | | /   / | /   / | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | OTHER THAN AUTO ONLY: | |
| | | | | | EACH ACCIDENT | $ |
| | | | | | AGGREGATE | $ |
| C | **EXCESS LIABILITY**<br>[X] UMBRELLA FORM<br>[ ] OTHER THAN UMBRELLA FORM | TBA | 12/05/00 | 12/05/01 | EACH OCCURRENCE | $5,000,000 |
| | | | | | AGGREGATE | $5,000,000 |
| | | | | | SELF INS RET | $    10,000 |
| D | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY**<br>THE PROPRIETOR/ PARTNERS/EXECUTIVE OFFICERS ARE: [X] INCL [ ] EXCL | TBA | 12/05/00 | 12/05/01 | [X] WC STATU-TORY LIMITS [ ] OTH-ER | |
| | | | | | EL EACH ACCIDENT | $   500,000 |
| | | | | | EL DISEASE - POLICY LIMIT | $   500,000 |
| | | | | | EL DISEASE - EA EMPLOYEE | $   500,000 |
| | **OTHER** | | | | | |

**DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/SPECIAL ITEMS**

RE: BLANKET TO COVER ALL JOBS
CERTFICIATE HOLDER IS ADDED AS ADDITIONAL INSURED.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Dacon Corp.<br>16 Huron Drive<br>Natick MA 01760 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING COMPANY WILL ENDEAVOR TO MAIL 10 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES.<br>**AUTHORIZED REPRESENTATIVE** *Richard M...* |

ACORD 25-S (1/95)                                    © ACORD CORPORATION 1988

# ACORD. CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YY)** 12/05/00

**PRODUCER**

NORTHEAST INSURANCE CENTER
^ MIDDLE ROAD
O. BOX 723
ENFIELD            CT 06083-
(860) 763-5866    (   )   -

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

**COMPANIES AFFORDING COVERAGE**

**INSURED**

Environmental Fire Protection Inc.,
EFP Leasing Corporation
249 CEDAR HILL STREET
Marlboro            MA 01752-
(508) 485-8183

| COMPANY A | GENESIS INDEMNITY INSURANCE |
| COMPANY B | WORCESTER INSURANCE COMPANY |
| COMPANY C | TIG INSURANCE COMPANY |
| COMPANY D | AMERICAN INTERNATIONAL GROUP |

## COVERAGES

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| CO LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY** [X] COMMERCIAL GENERAL LIABILITY  CLAIMS MADE [X] OCCUR  OWNER'S & CONTRACTOR'S PROT | TBA | 12/05/00 | 12/05/01 | GENERAL AGGREGATE | $2,000,000 |
| | | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | | | | EACH OCCURRENCE | $1,000,000 |
| | | | | | FIRE DAMAGE (Any one fire) | $ 100,000 |
| | | | | | MED EXP (Any one person) | $ 5,000 |
| A | **AUTOMOBILE LIABILITY**  ANY AUTO  ALL OWNED AUTOS  [X] SCHEDULED AUTOS  HIRED AUTOS  [X] NON-OWNED AUTOS | TBA | 12/05/00 | 12/05/01 | COMBINED SINGLE LIMIT | $1,000,000 |
| | | | | | BODILY INJURY (Per person) | $ |
| | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | PROPERTY DAMAGE | $ |
| | **GARAGE LIABILITY**  ANY AUTO | | /  / | /  / | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | OTHER THAN AUTO ONLY: EACH ACCIDENT | $ |
| | | | | | AGGREGATE | $ |
| C | **EXCESS LIABILITY**  [X] UMBRELLA FORM  OTHER THAN UMBRELLA FORM | TBA | 12/05/00 | 12/05/01 | EACH OCCURRENCE | $5,000,000 |
| | | | | | AGGREGATE | $5,000,000 |
| | | | | | SELF INS RET | $ 10,000 |
| D | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY**  THE PROPRIETOR/ PARTNERS/EXECUTIVE OFFICERS ARE: [X] INCL  [ ] EXCL | TBA | 12/05/00 | 12/05/01 | [X] WC STATU-TORY LIMITS  [ ] OTH-ER | |
| | | | | | EL EACH ACCIDENT | $ 500,000 |
| | | | | | EL DISEASE - POLICY LIMIT | $ 500,000 |
| | | | | | EL DISEASE - EA EMPLOYEE | $ 500,000 |
| | **OTHER** | | | | | |

**DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/SPECIAL ITEMS**

RE: BLANKET TO COVER ALL JOBS
CERTFICIATE HOLDER IS ADDED AS ADDITIONAL INSURED.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Dacon Corp. 16 Huron Drive Natick MA 01760 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING COMPANY WILL ENDEAVOR TO MAIL 10 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES. **AUTHORIZED REPRESENTATIVE** _Richard Mester_ |

ACORD 25-S (1/95)                                              ©ACORD CORPORATION 1988

# ACORD CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YY)** 12/05/00

**PRODUCER**

NORTHEAST INSURANCE CENTER
^ MIDDLE ROAD
J. BOX 723
ENFIELD          CT 06083-
(860) 763-5866      ( )    -

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

**COMPANIES AFFORDING COVERAGE**

**COMPANY A** GENESIS INDEMNITY INSURANCE

**COMPANY B** WORCESTER INSURANCE COMPANY

**COMPANY C** TIG INSURANCE COMPANY

**COMPANY D** AMERICAN INTERNATIONAL GROUP

**INSURED**

Environmental Fire Protection Inc.,
EFP Leasing Corporation
249 CEDAR HILL STREET
Marlboro          MA 01752-
(508) 485-8183

## COVERAGES

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| CO LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY** [X] COMMERCIAL GENERAL LIABILITY [ ] CLAIMS MADE [X] OCCUR [ ] OWNER'S & CONTRACTOR'S PROT | TBA | 12/05/00 | 12/05/01 | GENERAL AGGREGATE | $2,000,000 |
| | | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | | | | EACH OCCURRENCE | $1,000,000 |
| | | | | | FIRE DAMAGE (Any one fire) | $ 100,000 |
| | | | | | MED EXP (Any one person) | $ 5,000 |
| A | **AUTOMOBILE LIABILITY** [ ] ANY AUTO [ ] ALL OWNED AUTOS [X] SCHEDULED AUTOS [ ] HIRED AUTOS [X] NON-OWNED AUTOS | TBA | 12/05/00 | 12/05/01 | COMBINED SINGLE LIMIT | $1,000,000 |
| | | | | | BODILY INJURY (Per person) | $ |
| | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | PROPERTY DAMAGE | $ |
| | **GARAGE LIABILITY** [ ] ANY AUTO | | / / | / / | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | OTHER THAN AUTO ONLY: | |
| | | | | | EACH ACCIDENT | $ |
| | | | | | AGGREGATE | $ |
| C | **EXCESS LIABILITY** [X] UMBRELLA FORM [ ] OTHER THAN UMBRELLA FORM | TBA | 12/05/00 | 12/05/01 | EACH OCCURRENCE | $5,000,000 |
| | | | | | AGGREGATE | $5,000,000 |
| | | | | | SELF INS RET $ | 10,000 |
| D | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** THE PROPRIETOR/ PARTNERS/EXECUTIVE [X] INCL OFFICERS ARE: [ ] EXCL | TBA | 12/05/00 | 12/05/01 | [X] WC STATU-TORY LIMITS [ ] OTH-ER | |
| | | | | | EL EACH ACCIDENT | $ 500,000 |
| | | | | | EL DISEASE - POLICY LIMIT | $ 500,000 |
| | | | | | EL DISEASE - EA EMPLOYEE | $ 500,000 |
| | **OTHER** | | | | | |

**DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/SPECIAL ITEMS**

RE: BLANKET TO COVER ALL JOBS
CERTFICATE HOLDER IS ADDED AS ADDITIONAL INSURED.

**CERTIFICATE HOLDER**

Dacon Corp.
16 Huron Drive
Natick MA 01760

**CANCELLATION**

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING COMPANY WILL ENDEAVOR TO MAIL 10 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES.

**AUTHORIZED REPRESENTATIVE**
Richard Moyle

**CORD 25-S (1/95)**                    ACORD CORPORATION 1988

# ACORD. CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YY)
12/05/00

| PRODUCER | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |
|---|---|

NORTHEAST INSURANCE CENTER
MIDDLE ROAD
P. BOX 723
ENFIELD                    CT 06083-
(860) 763-5866        (   )   -

**COMPANIES AFFORDING COVERAGE**

| INSURED | COMPANY A GENESIS INDEMNITY INSURANCE |
|---|---|

Environmental Fire Protection Inc.,
EFP Leasing Corporation
249 CEDAR HILL STREET
Marlboro              MA 01752-
(508) 485-8183

**COMPANY B** WORCESTER INSURANCE COMPANY

**COMPANY C** TIG INSURANCE COMPANY

**COMPANY D** AMERICAN INTERNATIONAL GROUP

## COVERAGES

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| CO LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY** | TBA | 12/05/00 | 12/05/01 | GENERAL AGGREGATE | $2,000,000 |
| | X COMMERCIAL GENERAL LIABILITY | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | CLAIMS MADE [X] OCCUR | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | OWNER'S & CONTRACTOR'S PROT | | | | EACH OCCURRENCE | $1,000,000 |
| | | | | | FIRE DAMAGE (Any one fire) | $ 100,000 |
| | | | | | MED EXP (Any one person) | $ 5,000 |
| A | **AUTOMOBILE LIABILITY** | TBA | 12/05/00 | 12/05/01 | COMBINED SINGLE LIMIT | $1,000,000 |
| | ANY AUTO | | | | | |
| | ALL OWNED AUTOS | | | | BODILY INJURY (Per person) | $ |
| | X SCHEDULED AUTOS | | | | | |
| | HIRED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| | X NON-OWNED AUTOS | | | | | |
| | | | | | PROPERTY DAMAGE | $ |
| | **GARAGE LIABILITY** | | / / | / / | AUTO ONLY - EA ACCIDENT | $ |
| | ANY AUTO | | | | OTHER THAN AUTO ONLY: | |
| | | | | | EACH ACCIDENT | $ |
| | | | | | AGGREGATE | $ |
| C | **EXCESS LIABILITY** | TBA | 12/05/00 | 12/05/01 | EACH OCCURRENCE | $5,000,000 |
| | X UMBRELLA FORM | | | | AGGREGATE | $5,000,000 |
| | OTHER THAN UMBRELLA FORM | | | | SELF INS RET $ | 10,000 |
| D | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** | TBA | 12/05/00 | 12/05/01 | X WC STATU-TORY LIMITS / OTH-ER | |
| | THE PROPRIETOR/ PARTNERS/EXECUTIVE OFFICERS ARE: [X] INCL [ ] EXCL | | | | EL EACH ACCIDENT | $ 500,000 |
| | | | | | EL DISEASE - POLICY LIMIT | $ 500,000 |
| | | | | | EL DISEASE - EA EMPLOYEE | $ 500,000 |
| | **OTHER** | | | | | |

DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/SPECIAL ITEMS

RE: BLANKET TO COVER ALL JOBS
CERTFICIATE HOLDER IS ADDED AS ADDITIONAL INSURED.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|

Dacon Corp.
16 Huron Drive
Natick MA 01760

**CANCELLATION**

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING COMPANY WILL ENDEAVOR TO MAIL 10 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES.

AUTHORIZED REPRESENTATIVE
Richard McAfee

ACORD 25-S (1/95)                                ©ACORD CORPORATION 1988

# ACORD. CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YY)** 12/05/00

**PRODUCER**

NORTHEAST INSURANCE CENTER
^ MIDDLE ROAD
J. BOX 723
ENFIELD          CT 06083-
(860) 763-5866    (    )    -

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

**COMPANIES AFFORDING COVERAGE**

**COMPANY A** GENESIS INDEMNITY INSURANCE

**INSURED**

Environmental Fire Protection Inc.,
EFP Leasing Corporation
249 CEDAR HILL STREET
Marlboro          MA 01752-
(508) 485-8183

**COMPANY B** WORCESTER INSURANCE COMPANY

**COMPANY C** TIG INSURANCE COMPANY

**COMPANY D** AMERICAN INTERNATIONAL GROUP

## COVERAGES

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| CO .TR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY** | TBA | 12/05/00 | 12/05/01 | GENERAL AGGREGATE | $2,000,000 |
| | X COMMERCIAL GENERAL LIABILITY | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | CLAIMS MADE X OCCUR | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | OWNER'S & CONTRACTOR'S PROT | | | | EACH OCCURRENCE | $1,000,000 |
| | | | | | FIRE DAMAGE (Any one fire) | $ 100,000 |
| | | | | | MED EXP (Any one person) | $ 5,000 |
| A | **AUTOMOBILE LIABILITY** | TBA | 12/05/00 | 12/05/01 | COMBINED SINGLE LIMIT | $1,000,000 |
| | ANY AUTO | | | | | |
| | ALL OWNED AUTOS | | | | BODILY INJURY (Per person) | $ |
| | X SCHEDULED AUTOS | | | | | |
| | HIRED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| | X NON-OWNED AUTOS | | | | | |
| | | | | | PROPERTY DAMAGE | $ |
| | **GARAGE LIABILITY** | | / / | / / | AUTO ONLY - EA ACCIDENT | $ |
| | ANY AUTO | | | | OTHER THAN AUTO ONLY: | |
| | | | | | EACH ACCIDENT | $ |
| | | | | | AGGREGATE | $ |
| C | **EXCESS LIABILITY** | TBA | 12/05/00 | 12/05/01 | EACH OCCURRENCE | $5,000,000 |
| | X UMBRELLA FORM | | | | AGGREGATE | $5,000,000 |
| | OTHER THAN UMBRELLA FORM | | | | SELF INS RET | $ 10,000 |
| D | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** | TBA | 12/05/00 | 12/05/01 | X WC STATU- TORY LIMITS / OTH- ER | |
| | THE PROPRIETOR/ X INCL PARTNERS/EXECUTIVE OFFICERS ARE: EXCL | | | | EL EACH ACCIDENT | $ 500,000 |
| | | | | | EL DISEASE - POLICY LIMIT | $ 500,000 |
| | | | | | EL DISEASE - EA EMPLOYEE | $ 500,000 |
| | **OTHER** | | | | | |

**DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/SPECIAL ITEMS**

RE: BLANKET TO COVER ALL JOBS
CERTFICIATE HOLDER IS ADDED AS ADDITIONAL INSURED.

**CERTIFICATE HOLDER**

Dacon Corp.
16 Huron Drive
Natick MA 01760

**CANCELLATION**

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING COMPANY WILL ENDEAVOR TO MAIL 10 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES.

**AUTHORIZED REPRESENTATIVE**

Richard Mester

ACORD 25-S (1/95)                    ACORD CORPORATION 1988

MAS-20241213
coleman

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

07/19/2005
02:09 PM

## MICV2005-02259
### ers Property Casualty Company Of American f/k/a Travelers v Genesis Indemnity Insurance Compa

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 06/28/2005 | **Status** | Needs review for service (acneserv) | | | |
| **Status Date** | 06/28/2005 | **Session** | C - Cv C (11A Cambridge) | | | |
| **Origin** | 1 | **Case Type** | D13 - Declaratory judgement (231A) | | | |
| **Lead Case** | | **Track** | A | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 09/26/2005 | **Answer** | 11/25/2005 | **Rule12/19/20** | 11/25/2005 |
| **Rule 15** | 09/21/2006 | **Discovery** | 08/17/2007 | **Rule 56** | 10/16/2007 |
| **Final PTC** | 02/13/2008 | **Disposition** 06/27/2008 | | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Travelers Property Casualty Company Of American
f/k/a Travelers
One Tower Square
Hartford, CT 06183
Indemnity Co Of Illinois Indiv, & aso Dacon Corp. &
aso Condyne
Active 06/28/2005

**Private Counsel 420610**
Richard J Riley
Murphy & Riley
141 Tremont Street
7th Floor
Boston, MA 02111
Phone: 617-423-3700
Fax: 617-423-1010
Active 06/28/2005 Notify

**Defendant**
Genesis Indemnity Insurance Company
695 East Main Street
Service pending 06/28/2005

**Defendant**
TIG Insurance Company
Service pending 06/28/2005

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 06/28/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 06/28/2005 | | Origin 1, Type D13, Track A. |

# Commonwealth of Massachusetts
## County of Middlesex
### The Superior Court

CIVIL DOCKET# **MICV2005-02259-C**

RE: **Travelers Property Casualty Company Of American f/k/a Travelers v Genesis Indemnity Insurance Company et al**

TO:Richard J Riley, Esquire
Murphy & Riley
141 Tremont Street
7th Floor
Boston, MA 02111

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                          DEADLINE

| | |
|---|---|
| Service of process made and return filed with the Court | 09/26/2005 |
| Response to the complaint filed (also see MRCP 12) | 11/25/2005 |
| All motions under MRCP 12, 19, and 20 filed | 11/25/2005 |
| All motions under MRCP 15 filed | 09/21/2006 |
| All discovery requests and depositions completed | 08/17/2007 |
| All motions under MRCP 56 served and heard | 10/16/2007 |
| Final pre-trial conference held and firm trial date set | 02/13/2008 |
| Case disposed | 06/27/2008 |

The final pre-trial deadline is **not the scheduled date of the conference.** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session **C** sitting **in Rm 11A (Cambridge), Middlesex Superior Court.**

Dated: 06/30/2005

Edward J. Sullivan
Clerk of the Courts
BY: Arthur DeGuglielmo
Assistant Clerk

Location: Rm 11A (Cambridge)
Telephone: 617-494-4010 EXT 4291

# MURPHY & RILEY, P.C.

ATTORNEYS AND COUNSELLORS AT LAW
**141 TREMONT STREET**
**BOSTON, MASSACHUSETTS**
02111

RICHARD J. RILEY
ROBERT J. MURPHY
SUSAN DONNELLY MURPHY
JOSEPH A. KING
JOHN P. COAKLEY
MARGRET R. COOKE
AMY R. RILEY
SHARON H. CHURCH
MICHAEL C. CUNNINGHAM
WILLIAM P. MEKRUT
MARNA M. RUSHER

WALTER G. MURPHY
(1925-2000)

**05-2259**

TELEPHONE
(617) 423-3700

FACSIMILE
(617) 423-1010
(617) 423-3750

MurphyRiley.com

June 28, 2005

Civil Clerk's Office
Superior Court House
40 Thorndike Street
Cambridge, MA 02141

**RE:**   **TRAVELERS PROPERTY CASUALTY COMPANY**
**OF AMERICA (FORMERLY KNOWN AS THE TRAVELERS**
**INDEMNITY COMPANY OF ILLINOIS) INDIVIDUALLY**
**AND A/S/O DACON CORPORATION AND**
**A/S/O CONDYNE VENTURES, LLC.**
**VS.**   **GENESIS INDEMNITY INSURANCE COMPANY, ET AL**
**OUR FILE NO.: 770/30594**

FILED
OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

JUN 2 8 2005

Edward J. Sullivan
CLERK

Dear Sir/Madam:

Enclosed for filing in the above-captioned action, please find the following:

1.   Civil Action Cover Sheet;
2.   Complaint; and
3.   Filing Fee.

Thank you for your attention to this matter.

Very truly yours,

Richard J. Riley

RJR/so
Enclosures

*The Commonwealth of Massachusetts*

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: Middlesex | Docket Number<br>05-2259 |
|---|---|---|

| PLAINTIFF(S)  Travelers Property Casualty Company | DEFENDANT(S)  Genesis Indemnity Insurance Company and TIG Insurance Company |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Richard J. Riley, Esq., Murphy & Riley<br>141 Tremont St., Boston, MA 02111<br>Board of Bar Overseers number: 420610  617-423-3700 | ATTORNEY (if known)<br><br>Unknown |

Origin code and track designation

Place an x in one box only:
[ X ] 1. F01 Original Complaint
[   ] 2. F02 Removal to Sup.Ct. c. 231, s.104
         (Before trial)                    (F)
[   ] 3.  F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[   ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[   ] 5. F05 Reactivated after rescript;relief from judgment/
         Order (Mass.R.Civ.P. 60)                    (X)
[   ] 6. E10 Summary Process Appeal                    (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D13 | Declaratory Judgment | (A) | ( X ) Yes    (  ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
### (Attach additional sheets as necessary)

A.    Documented medical expenses to date:
     1.    Total hospital expenses  ............................................    $..............
     2.    Total Doctor expenses  ............................................    $..............
     3.    Total chiropractic expenses  ......................................    $..............
     4.    Total physical therapy expenses  ..................................    $..............
     5.    Total other expenses (describe)  ..................................    $..............
                                                              Subtotal    $..............
B.    Documented lost wages and compensation to date  .......................    $..............
C.    Documented property damages to date  ..................................    $..............
D.    Reasonably anticipated future medical and hospital expenses  ...........    $..............
E.    Reasonably anticipated lost wages  ....................................    $..............
F.    Other documented items of damages (describe)
                                                                         $..............
G.    Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                         $..............
                                                          TOTAL: $..............

*(stamp text: IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX  JUN 28 2005  Edward J. Sullivan  CLERK)*

## CONTRACT CLAIMS
### (Attach additional sheets as necessary)
Provide a detailed description of claim(s): Plaintiff seeks a Declaratory Judgment of parties rights and responsibilities with respect to coverage for underlying claims (see related case information; below)                    TOTAL    $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
Michael A. Martin, et al v. Condyne Ventures, LLC, et al C.A.No. BRCV2002-00618

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____    DATE: 6/28/05

A.O.S.C. 2003