UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11490 JLT

|  |  |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA (FORMERLY KNOWN AS THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS) INDIVIDUALLY AND A/S/O DACON CORPORATION AND A/S/O CONDYNE VENTURES, LLC., <br>        Plaintiff <br><br> vs. <br><br> GENESIS INDEMNITY INSURANCE COMPANY And TIG INSURANCE COMPANY, <br>        Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT, GENESIS INDEMNITY INSURANCE COMPANY'S LIST OF DEPONENTS AND IMPENDING MOTIONS

### List of Deponents

1.      Vincent A. Gallagher
        Safety Engineer c/o
        Safety Research Inc.
        739 Whitehall Pike, Suite 3
        Audobon, NJ 08106
        Expert- Condyne and Dacon violated principles and practices of safety
        management.

2.      John P. O'Donovan
        124 Tallman Avenue
        Cranston, RI
        Safety expert, Martin failed to follow OSHA standards.

3.      Roger Brace
        Safety Director
        Perini Building Company
        23 Mt. Wayte Avenue
        Framingham, MA 01701-9160
        Job Site Safety issues as they relate to JJS and SJV.

4.    Norton S. Remner, P.E.
       18 John Street Place
       Worcester, MA 01609-2667
       Martin's negligence and that of his employer.

5.    Charles G. Culver, Ph.D., P.E.
       National Forensic Consultants, Inc.
       121 West Main Street
       Maple Shade, NJ
       Poor Safety practices.

6.    30(b)(6) deposition of TRAVELERS PROPERTY CASUALTY COMPANY
       OF AMERICA

7.    30(b)(6) deposition of DACON CORPORATION

8.    30(b)(6) deposition of CONDYNE VENTURES, LLC.

9.    Michael Martin
       SJV Electric, Inc.

10.   Michael Walsh
       Dacon employee, project superintendent.

11.   Scott Vivieros.
       SJV Electric, Inc. co-worker/ employer for Martin.

12.   30(b)(6) deposition of Frazier Industrial

13.   Donald J. O'Neil
       Condyne employee/representative at work site.

14.   Mark A. Smith
       Dacon representative on site.

15.   Jason Streko
       JJS Construction, Inc.

16.   John Powers
       Frazier Industrial Co.

17.   Robert Silverman
       Frazier Industrial Co.

## List of Impending Motions

1.    <u>Motion to Dismiss for Failure to Add Indispensable Parties, Or, In The Alternative, To Stay This Case Pending Resolution of the Underlying Case</u>

Defendant, Genesis Indemnity, intends to file a Motion to Dismiss for Failure to Add Indispensable Parties, Or, In The Alternative, To Stay This Case Pending Resolution of the Underlying Case. Travelers has asked this Court for a declaratory judgment stating that Dacon and Condyne, as additional insureds on a policy of insurance issued by Genesis Indemnity Insurance Company ("Genesis"), are entitled to defense and indemnification from Genesis and T.I.G. Insurance Company (" T.I.G"). Central to the disputes between the parties is the following language:

> <u>WHO IS AN INSURED (Section II) provision of the policy is amended to include as an insured any person or organization (called "additional insured") to whom you are obligated by valid written contract to provide such coverage, but only with respect to liability for "bodily injury" or "property damage"</u> **<u>arising solely</u>** <u>out of "your work" on behalf of said additional insured for which coverage is provided by this policy.</u> [Emphasis added]

It is Genesis Indemnity's position that the injury at issue did not arise solely out of its insured's work. In fact, this very issue is being litigated in the underlying personal injury case currently being adjudicated in Massachusetts State Court (Civil Action No. BRCV2002-00168, hereinafter "the underlying action").

The plaintiff in the underlying action, Michael Martin, was injured on January 3, 2001, when he attempted to step onto a pallet support which was part of the steel racking system when it shifted under his weight, causing him to fall to the concrete floor below. At the time Martin was working on the Condyne Freezer Addition in Taunton Massachusetts. Condyne Ventures ("Condyne"), the owner of the site, engaged Dacon Corporation ("Dacon") as the general

contractor for the project. Dacon then sub-contracted with Frazier Industrial Company to design, supply and install structural steel racking at the site. Frazier, in turn, sub-contracted with JSS Construction ("JSS") to erect the steel racks upon which Mr. Martin stepped onto.

During the construction process, Dacon entered into a sub-contract with the insured of Genesis and T.I.G., Environmental Fire Protection, Inc. ("EFP") for the installation of a fire suppression system. EFP then further sub-contracted with SJV Electric, Inc. ("SJV") to perform the electrical work necessary for the fire suppression system. At the time of the injury, Mr. Martin was employed by SJV Electrical, Inc.

Mr. Martin (along with his wife and child) brought suit in Bristol County Superior Court against Condyne and Dacon asserting various claims of negligence. Dacon subsequently filed a third-party complaint against EFP, and EFP filed a fourth-party complaint against SJV and Frazier. Frazier, in turn, filed a fifth-party complaint against JJS.

Primarily, Martin charges that Dacon, and as such Condyne, had a responsibility to ensure the safety of the premises. See Martin Compl., ¶¶ 28, 30, 31, 36-41, 55-60. Additionally, Martin alleges that "[p]ersons acting on behalf of Condyne created a dangerous and hazardous condition at the Condyne Addition by failing to secure the crosspieces at the conclusion of the workday." Furthermore, Mr. Martin himself may have been negligent in his actions on January 3, 2001. According to his deposition in the underlying action, Mr. Martin has admitted that he was not wearing his fall protection gear the day of the fall. Depo. Martin at 40. As the Martin case is still pending, the Massachusetts Court has not yet apportioned any negligence between the

various defendants. Under these circumstances, all parties to the underlying negligence action are necessary, and because their joinder would destroy diversity jurisdiction, this case should be dismissed, or in the alternative, stayed until a resolution of the negligence issue has been reached in State Court.

Fed. R. Civ. P. 19(a)(1) requires a party to be joined if "in the person's absence complete relief cannot be accorded among those already parties." Complete relief cannot be granted without the inclusion of all of the parties to the underlying action, as the issue of ultimate liability is still undetermined. It is unclear at this point as to the relative apportionment of negligence between Condyne Ventures, LLC (the owner of the construction project), Dacon Corporation (the general contractor), Environmental Fire Protection, Inc. ("EFP," a sub-contractor responsible for installing a fire protection system and the insured of Genesis), SJV Electrical, Inc. (a sub-contactor with EFP, responsible for installing the electrical wiring for the fire protection system and the employer of the injured party), Frazier Industrial Co. (a separate contractor with Condyne to install structural steel racking), JJS Construction (the sub-contractor of Frazier, hired to erect the steel racks upon which the accident occurred), and finally Michael Martin (the plaintiff in the state court action, whose own comparative negligence may bar recovery) (collectively, "the underlying parties").

Due to the complex nature of this case, and the emphasis on a fact-specific inquiry under Rule 19, it is essential that all of the underlying parties be joined to this declaratory action so that the eventual relief granted will be fair to all parties affected, including Genesis. Courts are required, when feasible, to join parties whose presence will afford "complete relief" not only to the absent parties, but also to the parties already involved in the case. Acton Co., Inc. of Massachusetts

v. Bachman Foods, Inc., 668 F.2d 76, 78 (1st Cir. 1982). As such, the underlying parties must be deemed parties to be joined as feasible under Fed. R. Civ. P. 19(a)(1) in order to provide complete relief to Genesis.

The nature of a declaratory judgment also argues for the addition of the underlying parties to the action under Rule 19(a)(1). The Massachusetts Declaratory Judgment Act explicitly states that "when declaratory relief is sought, all persons shall be made parties who have or claim interest that would be affected by the declaration." M.G.L. ch. 231A § 8 . Courts look to the circumstances of the case to determine which parties have an interest in a declaratory judgment action. The First Circuit has stated that "Rule 19 does not require...a myopic and formal approach toward identifying interested parties" in a declaratory judgment action. Dingwell, 884 F.2d at 634. Instead, the court should analyze the situation from a fact-based perspective, which here shows that each party in the underlying action would be affected by a declaratory judgment apportioning liability. It is clear that all of the underlying parties have an interest in the resolution of this matter, and perhaps more importantly, the failure to join them would prevent Genesis from obtaining complete relief.

Additionally, Genesis risks being prejudiced in the instant declaratory judgment action without the presence of the underlying parties. Fed. R. Civ. P. 19(a)(2)(ii) parties to be joined if feasible include those that leave those already parties to the case "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Without a factual determination of the respective liabilities of all those involved in the underlying action, a declaratory judgment solely involving Genesis and T.I.G. risks these parties being exposed to inconsistent and unfair liabilities. Rule 19 was designed to protect "the public

interest in preventing multiple and repetitive litigation, [and] the interest of the present parties in obtaining complete and effective relief in a single action." Acton, 668 F.2d at 78. Allowing this declaratory judgment action to go forward without the presence of the underlying parties would prejudice Genesis and T.I.G., and potentially open up new areas of litigation as the parties fight anew over the issue of liability.

Furthermore, the underlying parties themselves risk being prejudiced in they are not made parties to the declaratory judgment action. Their rights and interests in this case will be affected by the result of this case. Unlike cases in which the courts have held that a party need not be joined because parties already involved have similar interests, see Pujol, 877 F.2d at 135, neither Travelers nor Genesis and T.I.G. share duplicative interests with any of the underlying parties. As such, Fed. R. Civ. P. 19(a)(2)(i) requires these parties be added if feasible ("the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest.").

Given the fact-specific nature of the Rule 19(a) inquiry, it is clear that the underlying parties are parties that should be joined if feasible. The particular circumstances of the underlying action to this declaratory judgment suit require that in the interests of efficiency and fairness, these necessary parties should be joined if possible. However, because the joinder of these parties would destroy diversity jurisdiction, the case should be dismissed.

If this court should decide that it is still too early in the proceedings to decide a motion to dismiss pursuant to Rule 12(b)(7), then, in these interests of fairness and judicial economy, this matter should at the very least be stayed until after a trial on the merits of the underlying case can be held. A decision in the

underlying action may very well obviate the need for a declaratory judgment, and render this case moot. Furthermore, the trial in the underlying matter has been set for November of this year, so a stay of the declaratory judgment will not result in an indefinite wait. If both the State Court action and the Federal Court action proceed simultaneously, they will each be making a determination as to what parties, if any, contributed to Martin's injury and to what extent. There is a very real danger of inconsistent verdicts on the same issue.

The Defendants,
Genesis Indemnity Insurance Company
By their attorney,


/s/ Jocelyn M. Sedney
Jocelyn M. Sedney, BBO# 552115
**BRODY, HARDOON, PERKINS & KESTEN, LLP**
One Exeter Plaza, 12th Floor
Boston, MA  02116
(617) 880-7100

Dated: October 11, 2005