UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11490 JLT

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA (FORMERLY KNOWN AS THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS) INDIVIDUALLY AND A/S/O DACON CORPORATION AND A/S/O CONDYNE VENTURES, LLC.,<br>     Plaintiff | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| vs. | ) |
| GENESIS INDEMNITY INSURANCE COMPANY And TIG INSURANCE COMPANY,<br>     Defendants | )<br>)<br>)<br>)<br>) |

**MEMORANDUM OF DEFENDANT GENESIS INDEMNITY INSURANCE COMPANY IN SUPPORT OF ITS MOTION TO JOIN INDISPENSABLE PARTIES WHICH DESTROYS DIVERSITY JURISDICTION REQUIRING THAT THIS CASE BE DISMISSED OR REMANDED OR, IN THE ALTERNATIVE, MOTION TO STAY THIS CASE PENDING RESOLUTION OF THE UNDERLYING CASE**

Defendant, Genesis Indemnity Insurance Company, moves to add indispensable parties to this litigation pursuant to Fed. R. Civ. P. 19. Joinder of the indispensable parties destroys diversity jurisdiction and therefore, this case must be dismissed or remanded to the Superior Court. In the alternative, Genesis Indemnity Insurance Company moves to stay this case pending resolution of the Underlying Case. In essence, Rule 19(a) determines whether a party is "necessary" and whether the party should be joined if feasible, while Rule 19(b) determines whether the parties are "indispensable" and, if so, if the case should not proceed without them. Provident Tradesmen's Bank & Trust Co.

v. Patterson, 390 U.S. 102, 118 (1968).  If joinder of an indispensable party would destroy diversity jurisdiction, Rule 19(b) is invoked to determine whether the action should be dismissed or remanded because that party is indispensable. Raytheon Co. v. Continental Casualty Co., 123 F.Supp.2d 22, 32 (D.Mass. 2000).

### FACTUAL AND PROCEDURAL BACKGROUND

Travelers Property Casualty Insurance Company of America ("Travelers"), Dacon Corporation ("Dacon") and Condyne Ventures, LLC. ("Condyne") have asked this court for a declaratory judgment stating that Dacon and Condyne are additional insureds on a policy of insurance issued by Genesis Indemnity Insurance Company ("Genesis") to Environmental Fire Protection, Inc. ("EFP") and are, therefore, entitled to defense and indemnification from Genesis and T.I.G. Insurance Company (" T.I.G"), the excess carrier for EFP.

Central to the disputes between the parties is the following insurance policy language:

> WHO IS AN INSURED (Section II) provision of the policy is amended to include as an insured any person or organization (called "additional insured") to whom you are obligated by valid written contract to provide such coverage, but only with respect to liability for "bodily injury" or "property damage" **arising solely** out of "your work" on behalf of said additional insured for which coverage is provided by this policy. [Emphasis added]

Travelers, Dacon and Condyne are asking this court to make a factual determination as to whether the plaintiff's bodily injury arose solely out of EFP's work.  It is Genesis's position that the injury at issue did not arise solely out of its insured's work.  In fact, this very issue is being litigated in the underlying personal injury case, Martin, et al v Condyne and Dacon, et al. currently being adjudicated in Massachusetts State Court (Civil Action No. BRCV2002-00168),

2

(hereinafter "the Underlying Action") in Bristol County. This action is an attempt to make an end run around the Bristol Superior Court action.

The plaintiff in the Underlying Action, Michael Martin, was injured on January 3, 2001, when he attempted to step onto a pallet support which was part of the steel racking system when it shifted under his weight, causing him to fall to the concrete floor below. At the time, Martin was working on the Condyne Freezer Addition in Taunton Massachusetts. Condyne, the owner of the site, engaged Dacon as the general contractor for the project. Dacon then sub-contracted with Frazier Industrial Company ("Frazier") to design, supply and install structural steel racking at the site. Frazier, in turn, sub-contracted with JSS Construction ("JSS") to erect the steel racks upon which Mr. Martin stepped onto.

During the construction process, Dacon entered into a sub-contract with Environmental Fire Protection, Inc. ("EFP") for the installation of a fire suppression system. EFP then further sub-contracted with SJV Electric, Inc. ("SJV") to perform the electrical work necessary for the fire suppression system. At the time of the injury, Mr. Martin was employed by SJV.

Mr. Martin (along with his wife and child) brought suit in Bristol County Superior Court against Condyne and Dacon asserting various claims of negligence. See Complaint, attached as **Exhibit A.** Dacon subsequently filed a third-party complaint against EFP (see Third Party Complaint, **Exhibit B**), and EFP filed a fourth-party complaint against SJV and Frazier (see Fourth Party Complaint, **Exhibit C**). Frazier, in turn, filed a fifth-party complaint against JJS (see Fifth Party Complaint, **Exhibit D**).

Primarily, Martin charges that Dacon, and as such Condyne, had a responsibility to ensure the safety of the premises. See **Exhibit A,** Martin

3

Compl., ¶¶ 28, 30, 31, 36-41, 55-60.  Additionally, Martin alleges that "[p]ersons acting on behalf of Condyne created a dangerous and hazardous condition at the Condyne Addition by failing to secure the crosspieces at the conclusion of the workday."  Furthermore, Mr. Martin himself may have been negligent in his actions on January 3, 2001.  According to his deposition in the Underlying Action, Mr. Martin has admitted that he was not wearing his fall protection gear the day of the fall.  Martin Depo. at 40, **Exhibit E.**  As the Martin case is still pending, the Massachusetts Court has not yet apportioned the relative negligence, if any, between the various parties.  All of the parties are being vigorously defended; discovery has included numerous depositions and, more recently expert identification.  Any determination from the Federal Court as to whose work resulted in the plaintiff's injury would absolutely influence the proceedings below.

The Underlying Action is scheduled for trial in November but a mediation has been scheduled for January.  If that mediation is not successful, it is anticipated that the trial will be some time after that.

Under these circumstances, all parties to the underlying negligence action are necessary, and because their joinder would destroy diversity jurisdiction, this case should be dismissed, or in the alternative, stayed until a resolution of the negligence issue has been reached in State Court.

I.    Fed.R.Civ.P. 19 Requires A Finding That All Parties From The Underlying Action In State Court Are Indispensable And That They Be Added As Parties To This Case.

"[W]hen applying Rule 19(a), a court essentially will decide whether considerations of efficiency and fairness, growing out of the particular

circumstances of the case, require that a particular person be joined as a party."
Pujol v. Shearson/American Express, Inc., 877 F.2d 132, 134 (1st Cir. 1989). Fed.
R. Civ. P. 19(a)(1) requires a party to be joined if "in the person's absence
complete relief cannot be accorded among those already parties."

Complete relief cannot be granted without the inclusion of all of the
parties to the Underlying Action, as the issue of ultimate liability is still
undetermined. It is unclear at this point as to the relative apportionment of
negligence between Condyne (the owner of the construction project), Dacon (the
general contractor which contracted with the subcontractors for erection of the
metal racking system that collapsed under Martin), EFP(the sub-contractor
responsible for installing a fire protection system and the insured of Genesis),
SJV (a sub-contactor with EFP, responsible for installing the electrical wiring for
the fire protection system and the employer of the injured party), Frazier (a
separate contractor with Dacon which installed structural steel racking), JJS (the
sub-contractor of Frazier, hired to erect the steel racks upon which the accident
occurred), and Michael Martin (the plaintiff in the state court action, whose own
comparative negligence may bar recovery) (collectively, "the underlying
parties").

Genesis will establish in this action that the subcontractors, Frazier and
JJS, charged with the responsibility for erecting the metal racking system did so
negligently and the general contractor, Dacon, who should have been aware of
the condition of the metal racking, should never have scheduled the plaintiff to
begin work using the metal racking as scaffolding when it was not completed
and inspected. Evidence suggests that Dacon was falling behind on the project
and ordered that the plaintiff return to the site to complete his work before the

site was properly prepared. This will require submission of depositions taken in the Underlying Action and conducting depositions of safety experts retained in the Underlying Action. (See List of Deponents previously filed by Genesis). If successful, interests of both the subcontractors, Frazier and JJS, and the general contractor, Dacon, will be adversely affected.

The key aspect to analysis under Rule 19 is the fact-specific nature of the inquiry. "The decision whether to dismiss (i.e., whether the person missing is 'indispensable') must be based on factors varying with the different cases, some such factors being substantive, some being procedural, some compelling by themselves, and some subject to balancing against opposing interests." Provident Tradesmen's, 390 U.S. at 118-119. See also Travelers Indemnity Co. v. Dingwell, 884 F.2d 629, 635 (1st Cir. 1989) (Rule 19 decisions must "involve the balancing of competing interests and must be steeped in 'pragmatic considerations.'"), Raytheon, 123 F.Supp.2d at 32 ("The analysis under Rule 19 is fact specific."). Thus, the court has a degree of freedom to investigate the matter before it and decide, on practical grounds, whether there are parties that should participate in the action and whether it is fair to proceed in their absence. In the instant declaratory judgment action, this court should find that it is not practical to proceed without the underlying parties, nor is it in the best interests of the parties to do so.

Furthermore, it is essential that all of the underlying parties be joined to this declaratory action so that the eventual relief granted will be fair to all parties affected, including Genesis. Courts are required, when feasible, to join parties whose presence will afford "complete relief" not only to the absent parties, but also to the parties already involved in the case. Acton Co., Inc. of Massachusetts

6

v. Bachman Foods, Inc., 668 F.2d 76, 78 (1st Cir. 1982). As such, the underlying

parties must be deemed parties to be joined as feasible under Fed. R. Civ. P.

19(a)(1) in order to provide complete relief to Genesis.

The nature of a declaratory judgment also argues for the addition of the

underlying parties to the action under Rule 19(a)(1). The Massachusetts

Declaratory Judgment Act explicitly states that "when declaratory relief is

sought, all persons **shall** be made parties who have or claim interest that would

be affected by the declaration." M.G.L. ch. 231A § 8 (emphasis added).[1] Courts

look to the circumstances of the case to determine which parties have an interest

that would be affected by a declaratory judgment action. The First Circuit has

stated that "Rule 19 does not require...a myopic and formal approach toward

identifying interested parties" in a declaratory judgment action. Dingwell, 884

F.2d at 634. Instead, the court should analyze the situation from a fact-based

perspective, which here shows that each party in the Underlying Action would

be greatly affected by a declaratory judgment apportioning liability before the

facts can be determined in state court.

This court may find that the plaintiff's personal injury resulted entirely

from his own failure to use fall protection or his failure to ascertain prior to his

work whether the metal racking which he was using as scaffolding was properly

secured. In this instance, the plaintiff's rights in the Bristol Superior Court would

---

[1] The plaintiff's complaint is silent as to whether declaratory relief is being sought under federal or state law. However, the same judicial interest in having all necessary parties joined is present under the federal act. Nor does the implication of the federal declaratory judgment act, 28 U.S.C. § 2201, grant the plaintiff federal question jurisdiction. "[I]f, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking." Franchise Tax Board of California v. Construction Laborers Vacation Trust, 463 U.S. 1, 16 (1983). Here, the underlying cause of action to the declaratory judgment is defense and indemnification, undeniably creations of the state of Massachusetts.

7

be adversely affected. This court may find that the personal injury arose solely
as a result of the failure by the steel racking contractor, Frazier, and its
subcontractor, JJS, to complete the job by the date and time when they were
supposed to be complete and that this failure should have been discovered by
Dacon, the general contractor, prior to Dacon ordering the plaintiff to commence
work using the metal racking as a scaffolding. Experts have been identified in
the Underlying Action who will address these very issues. In this instance, the
rights of Dacon, Frazier and JJS would be adversely affected in the pending
superior court action in Bristol County. Should the court find that EFP's work
was the sole cause of the plaintiff's injury, its interests in the Underlying Action
would be adversely affected.

It is clear that all of the underlying parties, especially EFP, have an interest
in the resolution of this matter, and, perhaps more importantly, the failure to join
them would prevent Genesis from obtaining complete relief. [1]

Additionally, Genesis risks being prejudiced in the instant declaratory
judgment action without the presence of the underlying parties. Under Fed. R.
Civ. P. 19(a)(2)(ii) parties should be joined if feasible when current litigants are
"subject to a substantial risk of incurring double, multiple, or otherwise
inconsistent obligations." Without a factual determination of the respective
negligence of all those involved in the Underlying Action, a declaratory
judgment solely involving Genesis and T.I.G. risks exposure to inconsistent and
unfair liabilities. Genesis could be held liable by this court but its insured, EFP,
found not liable in the Underlying Action. This inconsistency must be avoided at
all costs. This Court cannot determine whether liability, if any, arose "solely" as
a result of the activities of EFP without the presence of all the underlying parties.

8

Furthermore, the underlying parties themselves risk being prejudiced if they are not made parties to the declaratory judgment action. Their rights and interests in this case will undoubtedly be affected. Unlike cases in which the courts have held that a party need not be joined because parties already involved have similar interests, see Pujol, 877 F.2d at 135, neither Travelers nor Genesis and T.I.G. share duplicative interests with any of the underlying parties, other than their insured, EFP. As such, Fed. R. Civ. P. 19(a)(2)(i) requires these parties be added if feasible ("the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest.").

Rule 19 was intended to protect "the public interest in preventing multiple and repetitive litigation, [and] the interest of the present parties in obtaining complete and effective relief in a single action." Acton, 668 F.2d at 78. Given the fact-specific nature of the Rule 19(a) inquiry, it is clear that the underlying parties are parties that should be joined if feasible. The particular circumstances of the Underlying Action to this declaratory judgment suit require that in the interests of efficiency and fairness, these necessary parties should be joined if possible. However, because the joinder of these parties would destroy diversity jurisdiction, the case should be dismissed or remanded.

II.    Joining The Necessary Parties To This Declaratory Judgment Action Would Destroy Subject Matter Jurisdiction.

Federal Court jurisdiction in this case is premised on diversity of citizenship under 28 U.S.C. § 1332. It is black letter law that complete diversity between all of the parties is required to obtain diversity jurisdiction. Strawbridge

v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806). However, the joinder of the necessary underlying parties would destroy diversity.

Condyne and Dacon have been named as party plaintiffs in this action, as subrogors of Travelers. Both Condyne and Dacon are incorporated and have their principle places of business in Massachusetts, as does EFP.[2] However, because EFP and Condyne would necessarily be opposing parties, diversity jurisdiction would be destroyed. Problems of diversity may also extend to Frazier, JJS, SJV and Mr. Martin, depending on the manner in which each party is joined.[3] No matter the combination, diversity would be destroyed. Thus, because joining the underlying parties would destroy diversity, the court must proceed to a Rule 19(b) analysis to determine whether the litigation should proceed, be dismissed or be remanded.

III.    Fed. R. Civ. P. 19(b) Requires That This Case Not Proceed Without All Necessary Parties. As Such, The Parties To The Underlying Action Are Indispensable And This Declaratory Action Should Be Dismissed Or Remanded To The State Court.

Fed. R. Civ. P. 19(b) states that if a party deemed necessary to the proceedings cannot be joined, "the court shall determine whether in equity and

---

[2] The parties in this action have the following places of business and states of incorporation: plaintiff Travelers (a Hartford, Connecticut business incorporated under the laws of Connecticut), defendants Genesis (a Stamford, Connecticut business incorporated under the laws of North Dakota) and T.I.G. (an Irving, Texas business incorporated under the laws of California). The parties to be joined have the following places of business and states of incorporation: Condyne (a Taunton, Massachusetts business incorporated under the laws of Massachusetts), Dacon (a Natick, Massachusetts business incorporated under the laws of Massachusetts), EFP (a Marlborough, Massachusetts business incorporated under the laws of Massachusetts), SJV (an East Providence, Rhode Island business incorporated under the laws of Rhode Island), Frazier (a Long Valley, New Jersey business incorporated under the laws of New Jersey) and JJS (a Mine Hill, New Jersey business incorporated under the laws of New Jersey). Finally, the Martins are residents of Rhode Island.

[3] For instance, Mr. Martin and SJV may be joined as opposing parties in dispute over each other's relative negligence. Since both Mr. Martin and SJV are citizens of Rhode Island, diversity would be destroyed.

good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Rule 19 lists four factors the court should use to guide its decision. In keeping with the general spirit of Rule 19, "Rule 19(b) determinations should be based on fact-specific considerations." Dingwell, 884 F.2d at 635. In this case, each of these factors, when balanced and considered in the context of the surrounding facts, favor dismissal.

The first Rule 19(b) factor is "to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties." Clearly, there cannot be a fair determination of the rights of Genesis and T.I.G. until there has been a determination of the factual circumstances of the Underlying Case, including the relative liabilities of all underlying parties and the relation of that liability to the disputed insurance contract language. Without such a determination, any declaratory judgment may expose Genesis and T.I.G. to "sole responsibility for a liability he shares with another." Provident Tradesmen's, 390 U.S. at 110. As the dispute centers around whether Dacon, Condyne or EFP (and thus Genesis and T.I.G.), or either Frazier or JJS were responsible, and to what degree, for the conditions causing the accident, or whether Martin's own negligence was primarily at fault, adjudicating the rights of Genesis and T.I.G. without the presence of the other parties is clearly prejudicial to the defendants.

Furthermore, many of the underlying parties will be prejudiced should a declaratory judgment be issued in their absence. If this court determines that the personal injury arose solely out of EFP's work, it clearly will be adversely affected in the Underlying Action. EFP should be a party to this litigation, which

requires a factual determination of its liability, so that it can protect itself from a ruling that may adversely impact the protection of its interests in the Bristol Superior Court action. In that action it has vigorously denied any liability, never mind sole liability for the plaintiff's injury. Likewise, Frazier, JJS and JVC may be adversely affected depending upon this court's factual determination, or each may be unjustly benefited.

As the declaratory judgment will directly impact each of the underlying parties, it stands to reason that any settlement negotiations would be severely altered by such a judgment. Fairness requires that they be added to the declaratory judgment action to protect their rights in the Underlying Case.

The second Rule 19(b) factor is "the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided." Simply put, there is no way that a declaratory judgment could be shaped so that it fairly takes into account the rights and responsibilities of all parties without joining them in the case. In light of the other considerations, it would be far more efficient for a declaratory judgment to be made in State Court, where all parties can appropriately be joined.

The third Rule 19(b) factor is "whether a judgment rendered in the person's absence will be adequate." The Supreme Court has held that this factor is "identified with 'the interest of the courts and the public in complete, consistent, and efficient settlement of controversies.'" Acton, 668 F.2d at 81, quoting Provident Tradesmen, 390 U.S. at 111. Just as in Acton, action without the necessary parties risks "piecemeal and inefficient litigation," and as such weighs against proceeding without the underlying parties. 668 F.2d at 81. Any

relief offered without the underlying parties' presence would not be adequate, and would unnecessarily complicate the ongoing litigation.

The final factor announced by Rule 19(b) is "whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder." In this action, not only is State Court available, but also Massachusetts is the superior forum and plaintiffs' original choice of forum. In <u>Dingwell</u>, the First Circuit upheld the District Court's dismissal because "[w]ith respect to the fourth interest, the court observed that litigating the dispute in state court, where all interested parties could be joined, would lead to the most complete and efficient settlement of the dispute." 884 F.2d at 636. The adequacy of a State Court remedy is heightened by the case's pre-trial status as well. <u>Provident Tradesmens</u>, 390 U.S. at 112 (Court holding that a plaintiff has a larger concern over the adequacy of the remedy after a judgment has been reached, rather than "at an earlier stage when the plaintiff's only concern was for a federal rather than a state forum."). Thus, there are no grounds for a claim that a federal forum is more adequate than the State Courts.

Each of these factors, when balanced together and in the context of the specific facts of this case, lead to the conclusion that the case cannot proceed without the joinder of the underlying parties. But as the joinder of these parties would destroy diversity jurisdiction, these parties are indispensable and this case must be dismissed or remanded.

IV.    <u>In The Alternative, This Federal Action Should Be Stayed Pending Resolution of the Underlying Action.</u>

If this court should decide that it is still too early in the proceedings to decide whether the remaining parties in the Underlying Case are indispensable

and whether their joinder would adversely affect diversity of the parties, then, in the interests of fairness and judicial economy, this matter should, at the very least, be stayed until after a trial on the merits of the Underlying Case can be held. A decision in the Underlying Action may very well obviate the need for a declaratory judgment, and render this case moot. The jury may well decide that the plaintiff's injury was caused by the negligence of Dacon alone because it ordered the plaintiff to begin work using the metal racking system that was not completed at the time. The jury may well find that the injury was caused by Dacon's subcontractors, Frazier and JJS.

In addition, the jury may award an amount of money that does not reach EFP's excess layer of insurance, in which case, TIG would not be a proper party in this case.

Plaintiffs claim that there is a need for an immediate decision on the issue before this court. There has been no offer as to why this is so. Travelers has not made any indemnity payment on behalf of Dacon or Condyne. Even if they had, they would simply recoup the payment if successful in this action. There is no imminent harm to any party or requirement that this issue be resolved now other than has been represented in court and that is that Travelers has ordered its counsel to get the matter resolved as quickly as possible.

Furthermore, the trial in the underlying matter has been set for November of this year, so a stay of the declaratory judgment will not result in an indefinite wait. If both the State Court action and the Federal Court action proceed simultaneously, they will each be making a determination as to what parties, if any, contributed to Martin's injury and to what extent. There is a very real

danger of inconsistent verdicts on the same issue.  This alone dictates for a stay of this action if it is not remanded to the State Court.

The Defendants,
Genesis Indemnity Insurance Company
By their attorney,


/s/ Jocelyn M. Sedney
Jocelyn M. Sedney, BBO# 552115
**BRODY, HARDOON, PERKINS & KESTEN, LLP**
One Exeter Plaza, 12th Floor
Boston, MA  02116
(617) 880-7100

Dated:  November 1, 2005



EXHIBIT A

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS

SUPERIOR COURT
CIVIL ACTION
No.

MICHAEL A. MARTIN and KRISTEN-LYN F. MARTIN,
Individually and as next best friends of
KAYLEE MARTIN,

                    Plaintiffs,

     v.

CONDYNE VENTURES, LLC and
DACON CORPORATION,

                  Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

## COMPLAINT

Plaintiffs Michael A. Martin and Kristen-Lyn F. Martin, by their attorneys and by way of complaint against the named defendants, state as follows:

## PARTIES AND JURISDICTION

1.      Plaintiffs, Michael A. Martin and Kristen-Lyn F. Martin, are residents of Cranston, Rhode Island. They are the parents of minor plaintiff Kaylee Martin.

2.      Defendant Condyne Ventures, LLC ("Condyne") is, upon information and belief, a Massachusetts limited liability company with a place of business located at 455 John Hancock Road, Taunton, Massachusetts 02780 and is subject to this Court's jurisdiction.

3.      Defendant Dacon Corporation ("Dacon") is, upon information and belief, a Massachusetts corporation with its principal place of business located at 16 Huron Drive, Natick, Massachusetts 01760 and is subject to this Court's jurisdiction.



4. The amount in controversy is sufficient to confer jurisdiction upon this Court.

5. Venue is proper in this Court under M.G.L. ch. 223 §§ 1, ff inasmuch as Condyne has its usual place of business in this county and plaintiff Michael Martin was injured in this county.

## FACTUAL BACKGROUND

6. Sometime before January 1, 2001, Condyne engaged Dacon as a construction manager to construct an addition to Condyne's freezer facility located on John Hancock Road in Taunton, Massachusetts (the "Condyne Facility").

7. On August 23 and October 31, 2000, the City of Taunton issued building permits to Condyne, as owner, and Dacon, as construction manager, for construction of a 47,800 +/- square foot addition to the existing Condyne freezer facility (hereinafter the "Condyne Addition").

8. Condyne separately engaged Frazier Industrial Company, Inc. (a/k/a Frazier Storage Systems) ("Frazier"), a corporation located in Long Valley, New Jersey, to supply and, upon information and belief, to install structural steel racking in the Condyne Addition.

9. The structural steel racks are made of hot rolled structural steel and consist of members welded and bolted together to form a multistory tall series of openings for storage, the entirety of which is bolted to the floor and free standing at the top.

10. The bottom of each opening in the rack system has a front edge, and a middle and back edge.

2

11.     Perpendicular to the pieces referenced in paragraph 10, two cross pieces are typically bolted to the front and back edge pieces to support pallets (hereinafter referred to as "crosspieces").

12.     Dacon, pursuant to its contract with Condyne, engaged Environmental Fire Protection Inc., a Massachusetts corporation with its principal place of business located at 249 Cedar Hill Street, Marlboro, Massachusetts ("Environmental"), as a subcontractor to provide labor and materials related to the required fire suppression system planned for the Condyne Addition.

13.     Environmental, in turn, engaged as its subcontractor, SJV Electric to provide certain labor and materials related to electrical work on the planned fire suppression system at the Condyne Addition.

14.     SJV's scope of work included the installation of heat detector wiring in the ceiling zone of the project and, after installation of the structural steel racks, fastening the wiring to those racks.

15.     On and before January 3, 2001, plaintiff Michael Martin ("Martin") was a licensed electrician employed by SJV Electric and was assigned by SJV Electric to perform services at the Condyne Addition, including the installation of heat detector wiring in the conduits located in the structural steel racks.

16.     On January 3, 2001, Martin and SJV arrived at the project site in the morning to work in the Condyne Addition but, due to the presence of other trades, were instructed to work elsewhere and return at the end of the regular workday.

17.    At approximately 5:30 p.m., Martin and SJV returned to the project site to install heat detector wiring in and through the structural steel racks. The structural steel racking workers continued to work until approximately 6:00 p.m.

18.    Dacon and Condyne had actual or constructive knowledge that employees of SJV would enter and traverse the installed structural steel racks in order to install the heat detector wiring in the conduits, based on the anticipated sequence of work under the plans and specifications for the construction of the Condyne Addition relating to the conduit and heat detector wiring.

19.    Dacon and Condyne had actual or constructive knowledge that employees of SJV would enter and traverse the installed structural steel racks in order to install the heat detector wiring in the conduits, having established, by schedule or on the job instructions, the sequence of work which called for SJV to enter the Condyne Addition on January 3, 2001 and perform work prior to the completion of the rack system by others.

20.    Dacon and Condyne had actual or constructive knowledge that employees of SJV would enter and traverse the installed structural steel racks in order to install the heat detector wiring in the conduits, based on their prior observations of Martin during work at the Condyne Facility and elsewhere.

21.    Persons acting on behalf of Dacon, Condyne and Frazier were engaged in installation of the structural steel racks at the Condyne Facility on January 3, 2001.

22.    Persons acting on behalf of Dacon, Condyne and Frazier placed crosspieces within the rack system at or near their intended final placement, but failed to bolt the crosspieces in place before leaving the worksite.

23.     Martin, while climbing up through the rack system to reach his work area, and in the exercise of due care, stepped on one of the unsecured crosspieces, which then moved and dropped, thus causing Martin to fall to the cement floor and suffer grievous injuries.

## COUNT I
### (Against Dacon-- Premises Liability)

24.     Plaintiffs restate and reallege paragraphs 1 through 23 as though set forth fully herein.

25.     Dacon, as construction manager for Condyne, exercised control over the Condyne Addition worksite and had a duty to keep the premises in a safe condition for construction workers on the site.

26.     Dacon had a duty to protect persons lawfully on the premises from harm or to warn such persons of the existence of dangers that could not reasonably be expected to be apparent or obvious.

27.     Martin was a business invitee to whom Dacon owed the aforesaid duty.

28.     Dacon was actually or constructively aware that the rack system was not completed, yet failed to take any steps to insure that the rack system was safe for use by follow-on contractors such as Martin.

29.     The unbolted crosspieces posed an unreasonable risk of harm to Martin in light of Dacon's actual or constructive knowledge that Martin would enter and traverse the racking system to perform services directed by Dacon, Condyne or Environmental.

30.     By inspection or otherwise, Dacon did not exercise reasonable care to reduce or eliminate the unreasonable risk to Martin.

5

31.   Dacon's failure to exercise reasonable care as alleged was a proximate cause of Martin's injuries.

32.   Martin was at all times in the exercise of due care.

33.   Martin has incurred medical expenses, lost wages, pain, suffering and other damages, as well as past and future disability and loss of enjoyment of life.

34.   Plaintiffs Kristin L. Martin and Kaylee Martin have lost the society, companionship and consortium of plaintiff Michael Martin.

WHEREFORE, Plaintiffs demand judgment against Dacon for an amount to be determined at trial, plus such further and other relief as this Court deems appropriate under the circumstances.

Plaintiffs
By their attorneys,

Matthew F. Medeiros (#544915)
John E. Bulman (#556361)
LITTLE, BULMAN, MEDEIROS &
WHITNEY, P.C.
72 Pine Street
Providence, RI 02903
Tel: (401) 272-8080
Fax: (401) 521-3555

## COUNT II
### (Against Dacon -- Breach Of Duty/Negligence)

35.   Plaintiffs restate and reallege paragraphs 1 through 34 as though set forth fully herein.

36.   As the construction manager for the Condyne Addition and therefore responsible for the overall coordination and prosecution of the construction activities,

Dacon had a common law duty to provide construction workers employed at the Condyne Addition with a safe workplace.

37. Pursuant to Massachusetts laws and regulations, Dacon, as construction supervisor under Massachusetts law and as the prime contractor for the work, had a duty to ensure and was responsible for seeing that all work done at the Condyne Addition be conducted in a safe manner with suitable protection for the workers employed thereon.

38. Pursuant to its contractual relationship with Condyne, Dacon assumed jobsite safety obligations that gave rise to a duty to exercise reasonable care to insure that all work done at the Condyne Addition be conducted in a safe manner with suitable protection for the workers employed at the Condyne Facility.

39. Martin was a worker employed at the Condyne facility and a person to whom Dacon owed the above-alleged duties.

40. Dacon breached its duties to provide a safe workplace by, *inter alia*:

    a. Failing to insure that the installer of the racking system bolted all pieces placed in the racking system before quitting the worksite.

    b. Failing to warn the Martin of the presence or even the possibility of unbolted crosspieces in the racking system.

    c. Scheduling the work performed by the rack installers and Martin in such manner as to create an unreasonable risk of harm.

    d. Failing to conduct appropriate or timely inspections of the racking system.

    e. Failing to require that workers use appropriate safety devices.

41. Dacon's failure to exercise reasonable care, as alleged, was a proximate cause of Martin's injuries.

WHEREFORE, Plaintiffs demand judgment against Dacon for an amount to be determined at trial, plus such further and other relief as this Court deems appropriate under the circumstances.

Plaintiffs
By their attorneys,

Matthew F. Medeiros (#544915)
John E. Bulman (#556361)
LITTLE, BULMAN, MEDEIROS &
WHITNEY, P.C.
72 Pine Street
Providence, RI 02903
Tel: (401) 272-8080
Fax: (401) 521-3555

## COUNT III
### (Against Condyne-Retained Control)

42.     Plaintiffs restate and reallege paragraphs 1 through 41 as though set forth fully herein.

43.     Condyne employed various contractors to perform work on the Condyne Addition including Dacon and Frazier.

44.     Condyne voluntarily, by contract and otherwise, undertook to generally oversee the performance of work by these contractors, including aspects of safety.

45.     Condyne voluntarily, by contract and otherwise, undertook to coordinate the activities of these contractors and sequence the work of the separate contractors Condyne engaged, including aspects of safety.

8

46. Condyne, by contract and otherwise, reserved and retained control over the activities of the various contractors, particularly with respect to the sequence of work and the installation of the structural steel racks in the Condyne Addition.

47. Condyne, through reserving a right to control and actually exercising control over the sequencing of work, therefore voluntarily undertook, and had a duty to, ensure that the work was carried out in a manner consistent with the exercise of reasonable care.

48. Persons acting on behalf of Condyne created a dangerous and hazardous condition at the Condyne Addition by failing to secure the crosspieces at the conclusion of the workday.

49. Condyne had actual or constructive knowledge that employees of SJV would enter and traverse the installed structural steel racks in order to install the heat detector wiring in the conduits.

50. Condyne breached its duty by failing to take reasonable steps to ensure that the crosspieces were properly installed and safe for the activities of follow-on workers such as Martin and therefore increased the risk of harm to Martin.

51. Condyne could have remedied the hazard by inspecting, causing an inspection, or otherwise taking reasonable steps to require that the racking system be made safe for known follow-on workers such as Martin.

52. Condyne's breach of duty, as alleged, was a proximate cause of Martin's injuries.

WHEREFORE, Plaintiffs demand judgment against Condyne for an amount to be determined at trial, plus such further and other relief as this Court deems appropriate under the circumstances.

Plaintiffs
By their attorneys,

Matthew F. Medeiros (#544915)
John E. Bulman (#556361)
LITTLE, BULMAN, MEDEIROS &
WHITNEY, P.C.
72 Pine Street
Providence, RI 02903
Tel: (401) 272-8080
Fax: (401) 521-3555

## COUNT IV
### (Against Condyne—Premises Liability)

53. Plaintiffs restate and reallege paragraphs 1 through 52 as though set forth fully herein.

54. Condyne exercised control over the Condyne Addition by keeping the Condyne Facility open, by continuing to maintain normal business operations during construction, and by hiring and supervising, separate from Dacon, contractors to perform work on the Condyne Addition and had a duty to keep the premises in a safe condition for construction workers on the site.

55. As a result of its control over the premises, Condyne had a duty to protect persons lawfully on the premises from harm or to warn such persons of the existence of dangers that could not reasonably be expected to be apparent or obvious.

56. Martin was a business invitee to whom Condyne owed the aforesaid duty.

10

57. Condyne was actually or constructively aware that the rack system was not completed, yet failed to take any steps to insure that the rack system was safe for use by follow-on contractors such as Martin.

58. The unbolted crosspieces posed an unreasonable risk of harm to Martin in light of Condyne's actual or constructive knowledge that Martin would enter and traverse the racking system to perform services directed by Dacon, Condyne and Environmental.

59. By inspection or otherwise, Condyne did not exercise reasonable care to reduce or eliminate the unreasonable risk to Martin.

60. Condyne's failure to exercise reasonable care as alleged was a proximate cause of Martin's injuries.

61. Martin was at all times in the exercise of due care.

WHEREFORE, Plaintiffs demand judgment against Condyne for an amount to be determined at trial, plus such further and other relief as this Court deems appropriate under the circumstances.

Plaintiffs
By their attorneys,

Matthew F. Medeiros (#544915)
John E. Bulman (#556361)
LITTLE, BULMAN, MEDEIROS &
WHITNEY, P.C.
72 Pine Street
Providence, RI 02903
Tel: (401) 272-8080
Fax: (401) 521-3555

Plaintiffs in the above action demand a trial by jury of all issues so triable.

Plaintiffs
By their attorneys,

Matthew F. Medeiros (#544915)
John E. Bulman (#556361)
LITTLE, BULMAN, MEDEIROS &
WHITNEY, P.C.
72 Pine Street
Providence, RI 02903
Tel: (401) 272-8080
Fax: (401) 521-3555

mfmfl\martin\complaint.doc

12

EXHIBIT B

BRISTOL, SS.                          SUPERIOR COURT DEPARTMENT
                                      CIVIL ACTION NO. BRCV2002-00168

MICHAEL A. MARTIN and KRISTEN-LYN F.          )
MARTIN, Individually and as next best friends of   )
KAYLEE MARTIN,                                )
                          *Plaintiffs*        )
                                              )
vs.                                           )
                                              )
CONDYNE VENTURES, LLC. and                    )
DACON CORPORATION,                            )
                          *Defendants*        )     THIRD-PARTY COMPLAINT
and                                           )
                                              )
DACON CORPORATION,                            )
                 *Defendant/Third-Party Plaintiff*  )
vs.                                           )
                                              )
ENVIRONMENTAL FIRE PROTECTION, INC.,          )
                 *Third-Party Defendant*      )

1.     The defendant/third-party plaintiff, Dacon Corporation, is a duly organized
       Massachusetts corporation with a usual place of business at 16 Huron Drive,
       Natick, Massachusetts.

2.     The third-party defendant, Environmental Fire Protection, Inc., is a duly organized
       Massachusetts corporation with a usual place of business at 249 Cedar Hill Street,
       Marlboro, Massachusetts.

3.     A Complaint has been filed against the third-party plaintiff, Dacon Corporation, by
       plaintiffs, Michael A. Martin and Kristen-Lyn F. Martin, Individually and as next
       best friends of Kaylee Martin, a copy of which is attached hereto as Exhibit "A."
       The Complaint alleges, inter alia, that the third-party plaintiff, Dacon Corporation,
       was negligent in connection with the construction of the Condyne freezer facility
       in Taunton, Massachusetts, and as a result thereof, the plaintiff Michael A. Martin
       was injured on January 3, 2001.

4.     At the time of the accident alleged in the plaintiffs' Complaint, SJV Electric, Inc.
       was a subcontractor of the third-party defendant, Environmental Fire Protection,
       Inc.

5.  It is further alleged by the plaintiffs that as a result of the negligence of the third-party plaintiff, Dacon Corporation, the plaintiff Michael A. Martin incurred medical expenses, lost wages, pain, suffering and other damages, as well as past and future disability and loss of enjoyment of life; and the plaintiffs Kristin-Lyn F. Martin and Kaylee Martin have lost the society, companionship, and consortium of plaintiff Michael A. Martin.

## COUNT I - COMMON LAW INDEMNIFICATION

6.  The defendant/third-party plaintiff, Dacon Corporation, repeats and realleges paragraphs 1 through 5 of the Third-Party Complaint and incorporates them herein by reference.

7.  If the plaintiff Michael A. Martin was injured as alleged, then such injury was due entirely to the negligence and carelessness of the third-party defendant, Environmental Fire Protection, Inc., its agents, employees, or subcontractors.

8.  Any liability imposed upon this defendant/third-party plaintiff would not result from wrongdoing by this defendant, but as a result of the conduct of the third-party defendant, Environmental Fire Protection, Inc., its agents, employees, or subcontractors.

9.  In the event that the plaintiffs should receive judgment against the defendant/third-party plaintiff, Dacon Corporation, for damages, the defendant/third-party plaintiff will be entitled to judgment against the third-party defendant, Environmental Fire Protection, Inc., for indemnification for any damages and costs awarded to the plaintiffs.

WHEREFORE, the defendant/third-party plaintiff, Dacon Corporation, demands judgment against the third-party defendant, Environmental Fire Protection, Inc., for indemnification for damages and costs that may be adjudged against it in favor of the plaintiffs.

## COUNT II - CONTRACTUAL INDEMNIFICATION

10. The defendant/third-party plaintiff, Dacon Corporation, repeats and realleges paragraphs 1 through 9 of Third-Party Complaint and incorporates them herein by reference.

11. The defendant/third-party plaintiff and the third-party defendant, Environmental

Fire Protection, Inc., entered into a standard subcontract agreement for construction wherein the third-party defendant agreed to perform certain work at the job site wherein the plaintiff Michael A. Martin alleges he was injured.

12.   In the aforementioned agreement, the third-party defendant specifically agreed to indemnify and hold harmless the third-party plaintiff against all claims, damages, losses, expenses arising out of any actions of the subcontractor, its agents, employees, or subcontractors.

13.   The agreement was in full force and effect at all times which are relevant to this action.

14.   If the plaintiff Michael A. Martin was injured as alleged, then such injury was due entirely to the negligence and carelessness of the third-party defendant, Environmental Fire Protection, Inc., its agents, employees, or subcontractors.

15.   Any liability imposed upon this third-party plaintiff would not result from wrongdoing by this third-party plaintiff, but as a result of the conduct of the third-party defendant, Environmental Fire Protection, Inc., its agents, employees, or subcontractors.

16.   In the event that the plaintiffs should receive judgment against the third-party plaintiff, Dacon Corporation, for damages, the third-party plaintiff will be entitled to judgment against the third-party defendant, Environmental Fire Protection, Inc., for indemnification for any damages and costs awarded to the plaintiffs.

WHEREFORE, the defendant/third-party plaintiff, Dacon Corporation, demands judgment against the third-party defendant, Environmental Fire Protection, Inc., for indemnification for damages and costs that may be adjudged against it in favor of the plaintiffs.

## COUNT III - CONTRIBUTION

17.   The defendant/third-party plaintiff, Dacon Corporation, repeats and realleges the allegations contained in paragraphs 1 through 16 of the Third-Party Complaint and incorporates them herein by reference.

18.   In the event that the plaintiffs should receive judgment against the third-party plaintiff, Dacon Corporation, for damages, the third-party plaintiff will be entitled to judgment against the third-party defendant, Environmental Fire Protection, Inc.,

for contribution pursuant to G.L. c.231B, toward the damages and costs awarded to the plaintiffs.

WHEREFORE, the third-party plaintiff, Dacon Corporation, demands judgment against the third-party defendant, Environmental Fire Protection, Inc., for contribution for damages and costs that may be adjusted against it in favor of the plaintiffs.

## JURY CLAIM

The third-party plaintiff, Dacon Corporation, hereby claims a trial by jury as to all issues raised herein.

The Defendant/Third-party Plaintiff,
DACON CORPORATION,
By its Attorney,

Mark W. Hickey, BBO No. 566245
Law Offices of James F. Clark, Jr.
400 Westminster Street
Providence, RI  02903
(401) 273-4344

Dated: 3/13/02

# CERTIFICATE OF SERVICE

I, Mark W. Hickey, attorney for the defendant/third-party plaintiff, Dacon Corporation, in the above-captioned matter hereby certify that on this date, _3/13/02_ , I mailed, first-class, postage prepaid, a copy of the within THIRD-PARTY COMPLAINT to the following counsel of record:

Environmental Fire Protection, Inc.
249 Cedar Hill Street
Marlboro, MA  01752

Matthew F. Medeiros, Esquire
Little, Bulman, Medeiros & Whitney, P.C.
72 Pine Street
Providence, RI  02903

Mark W. Hickey

EXHIBIT C

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

BRISTOL, SS.                             CIVIL ACTION NO. 02-00168

MICHAEL A. MARTIN and KRISTEN-LYN F.    )
MARTIN, Individually and as next best friends of  )
KAYLEE MARTIN,                          )
        Plaintiff                    )
                            )
        V.                            )
                            )
CONDYNE VENTURES, LLC and               )
DACON CORPORATION,                      )       FOURTH PARTY COMPLAINT
        Defendants                   )       OF ENVIRONMENTAL FIRE
                            )       PROTECTION, INC. AND
and                                     )       JURY CLAIM
                            )
DACON CORPORATION,                      )
        Defendant/Third Party Plaintiff  )
                            )
        V.                            )
                            )
ENVIRONMENTAL FIRE PROTECTION, INC.     )
        Third Party Defendant/Fourth    )
        Party Plaintiff                 )
                            )
        V.                            )
                            )
SJV ELECTRIC, INC. and FRAZIER          )
INDUSTRIAL CO.,                         )
        Fourth Party Defendants

## PARTIES

1.      Fourth Party Plaintiff, Environmental Fire Protection, Inc. ("Environmental"), is a

Massachusetts corporation with a principal place of business at 249 Cedar Hill Street,

Marlborough, Massachusetts.

2.      Fourth Party Defendant, SJV Electric, Inc. ("SJV"), is a Rhode Island

corporation with a usual place of business at 80 South Brow Street, East Providence, Rhode Island.

3.    Fourth Party Defendant, Frazier Industrial Co., is a New Jersey corporation with a usual place of business at 91 Fairview Avenue, Long Valley, New Jersey.

## FACTS

4.    In or about 2000, Defendant, Condyne Ventures, LLC, entered into a contract with Frazier to supply and install structural steel racking in connection with the Condyne Freezer Addition in Taunton, Massachusetts (the "Project").

5.    In or about 2000, Environmental and SJV entered into a subcontract in which SJV agreed to perform electrical services in connection with the Project.

6.    Pursuant to the parties' subcontract, Environmental has fully paid SJV for the electrical services in connection with said freezer addition.

7.    In its Complaint, Plaintiff has alleged that Frazier, among others, improperly and negligently, installed the racking for the Project, causing Plaintiff to fall and suffer injuries.

8.    In or about March, 2002, Environmental was sued by Dacon Corporation in the above-entitled action for claims arising from Plaintiff's alleged injuries at the Project.

## COUNT I
### (Contribution-SJV)

9.    Environmental repeats and realleges the allegations set forth in paragraphs 1 through 8 of the Fourth Party Complaint as if fully set forth herein.

10.    If Environmental is held liable to Third Party Plaintiff or any other party to this

action, then SJV is liable to Environmental for all or part of any damages awarded to Third Party

Plaintiff in this action.

## COUNT II
### (Indemnification-SJV)

11.    Environmental repeats and realleges the allegations set forth in paragraphs 1

through 10 of the Fourth Party Complaint as if fully set forth herein.

12.    Environmental is entitled to indemnification from SJV for any and all monies

Environmental pays to any Third Party as a result of the omissions, liabilities and/or obligations

of SJV.

## COUNT III
### (Contribution-Frazier)

13.    Environmental repeats and realleges the allegations set forth in paragraphs 1

through 12 of the Fourth Party Complaint as if fully set forth herein.

14.    If Environmental is held liable to Third Party Plaintiff or any other party to this

action, then Frazier is liable to Environmental for all or part of any damages awarded to Third

Party Plaintiff in this action.

## COUNT IV
### (Indemnification-Frazier)

15.    Environmental repeats and realleges the allegations set forth in paragraphs 1

through 14 of the Fourth Party Complaint as if fully set forth herein.

16.    Environmental is entitled to indemnification from Frazier for any and all monies

Environmental pays to any Third Party as a result of the omissions, liabilities and/or obligations

of Frazier.

WHEREFORE, Third Party Defendant/Fourth Party Plaintiff, Environmental Fire Protection, Inc., respectfully requests that this Court:

(a)     Enter judgment for Environmental and against Fourth Party Defendants on each of Environmental's claims;

(b)     Award Environmental damages in an amount to be determined at trial; and

(c)     Award Environmental such other relief as this Court deems just and appropriate.

## JURY CLAIM

Environmental hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Thomas J. Conte (BBO #566092)
Louis M. Ciavarra (BBO #546481)
Bowditch & Dewey, LLP
311 Main Street
Worcester, MA 01608
(508)926-3415

Dated: May 10 2002

EXHIBIT D

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.                                    SUPERIOR COURT C. A. NO.: 02-00168

MICHAEL A. MARTIN and KRISTEN-LYN   :
F. MARTIN, Individually and as next best     
friends of KAYLEE MARTIN,                     :
      Plaintiffs,                             :
v.                                         :

CONDYNE VENTURES, LLC and DACON    :
CORPORATION,                         :
      Defendants,                         :
v.                                         :

DACON CORPORATION,               :
      Defendant/Third Party Plaintiff,      :
v.                                       :

ENVIRONMENTAL FIRE PROTECTION,   :
INC.,                                    :
      Third Party Defendant/Fourth Party   :
      Plaintiff                         :
v.                                         :

SJV ELECTRIC, INC. and FRAZIER      :
INDUSTRIAL COMPANY,           :
      Fourth Party Defendants.         :
                                     :
v.                                        :

JJS CONSTRUCTION, INC.,          :
      Fifth Party Defendant.         :

## FIFTH PARTY COMPLAINT

NOW COMES Defendant / Fifth Party Plaintiff Frazier Industrial Company by and through counsel and respectfully files this Fifth Party Complaint and in support thereof states as follows:

1. Fourth Party Defendant / Fifth Party Plaintiff Frazier Industrial Company is a duly organized corporation with a usual place of business at 91 Fairview Avenue, Long Valley, New Jersey.

2. Fifth Party Defendant JJS Construction, Inc. is a duly organized corporation with a usual place of business at 77 Randall Avenue, Mine Hill, New Jersey.

1

3. A complaint has been filed against Fourth Party Defendant / Fifth Party Plaintiff Frazier Industrial Company by Fourth Party Plaintiff Environmental Fire Protection, Inc., a copy of which is attached hereto as Exhibit "A". The complaint alleges, inter alia, that Fourth Party Defendant / Fifth Party Plaintiff Frazier Industrial Company is liable to Fourth Party Plaintiff for injuries by Michael Martin incurred in a construction site accident at the Condyne Freezer Addition in Taunton, Massachusetts on or about January 3, 2001.

4. At the time of the accident, Fifth Party Defendant JJS Construction, Inc. was a subcontractor to the Fourth Party Defendant / Fifth Party Plaintiff Frazier Industrial Company pursuant to a written agreement. Under that agreement Fifth Party Defendant JJS Construction, Inc. contracted to provide construction services on the Lydia Taft House project.

5. At the time of the accident, Plaintiff Michael Martin, was employed by SJV Electric and alleges to have fallen off a rack system sustaining serious injuries.

## COUNT I – CONTRACTUAL INDEMNIFICATION

6. Fourth Party Defendant / Fifth Party Plaintiff Frazier Industrial Company repeats and realleges paragraphs 1 through 5 of the Fifth Party Complaint and incorporates them herein by reference.

7. In its written subcontract agreement, the Fifth Party Defendant JJS Construction, Inc. specifically agreed to indemnify and hold harmless Fourth Party Defendant / Fifth Party Plaintiff Frazier Industrial Company against all claims such as the one asserted by the plaintiff.

8. The agreement was in full force and effect at all times which are relevant to this action.

9. If Plaintiff Michael Martin was injured as alleged, then his claim and the claim of the Fourth Party Plaintiff is within the scope of Fifth Party Defendant JJS Construction, Inc.'s indemnity obligation to Callahan.

10. In the event that any party should receive judgment against Fourth Party Defendant / Fifth Party Plaintiff Frazier Industrial Company for damages, Frazier Industrial Company will be entitled to judgment against Fifth Party Defendant JJS Construction, Inc. for indemnification and any damages and costs awarded to such party.

WHEREFORE, Fourth Party Defendant / Fifth Party Plaintiff Frazier Industrial Company demands judgment against Fifth Party Defendant JJS Construction for indemnification for damages and costs that may be adjudged against it in favor of any parties arising out of the claim of Plaintiff Michael Martin.

## JURY DEMAND

Fourth Party Defendant / Fifth Party Plaintiff Frazier Industrial Company hereby demands a trial by jury as to all issues so triable herein.

Fourth Party Defendant / Fifth Party
Plaintiff,
Frazier Industrial Company,
by its attorney,

Sharon T. Kohler (BBO#276710)
Kenner, Engelberg, DaDalt & Bratcher
99 Summer Street, Suite 1120
Boston, Massachusetts 02110
617-439-7770

3

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

BRISTOL, SS.                              CIVIL ACTION NO. 02-00168

MICHAEL A. MARTIN and KRISTEN-LYN F.      )
MARTIN, Individually and as next best friends of  )
KAYLEE MARTIN,                            )
                    Plaintiff             )
                                          )
            V.                            )
                                          )
                                          )
CONDYNE VENTURES, LLC and                 )
DACON CORPORATION,                        )          FOURTH PARTY COMPLAINT
                    Defendants            )          OF ENVIRONMENTAL FIRE
                                          )          PROTECTION, INC. AND
and                                       )          JURY CLAIM
                                          )
                                          )
DACON CORPORATION,                        )
            Defendant/Third Party Plaintiff )
                                          )
            V.                            )
                                          )
                                          )
ENVIRONMENTAL FIRE PROTECTION, INC.       )
            Third Party Defendant/Fourth  )
            Party Plaintiff               )
                                          )
                                          )
            V.                            )
                                          )
                                          )
SJV ELECTRIC, INC. and FRAZIER            )
INDUSTRIAL CO.,                           )
            Fourth Party Defendants       )


## PARTIES

1.      Fourth Party Plaintiff, Environmental Fire Protection, Inc. ("Environmental"), is a

Massachusetts corporation with a principal place of business at 249 Cedar Hill Street,

Marlborough, Massachusetts.

2.      Fourth Party Defendant, SJV Electric, Inc. ("SJV"), is a Rhode Island

corporation with a usual place of business at 80 South Brow Street, East Providence, Rhode Island.

3.    Fourth Party Defendant, Frazier Industrial Co., is a New Jersey corporation with a usual place of business at 91 Fairview Avenue, Long Valley, New Jersey.

## FACTS

4.    In or about 2000, Defendant, Condyne Ventures, LLC, entered into a contract with Frazier to supply and install structural steel racking in connection with the Condyne Freezer Addition in Taunton, Massachusetts (the "Project").

5.    In or about 2000, Environmental and SJV entered into a subcontract in which SJV agreed to perform electrical services in connection with the Project.

6.    Pursuant to the parties' subcontract, Environmental has fully paid SJV for the electrical services in connection with said freezer addition.

7.    In its Complaint, Plaintiff has alleged that Frazier, among others, improperly and negligently, installed the racking for the Project, causing Plaintiff to fall and suffer injuries.

8.    In or about March, 2002, Environmental was sued by Dacon Corporation in the above-entitled action for claims arising from Plaintiff's alleged injuries at the Project.


## COUNT I
### (Contribution-SJV)

9.    Environmental repeats and realleges the allegations set forth in paragraphs 1 through 8 of the Fourth Party Complaint as if fully set forth herein.

10.    If Environmental is held liable to Third Party Plaintiff or any other party to this

action, then SJV is liable to Environmental for all or part of any damages awarded to Third Party Plaintiff in this action.

## COUNT II
### (Indemnification-SJV)

11.   Environmental repeats and realleges the allegations set forth in paragraphs 1 through 10 of the Fourth Party Complaint as if fully set forth herein.

12.   Environmental is entitled to indemnification from SJV for any and all monies Environmental pays to any Third Party as a result of the omissions, liabilities and/or obligations of SJV.

## COUNT III
### (Contribution-Frazier)

13.   Environmental repeats and realleges the allegations set forth in paragraphs 1 through 12 of the Fourth Party Complaint as if fully set forth herein.

14.   If Environmental is held liable to Third Party Plaintiff or any other party to this action, then Frazier is liable to Environmental for all or part of any damages awarded to Third Party Plaintiff in this action.

## COUNT IV
### (Indemnification-Frazier)

15.   Environmental repeats and realleges the allegations set forth in paragraphs 1 through 14 of the Fourth Party Complaint as if fully set forth herein.

16.   Environmental is entitled to indemnification from Frazier for any and all monies Environmental pays to any Third Party as a result of the omissions, liabilities and/or obligations of Frazier.

WHEREFORE, Third Party Defendant/Fourth Party Plaintiff, Environmental Fire Protection, Inc., respectfully requests that this Court:

(a)    Enter judgment for Environmental and against Fourth Party Defendants on each of Environmental's claims;

(b)    Award Environmental damages in an amount to be determined at trial; and

(c)    Award Environmental such other relief as this Court deems just and appropriate.

## JURY CLAIM

Environmental hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Thomas J. Conte (BBO #566092)
Louis M. Ciavarra (BBO #546481)
Bowditch & Dewey, LLP
311 Main Street
Worcester, MA 01608
(508)926-3415

Dated: May 10 2002

EXHIBIT E

**Page 1**

```
 1                VOL. I
 2             PAGES 1-104
 3          EXHIBITS SEE INDEX
 4
 5   COMMONWEALTH OF MASSACHUSETTS
 6   BRISTOL, ss.        SUPERIOR COURT
 7                No. 02-00168
 8
 9   MICHAEL A. MARTIN and          )
     KRISTEN-LYN F. MARTIN, Individually   )
10   and as Next Friend of KAYLEE MARTIN,  )
        Plaintiffs,            )
11                     )
12           vs        )
                      )
13   CONDYNE VENTURES, LLC, and       )
     DACON CORPORATION,            )
14      Defendants/Third-Party     )
        Plaintiffs.            )
15                     )
         vs             )
16                     )
     ENVIRONMENTAL FIRE PROTECTION, INC.,  )
17   Third-Party Defendant/Fourth-Party )
        Plaintiff,            )
18                     )
         vs    )              )
19                     )
     SJV ELECTRICAL, INC., and        )
20   FRAZIER INDUSTRIAL COMPANY,       )
        Fourth-Party Defendants/Fifth-Party)
        Plaintiffs,            )
21                     )
         vs            )
22                     )
     JJS CONSTRUCTION, INC.,      )
23      Fifth-Party Defendant.    )
24
```

**Page 2**

```
 1          DEPOSITION of MICHAEL MARTIN, taken
 2   on behalf of the fifth-party defendant, pursuant
 3   to the applicable provisions of the
 4   Massachusetts Rules of Civil Procedure, before
 5   David J. Mahaney, a Notary Public in and for the
 6   Commonwealth of Massachusetts, at the offices of
 7   Haverty & Feeney, 54 Samoset Street, Plymouth,
 8   Massachusetts, on Monday, January 31, 2005,
 9   commencing at 10:35 a.m.
10
11   APPEARANCES:
12        Haverty & Feeney (by William P.
13   Smith, Esq.) 54 Samoset Street, Plymouth,
14   Massachusetts 02360 for the fifth-party
15   defendant JJS Construction, Inc.
16
17        Philip M. Weinstein, Esquire, One
18   Providence Washington Plaza, Providence, Rhode
19   Island 02903 for the plaintiffs.
20
21        Kenner, Engelberg, Bratcher & Whalen
22   (by Richard G. Whalen, Esq.) 99 Summer Street,
23   Suite 1120, Boston, Massachusetts 02110 for
24   Frazier Industrial Company.
```

**Page 3**

```
 1           Bowditch & Dewey, LLP (by Thomas J.
     Conte, Esq.) 311 Main Street, Worcester,
 2   Massachusetts 01608 for the third-party
     defendant/fourth-party plaintiff Environmental
 3   Fire Protection, Inc.
 4           Law Offices of James F. Clark, Jr.
     (by Mark Hickey, Esq.) 400 Westminster Street,
 5   Providence, Rhode Island 02903 for the
     defendants/third-party plaintiffs Condyne
 6   Ventures, LLC and Dacon Corporation.
 7
 8
 9           I N D E X
10
11   Deposition of:                 Page
12   MICHAEL MARTIN
13
14       Examination by Mr. Smith   5, 100
15       Examination by Mr. Whalen     84
16       Examination by Mr. Conte      92
17       Examination by Mr. Weinstein   95
18
19   Exhibits                      Page
20   No. 1  Sketch                    33
21   No. 2A  Photograph                49
22   No. 2B  Photograph                49
23   No. 2C  Photograph                49
24   No. 3   Design drawing            54
```

**Page 4**

```
 1          MR. SMITH:  For the record, shall
 2   we have the usual stipulations:  All objections,
 3   except as the form, reserved until the time of
 4   trial.  Motions to strike reserved as well.
 5          I would also ask that for the
 6   benefit of the stenographer that an objection by
 7   one counsel be an objection by all so we don't
 8   have to have everybody shouting out.  Waive
 9   notary on the reading and signing.
10
11          STIPULATIONS
12          It was stipulated and agreed by and
13   between counsel for the respective parties that
14   the sealing, filing and certification of the
15   deposition transcript are waived.
16          It was further stipulated and agreed
17   that all objections, except as to form of
18   question, including motions to strike, shall be
19   reserved until the time of trial.
20
21          MICHAEL MARTIN, a witness called on
22   behalf of the fifth-party defendant, first
23   having been satisfactorily identified and duly
24   sworn, on oath deposes and says as follows:
```

**37**

1  running at the time of your accident before your
2  accident occurred?
3      A.  That's how we did run it.  It was run
4  prior to the fall.
5      Q.  You had run that prior to the fall?
6      A.  Yeah.
7      Q.  And how then did you physically access
8  the spaces that you needed to access to run that
9  conduit prior to your fall?
10     A.  We did the pipe on the ceiling with a
11  Condor lift.  And the pipe going down the
12  outside wall was done by Scott.  He climbed out
13  of the lift to the top of the racks and worked
14  it down while climbing down the racks.
15     Q.  Now, was there an aisle at either end
16  of what you've drawn in the smaller view of the
17  rack system that allowed access back to the
18  outside wall?
19     A.  No.
20     Q.  At the time of your accident were
21  there any racks already installed on either side
22  of the rack system that you drew on the smaller
23  sketch?
24     A.  Yes.

**38**

1      Q.  Which side?
2      A.  Both.
3      Q.  Was there a space in between each
4  section of racks?
5      A.  No.
6      Q.  How long would you estimate each
7  section of rack was?
8      A.  Eight feet maybe.
9      Q.  So in terms of the one particular run
10  that you've drawn here, the only point in time
11  that it was necessary to come into physical
12  contact with the racks was the vertical run from
13  the junction box up the outside wall to the
14  ceiling level, is that correct?
15     A.  That's correct.
16     Q.  And Scott Viveiros did that at some
17  point prior to your accident?
18     A.  Just half hour before, 40 minutes
19  before.
20     Q.  And you observed him to do that?
21     A.  I did.
22     Q.  And he did that, from your
23  observation, by taking the Condor lift up to
24  ceiling level, is that correct?

**39**

1      A.  That's correct.
2      Q.  And climbing out of the lift onto the
3  exterior of the rack system?
4      A.  Yes.
5      Q.  And then climbing down the exterior of
6  the rack down the racks?
7      A.  Down the racks between the wall and
8  the racks, that is correct.
9      Q.  And at some point did he have to go
10  virtually into the rack system itself while
11  doing that?
12     A.  Within the limits of the rack, like
13  inside the - he just climbed down the outside.
14     Q.  Right.  That's what I was asking.  He
15  never actually had to go into the interior
16  portions of the rack system, is that correct?
17     A.  That's correct, he didn't.
18     Q.  Without regard to what specific work
19  you were doing at any given point in time, you
20  knew prior to doing your work running conduit
21  that you should not be physical on the rack
22  system until the particular section you accessed
23  was completely installed?
24     A.  These - I was on these same exact

**40**

1  racks two weeks before.
2      Q.  That wasn't the question I asked you.
3      A.  So the rows of the racks are the
4  length of the building, got to be 150 feet long.
5  And they were doing 50 feet of one row and then
6  work each row going the 50 feet and then they
7  would pick up where they left off and continue
8  the eight rows, whatever it is, the continuous
9  100 feet.  So I don't think any row of racks -
10  if you're going to consider the racks one
11  structure instead of each section, the rack guys
12  were still working when we were there.
13     Q.  I'm sorry, let me see if I understand
14  you correctly.  Is it your testimony that you
15  didn't think at any time any section of rack was
16  completely installed before your accident?
17     A.  It depends what you consider a
18  section.
19     Q.  Well, what would you consider a
20  section?
21     A.  Probably the two uprights with the
22  cross pieces in it.  The eight foot length would
23  probably be a section to me.
24     Q.  What was your understanding as to what