UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11490 JLT

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA (FORMERLY
KNOWN AS THE TRAVELERS
INDEMNITY COMPANY OF ILLINOIS)
INDIVIDUALLY AND A/S/O DACON CORPORATION
AND CONDYNE VENTURES, LLC.,
    Plaintiff

v.

GENESIS INDEMNITY INSURANCE COMPANY
and TIG INSURANCE COMPANY,
    Defendants

**PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNT I OF THE COMPLAINT PURSUANT TO LOCAL RULE 56.1**

In support of its Motion for Summary Judgment on Count I of the Complaint, the Plaintiff submits this statement of facts as to which there is no genuine issue to be tried, pursuant to Local Rule 56.1:

1. The foundation for the instant insurance coverage dispute is a construction project in Taunton, Massachusetts, at 455 John Hancock Road. See Pl. App. Ex. 1[1] at p. 1; Pl. App. Ex. 2 at p.1; Pl. App. Ex. 3.

2. The project generally involved the construction of an addition to a commercial freezer in a facility located in Taunton (hereinafter the "Freezer Project"). See id.

3. The Freezer Project was completed pursuant to a "Standard Form of Agreement Between Owner and Contractor" entered into on or around September 8, 2000, wherein Condyne was designated as the "Owner" and Dacon the "Contractor". See Pl. App. Ex. 2

---

[1] References to the Plaintiff's Appendix of Exhibits shall be "Pl. App. Ex. ___".

at p. 1.

4.  In turn, Dacon entered into a subcontract with Environmental Fire Protection, Inc. ("EFP") on or around October 27, 2000 to perform a certain portion of the work that Dacon agreed to perform for Condyne, all as set forth in "Schedule A" of the subcontract (hereinafter referred to as the "Dacon – EFP Subcontract"). See Pl. App. Ex. 1; Pl. App. Ex. 3 at ¶ 12.

5.  Pursuant to Schedule A, EFP's work included, without limitation, the following:

> Furnish all labor, material and supervision to complete the fire protection scope of work, which shall include, but not be limited to the following:
>
> 1.  This design/build subcontractor [EFP] is responsible to provide complete design and construction of the water, sanitary and roof drainage plumbing system specified and/or required in the project documents...
>
> ...
>
> 8.  Furnish and install a dry pre-action system with Protectowire lineal heat detection roof sensors at the freezer and loading dock.
> 9.  Furnish a complete in-rack dry pre-action system with Protectowire lineal heat detection sensors at freezer.
> 10. Protectowire is to be tied at 36" o.c. minimum.
>
> ...
>
> 19. A fully executed insurance certificate must be received in the Dacon office prior to work commencing. Insurance certificate must be in original form and must name Dacon Corporation and the Owner as additionally insured except for Worker's Compensation coverage.

Pl. App. Ex. 1, p 8-9.

6.  As set forth in Schedule A of the Dacon – EFP Subcontract, EFP's work included the fire protection work for the Freezer Project. See id.; see also Pl. App. Ex. 3 at ¶ 12.

7.  In fulfillment of its obligations under the Dacon – EFP Subcontract, EFP

subcontracted a portion of the fire protection work for the Freezer Project, specifically the work connected to the installation of the "protectowire", to SJV Electric, Inc. ("SJV"). See Pl. App. Ex. 4, *Dep. Transc. of Martin*[2], at p. 16 ln. 19-22; Pl. App. Ex. 3 at ¶ 13.

8. Other contractors also provided work for Condyne and Dacon in connection with the Freezer Project. See generally Pl. App. Ex. 9, *Dep. Transc. of Walch*, p. 31.

9. For example, Frazier Industrial Company, Inc. ("Frazier") contracted directly with Condyne to provide freezer racks, and Frazier subcontracted the work of installing those racks to JJS Construction, Inc. ("JJS"). See Pl. App. Ex. 3 at ¶ 8; Pl. App. Ex. 9, *Dep. Transc. of Walch* at p. 31 ln. 4-16 and p. 34 ln. 16-22.

10. On or about January 3, 2001, an SJV employee, Michael Martin, was working on the Freezer Project pursuant to the subcontract agreement between EFP and SJV. See Pl. App. Ex. 4, *Dep. Transc. of Martin* at p. 16 ln. 19-22, and p. 32-40; Pl. App. Ex. 3 at ¶ 13-15.

11. In connection with his work, Mr. Martin allegedly climbed on top of the freezer racks. See Pl. App. Ex. 3 at ¶ 23; Pl. App. Ex. 4, p. 40.

12. In the process of working, Mr. Martin alleges that he fell and was injured. See id.

13. Mr. Martin filed a lawsuit in Bristol Superior Court against Condyne and Dacon (the Martin action) for damages connected to the January 3, 2001 injury. See id.

14. Travelers issued a policy of general liability insurance to Dacon, Policy No. DTJCO210R3260, effective from April 1, 2000 to April 1, 2001, pursuant to which Travelers has been defending Dacon and Condyne in the Martin action. See Pl. App. Ex. 5.

---

[2] The deposition of Michael Martin was taken twice during discovery in the underlying case, the Martin action. The first, dated August 4, 2003, is referred to as "Dep. Transc. of Martin" and is attached as part of the summary judgment record as Pl. App. Ex. 4. The second was dated January 31, 2005.

15.   The Travelers policy covering Dacon contains a subrogation provision pursuant to which Travelers is subrogated to all of Dacon's and Condyne's rights against other entities, including the rights to insurance coverage from other insurers relative to defense and indemnification with respect to the Martin action. See Pl. App. Ex. 5, p 99.

16.   Genesis issued a policy of commercial general liability insurance to EFP with effective dates from December 5, 2000 to December 5, 2001 (referred to herein as the "Genesis Policy"). See Pl. App. Ex. 6.

17.   TIG issued a policy of excess liability insurance to EFP with effective dates from December 5, 2000 to December 5, 2001 (referred to herein as the "TIG Policy"). See Pl. App. Ex. 7.

18.   The instant insurance coverage dispute centers on the insurance policy issued by Genesis to EFP. The Genesis Policy identifies EFP as the named insured, and contains two endorsements relating to coverage offered "additional insureds" under the Genesis Policy, i.e., the "Broad Form Blanket Additional Insured Endorsement" (the "Additional Insured Endorsement"), see Pl. App. Ex. 6, p. 26, and the Classification Description endorsement, see Pl. App. Ex. 6, p. 31.

19.   The Additional Insured Endorsement of the Genesis Policy states as follows:

> WHO IS AN INSURED (Section II) provision of the Policy is amended to include as an insured any person or organization (called "additional insured") to whom you are obligated by valid written contract to provide such coverage, but only with respect to liability for "bodily injury" or "property damage" arising solely out of "your work" on behalf of said additional insured for which coverage is provided by this policy.

> See Pl. App. Ex. 6, p. 26.

20.   The Classification Description endorsement of the Genesis Policy states as

follows:

> <u>"Your Work" (Description)</u>
>
> 94381-Fire Suppression Systems-Installation, Servicing or Repair and Sprinkler System Design Work
>
> 99996a-Broad Form Blanket Additional Insured
>
> This Insurance applies only to "bodily injury," "personal injury", and "property damage" arising out of the specific work described above, and no other. All of your other operations are specifically excluded from coverage under the policy to which this endorsement is attached.
>
> See Pl. App. Ex. 6, p. 31.

21. According to the Dacon – EFP Subcontract, which is a valid written contract, EFP was obligated to provide insurance coverage for Dacon and Condyne. <u>See</u> Pl. App. Ex. 1, p. 9 (indicating that EFP must provide an insurance certificate that is in original form and that "must name Dacon Corporation and the Owner [Condyne] as additionally insured except for Worker's Compensation coverage.").

22. As EFP agreed by written contract to provide coverage for Dacon and Condyne, the Blanket Additional Insured Endorsement of the Genesis Policy operates to provide a defense and indemnification to Dacon and Condyne in the Martin action. <u>See</u> Pl. App. Ex. 6; Pl. App. Ex. 1.

23. The TIG Policy provides excess insurance and provides that Dacon and Condyne are also additional insureds covered by the TIG Policy to the extent that the limits of the Genesis Policy are exhausted. <u>See</u> Pl. App. Ex. 7.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA (FORMERLY
KNOWN AS THE TRAVELERS
INDEMNITY COMPANY OF ILLINOIS)
INDIVIDUALLY AND A/S/O DACON
CORPORATION AND CONDYNE
VENTURES, LLC
By its Attorney,

/s/ Richard J. Riley

Richard J. Riley, BBO#420610
William P. Mekrut, BBO#654350
MURPHY & RILEY, P.C.
141 Tremont Street
Boston, MA 02111
Ph.: 617-423-3700
Fx.: 617-423-1010
Email: RRiley@MurphyRiley.com
Email: WMekrut@MurphyRiley.com

CERTIFICATE OF SERVICE

I Hereby Certify That On This Day A True Copy Of The Within Document Was Served Upon The Attorney Of Record For Each Party By Mail/~~Hand~~

Dated: 11/1/05   /s/ Richard J. Riley