COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, ss.**                                           SUPERIOR COURT
                                                             C.A. NO.:

                                                             **05-2259**

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA (FORMERLY
KNOWN AS THE TRAVELERS
INDEMNITY COMPANY OF ILLINOIS)
INDIVIDUALLY AND A/S/O DACON CORPORATION
AND A/S/O CONDYNE VENTURES, LLC.,
      Plaintiff
v.

GENESIS INDEMNITY INSURANCE COMPANY
and TIG INSURANCE COMPANY,
      Defendants

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

JUN 28 2005

Edward J. Sullivan
CLERK

## COMPLAINT

### PARTIES

1.  The Plaintiff, Travelers Property Casualty Company of America (formerly known as The Travelers Indemnity Company of Illinois) is a corporation duly organized under the laws of the State of Connecticut with its principal place of business at One Tower Square, Hartford, Connecticut 06183 (hereafter referred to as "Travelers").

2.  The Defendant, Genesis Indemnity Insurance Company, is a duly organized corporation incorporated under the laws of the State of North Dakota with its principal place of business at 695 East Main Street, Stamford, Connecticut and with administrative offices located at Financial Centre, P.O. Box 10350, Stamford, Connecticut (hereafter referred to as "Genesis"). Genesis is an approved surplus lines insurance company approved by the Massachusetts Division of Insurance to provide insurance coverage to insureds located in the Commonwealth of Massachusetts pursuant to Mass. Gen. Laws c. 175 §168.

3.  TIG Insurance Company is a corporation duly organized under the laws of the State of California with a principal place of business at 5205 N. O'Connor Boulevard, Irving, Texas and with administrative offices located at 250 Commercial Street, Suite 5000, Manchester, New Hampshire 03101.

4.  The Court has jurisdiction over the defendants pursuant to the provisions of Mass. Gen. Laws c. 223A, including but not limited to M.G.L. c. 223A §3(f).

0452E000006/28/05CIVIL         240.00
0452E000006/28/05SUR CHARGE    15.00
0452E000006/28/05[illegible]   20.00

1

## FACTS

5. Travelers issued a policy of general liability insurance to Dacon Corporation, a Massachusetts corporation with its principal place of business at 16 Huron Drive, Natick, Massachusetts 01760 (hereafter referred to as "Dacon"), Policy No. DTJCO210R3260, effective from April 1, 2000 to April 1, 2001 pursuant to which Travelers has been defending Dacon and Condyne Ventures, LLC ("Condyne") in a personal injury action brought by one Michael Martin *et alii* in the Commonwealth of Massachusetts, Bristol County Superior Court, Civil Action No. BRCV2002-00168 (hereafter referred to as the "Martin action" or the "Martin claim"), an action for personal injuries that allegedly occurred on January 3, 2001.

6. The Travelers policy covering Dacon contains a subrogation provision pursuant to which Travelers is subrogated to Dacon's rights against other entities, including the rights to insurance coverage from other insurers relative to defense and indemnification with respect to the Martin claim.

7. Genesis issued a policy of commercial general liability insurance to Environmental Fire Protection, Inc. (hereafter referred to as "EFP"), 249 Cedar Hill Street, Marlboro, Massachusetts with effective dates of December 5, 2000 to December 5, 2001 (hereafter referred to as the "Genesis policy").

8. TIG Insurance Company issued a policy of Excess Liability insurance to EFP with effective dates from December 5, 2000 to December 5, 2001 (hereafter referred to as the "TIG policy").

9. Dacon Corporation was retained by Condyne Ventures, LLC ("Condyne"), the owner of a commercial property in Taunton, Massachusetts, to construct an addition to an existing freezer storage building on the property.

10. Dacon subcontracted with EFP to provide a fire suppression system in the addition Dacon was building for Condyne. A true copy of the Dacon-EFP subcontract is attached hereto as Exhibit "A".

11. EFP in turn subcontracted a portion of its work for Dacon to Michael Martin's employer, SJV Electric ("SJV").

12. At the time of the accident at issue in the Martin action, January 3, 2001, Michael Martin, was engaged in work that fell within the scope of SJV's work for EFP which in turn constituted part of the work that EFP had contracted to perform for Dacon.

13. The Dacon-EFP subcontract required EFP to have Dacon and Condyne named as additional insureds on EFP's liability insurance policies.

14. The Genesis policy contained a blanket additional insured endorsement providing as follows:

> WHO IS AN INSURED (Section II) provision of the Policy is amended to include as an insured any person or organization (called "additional insured") to whom you are obligated by valid written contract to provide such coverage, but only with respect to liability for "bodily injury" or "property damage" arising solely out of "your work" on behalf of said additional insured for which coverage is provided by this policy.

15. Upon information and belief, the TIG policy contained terms (or incorporated terms from the Genesis policy) by which Dacon and Condyne qualified as additional insureds on the TIG policy to the same extent as Dacon and Condyne each qualified for additional insured status under the Genesis policy.

## COUNT I (DECLARATORY JUDGMENT)

16. Travelers repeats and incorporates herein by reference the allegations contained in Paragraphs 1 through 15, above.

17. Dacon and Condyne qualify as additional insureds under both the Genesis policy and the TIG policy and Dacon and Condyne are entitled to be defended by Genesis in connection with the Martin action and to be indemnified by Genesis (and to the extent any judgment or settlement reaches the limits of the TIG policy, by TIG) for any judgment, settlement or award in favor of the plaintiffs in the Martin action.

**WHEREFORE**, the plaintiff, Travelers Property Casualty Company of America (formerly known as The Travelers Indemnity Company of Illinois) demands judgment against Genesis Indemnity Insurance Company and TIG Insurance Company in the form a declaration that:

A) Dacon and Condyne are entitled to coverage as an additional insureds in connection with the Martin action under both the Genesis policy and the TIG policy issued to EFP;

B) Genesis shall immediately assume the defense of Dacon and Condyne in the Martin action and shall reimburse Travelers for all attorneys' fees and costs incurred by Travelers in defending Dacon and Condyne up to, and including, the date on which Genesis assumes the defense of Dacon and Condyne;

C) Genesis (and to the extent any judgment or settlement reaches the limits of the TIG policy, TIG) shall be obligated to indemnify Dacon and Condyne for any

judgment or reasonable settlement that may be awarded to the plaintiffs in the Martin action in accordance with the terms of the Genesis and TIG policies.

D) Genesis shall reimburse Travelers for its reasonable attorneys fees incurred in the prosecution of the instant action;

E) Such other relief as the Court deems meet and just.

## COUNT II   (LEGAL AND EQUITABLE SUBROGATION)

18. The Plaintiff repeats and incorporates herein by reference the allegations contained in Paragraphs 1 through 17, above.

19. Travelers has subsidized the defense of Dacon and Condyne in connection with the Martin action.

20. Genesis should have provided primary insurance coverage and a full defense to Dacon and Condyne as additional insureds under the Genesis policy.

21. Travelers has paid and continues to pay defense costs incurred on behalf of Dacon and Condyne in connection with the Martin that rightfully should have been (and should continue to be) paid by Genesis.

**WHEREFORE**, Travelers demands judgment against Genesis for reimbursement of the full amount of defense costs, including reasonable attorneys' fees, expended to date in the defense of Dacon and Condyne in the Martin action, plus costs and interest.

## COUNT III   (EQUITABLE CONTRIBUTION)

22. The Plaintiff repeats and incorporates herein by reference the allegations contained in Paragraphs 1 through 21, above.

23. Travelers has paid more than its rightful share of the costs of defending Dacon and Condyne in the Martin action and is therefore entitled to reimbursement of an equitable share of such costs from Genesis as to all such defense costs incurred to date and continuing to the date judgment enters in this action.

**WHEREFORE**, Travelers demands judgment against Genesis for reimbursement of an equitable share of the defense costs, including reasonable attorneys' fees, expended to date in the defense of Dacon and Condyne in the Martin action, plus costs and interest.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL ISSUES SO TRIABLE.**

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA (FORMERLY
KNOWN AS THE TRAVELERS
INDEMNITY COMPANY OF ILLINOIS)
INDIVIDUALLY AND A/S/O DACON
CORPORATION AND A/S/O CONDYNE
VENTURES, LLC,
By its Attorney,

_____
Richard J. Riley, BBO# 420610
MURPHY & RILEY, P.C.
141 Tremont Street
Boston, MA  02111
(617) 423-3700

Dated: June 28, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRAVELERS INSURANCE INDIVIDUALLY AND A/S/O DACON CORP. AND A/S/O CONDYNE VENTURES,<br><br>Plaintiff,<br><br>v.<br><br>GENESIS INDEMNITY INSURANCE AND TIG INSURANCE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. NO.:  05-11490JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I hereby certify that counsel for the Defendant, TIG Insurance Company, has attempted to confer with Richard J. Riley, attorney for the Plaintiff in the above-entitled action, in a good faith attempt to resolve or narrow the issues raised by the instant motion, and that we have been unable to do so.

Defendant,
TIG INSURANCE COMPANY
By its Attorneys,

/s/ William B. Scarpelli

Mark P. Harty, BBO #224780
William B. Scarpelli, BBO #560034
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA  02210
(617) 439-7500

Dated: November 29, 2005

979801v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRAVELERS INSURANCE INDIVIDUALLY AND A/S/O DACON CORP. AND A/S/O CONDYNE VENTURES,<br><br>Plaintiff,<br><br>v.<br><br>GENESIS INDEMNITY INSURANCE AND TIG INSURANCE,<br><br>Defendants. | C.A. NO.: 05-11490JLT |

**JOINDER AND MOTION OF DEFENDANT, TIG INSURANCE COMPANY, TO JOIN MOTION OF GENESIS INDEMNITY INSURANCE COMPANY TO STAY ACTION PENDING RESOLUTION OF UNDERLYING STATE COURT ACTION, WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, TIG Insurance Company ("TIG"), hereby moves to stay this action pending resolution of the underlying State Court personal injury case, <u>Martin, et al. v. Condyne and Dacon, et al.</u>, currently being adjudicated in Massachusetts Superior Court (Civil Action No. BRCV2002-00168) (hereinafter "the Underlying Action") in Bristol County. The instant declaratory judgment action is premature, has and will continue to cause prejudice to the interests of TIG, the purported excess insurance carrier, and should properly be stayed pending the resolution of the Underlying Action. On these grounds and more, TIG respectfully requests that this Court stay this action.

**FACTUAL AND PROCEDURAL BACKGROUND**

Travelers Property Casualty Insurance Company of America ("Travelers"), Dacon Corporation ("Dacon") and Condyne Ventures, LLC. ("Condyne") have sought a declaration that

979783v1

Dacon and Condyne are "additional insureds" on (1) a primary policy of insurance issued by Genesis Indemnity Insurance Company ("Genesis") and (2) on an excess policy of insurance issued by TIG to Environmental Fire Protection, Inc. ("EFP"), and are, therefore, entitled to defense and indemnification (from Genesis) and indemnification alone from TIG.

Central to the disputes between the parties relative to this declaratory judgment action is the following insurance policy language:

> WHO IS AN INSURED (Section II) provision of the policy is amended to include as an insured any person or organization (called "additional insured") to whom you are obligated by valid written contract to provide such coverage, but only with respect to liability for "bodily injury" or "property damage" **arising solely** out of "your work" on behalf of said additional insured for which coverage is provided by this policy. [Emphasis added]

Travelers, Dacon and Condyne are seeking a factual determination from the court whether the underlying personal injury plaintiff's bodily injury arose solely out of EFP's work at the Taunton, MA construction site. It is the position of TIG that the personal injury at issue did not arise solely out of its insured's (EFP's) work. In fact, this exact question is being litigated in the Underlying Action. The instant declaratory judgment action brought by Travelers is premature, is an inefficient use of this court's time and the litigants resources, and can be reasonably characterized as an end run around the pending Bristol Superior Court action.

The plaintiff in the Underlying Action, Michael Martin, was injured on January 3, 2001, while attempting to step onto a steel racking system which shifted under his weight, causing him to fall. At the time of the incident, Martin was working on the Condyne Freezer Addition in Taunton, Massachusetts. Condyne, the owner of the site, engaged Dacon as the general contractor for the project. Dacon subcontracted with Frazier Industrial Company ("Frazier") to design, supply and install structural steel racking at the site. Frazier, in turn, sub-contracted with JSS Construction ("JSS") to erect the steel racks from which Martin fell.

2

Dacon entered into the sub-contract with EFP for the installation of a fire suppression system in the freezer addition. EFP then further sub-contracted with SJV Electric, Inc. ("SJV") to perform the electrical work necessary for the fire suppression system. Martin was employed by SJV.

Martin (along with his wife and child) brought suit in the Massachusetts Superior Court against Condyne and Dacon asserting various theories of negligence. Dacon subsequently filed a third-party complaint against, and EFP filed a fourth-party complaint against SJV and. Frazier, in turn, filed a fifth-party complaint against JJS.

Primarily, Martin alleges that Dacon and Condyne had a responsibility to ensure the safety of the premises. (See Martin Complaint, ¶¶ 28, 30, 31, 36-41, 55-60, Exhibit A to Genesis Motion) Additionally, Martin alleges that "[p]ersons acting on behalf of Condyne created a dangerous and hazardous condition at the Condyne Addition by failing to secure the crosspieces at the conclusion of the workday."

Furthermore, Martin himself may have been contributorily negligent. Martin has admitted that he was not wearing his fall protection gear at the time of the fall. (Martin Deposition, p. 40, Exhibit E to Genesis motion). As the Martin case is still pending, the Massachusetts Superior Court has not yet apportioned negligence, if any, between the parties. Discovery has concluded with numerous depositions and the retention and identification of expert witnesses. The Underlying Action was scheduled for trial in November 2005, but a mediation was scheduled by the parties for January 2006, with a new trial date to follow, if necessary.

Under these circumstances, the instant declaratory judgment action should be stayed until a resolution of the negligence issues and damages has been reached in the Massachusetts Superior Court.

**ARGUMENT**

I. <u>This Declaratory Judgment Action Should Be Stayed Pending Resolution of the Underlying State Tort Action</u>

In the interests of fairness and judicial economy, this matter should be stayed until after a trial on the merits of the Underlying Action can be held. A decision in the Underlying Action may very well obviate the need for a declaratory judgment, and render this case moot. Indeed, the jury may decide that Martin's personal injury was caused by the negligence of Dacon alone because it ordered Martin to begin work using the metal racking system that was not completed at the time. The jury may also find that Martin's injury was caused by Dacon's subcontractors, Frazier and JJS. Moreover, regardless of what decision the jury makes on liability, it may award an amount of damages which does not reach EFP's excess layer of insurance, in which case TIG would not be a proper party of this case. Similarly, of course, a settlement reached between the parties at the January 2006 mediation, or some time later, for an amount which does not reach EFP's excess coverage layer would also eliminate TIG as a proper party to this action.

Travelers' complaint for declaratory judgment against TIG, as the prospective excess insurance carrier, is premature. Count I of Travelers Complaint asserts that it is entitled to indemnification by TIG "to the extent any judgment or settlement reaches the limits of the TIG policy." (<u>See</u> Exhibit A, Complaint, paragraph 17). Travelers does not allege that TIG is obligated to defend. (<u>See</u> Exhibit A, Complaint) An insurer is not necessarily bound to satisfy the potential judgment against an alleged insured (here Condyne or Dacon) when the facts which are proved at trial may fall within a policy exclusion, or the prospective insured may fail

4

to satisfy certain conditions of the insurance agreement.  See <u>Newell-Blais Post #443, Veterans of Foreign Wars, Inc. v. The Shelby Mutual Insurance Company</u>, 396 Mass. 633, 638 (1986); See also, <u>Massachusetts Port Authority v. Ace Property and Casualty Insurance Company</u>, 17 Mass. L. Rep. 589; 2004 Mass. Super. LEXIS 166 (Allan van Gestel, May 4, 2004)("This Court is cognizant of the difficulty in determining whether an insurance carrier has a duty to indemnify a loss under a particular circumstance until completion of the trial of the case.")  Consequently, while the TIG policy is indisputably excess, if the ultimate result of the Underlying Action is grounded upon something not covered by the primary Genesis policy, there will be nothing for TIG to be in excess of.  See <u>Worcester Mutual Insurance Company v. Marnell</u>, 398 Mass. 240, 246 (1986)(vacating judgment dealing with indemnification in event of recovery by underlying plaintiff "because that portion of the declaration is premature until such time as the underlying action is concluded.").

Travelers' assertion that it cannot wait for resolution of the Underlying Action because there is a need for an immediate declaration from the court on the issue is unpersuasive.  To date, Travelers has made no indemnity payment on behalf of its insureds, Dacon and Condyne.  Even if it had, it could recoup all applicable indemnity payments if it were later successful in this action.  No imminent harm awaits Travelers.  Indeed, there is no imminent harm to any party, nor a requirement that this issue be resolved now before the Underlying Action has been resolved.  The only event imminent is resolution of the Underlying Action.  It is worth noting that because trial of the Underlying Action had been set for November 2005, and was continued to allow mediation in January 2006, a stay of this action will not result in an indefinite or unreasonable wait or delay.  However, if both the Superior Court action and the Federal Court action continue to proceed simultaneously, each may make a determination as to what parties, if

any, contributed to Martin's injury and to what extent. Consequently, there remains a possibility of inconsistent verdicts on the same issue, which also justifies a stay of this action.

## CONCLUSION

Under the circumstances set forth above, the instant declaratory judgment action should be stayed until a resolution of the negligence and damage issues are reached in the Massachusetts Superior Court. The declaratory judgment action is premature, will continue to cause prejudice to the interests of TIG Insurance Company in having to defend this action unnecessarily, is an inefficient utilization of the court's judicial resources, and properly should be stayed.

    Defendant,
    TIG INSURANCE COMPANY
    By its Attorneys,

    /s/ William B. Scarpelli
    _____
    Mark P. Harty, BBO #224780
    William B. Scarpelli, BBO #560034
    MORRISON MAHONEY LLP
    250 Summer Street
    Boston, MA  02210
    (617) 439-7500

Dated: November 29, 2005

**CERTIFICATE OF SERVICE**

      I, William B. Scarpelli, hereby certify that a true and accurate copy of the foregoing document was served via first class mail upon the following:

Richard J. Riley, Esquire
Murphy & Riley, P.C.
141 Tremont Street
Boston, MA  02111

Jocelyn M. Sedney, Esquire
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza, 12th Floor
Boston, MA  02116


                        /s/ William B. Scarpelli
                        _____
                        William B. Scarpelli

Date: November 29, 2005