UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11490 JLT

TRAVELERS PROPERTY CASUALTY )
COMPANY OF AMERICA (FORMERLY )
KNOWN AS THE TRAVELERS )
INDEMNITY COMPANY OF ILLINOIS) )
INDIVIDUALLY AND A/S/O DACON )
CORPORATION AND A/S/O )
CONDYNE VENTURES, LLC., )
    Plaintiff )
)
vs. )
)
GENESIS INDEMNITY INSURANCE COMPANY )
And TIG INSURANCE COMPANY, )
    Defendants )

## DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS

In opposition to Plaintiff's Motion for Summary Judgment, Defendants hereby submit this Response to Plaintiff's Statement of Undisputed Material Facts.

1. Undisputed.

2. Undisputed.

3. Undisputed.

4. Undisputed.

5. Schedule A (Pl.App.Ex. 1) is extensive and speaks for itself.

6. Undisputed.

7. Undisputed.

8. Undisputed.

9. Undisputed.

10. Disputed to the extent that the cited references do not support the stated facts. It is undisputed that Martin was an SJV employee and that SJV had a subcontract with EFP to install Protectowire at the Freezer project.

11. Disputed. It is unclear what is meant by "climbed on top of". As is stated in the cited reference at Pl.App.Ex.4, p. 40, Martin climbed up the racks, on rungs like a ladder. Pl.App.Ex.4, p. 44.

12. Disputed inasmuch as the phrase "in the process of" is unclear. It is undisputed that Martin fell and was injured.

13. Undisputed.

14. Undisputed.

15. Disputed. The cited language is as follows:

> **Transfer of Rights of Recovery Against Others To Us**
> If the insured has rights <u>to recover all or part of any payment made</u> under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them. [Emphasis added].

The policy language allows subrogation for "any payment made." There has been no evidence of any payment made.

16. Undisputed.

17. Undisputed.

18. Disputed. The insurance coverage dispute centers on whether the accident was caused solely by the work performed by EFP at the Freezer project and it is the Additional Insured Endorsement that pertains to the coverage offered "additional insureds", not the Classification Endorsement Description.

19. Disputed inasmuch as this paragraph contains only a part of the Endorsement. Defendants respond that this Endorsement speaks for itself. They further state that, while the first paragraph of the language from the Broad Form Blanket Additional Insured Endorsement is accurately set forth, there are five other paragraphs, the third and fourth of which do not support the arguments set forth in Travelers' Memorandum. Those paragraphs are as follows:

> This insurance does not apply to "bodily injury" or "property damage" arising out of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages that the additional insured(s) would have in the absence of the contract or agreement.

It is the intent of this endorsement to exclude all claims, demands or suits arising out of any "bodily injury" or "property damage" to which this insurance does not apply. There shall, therefore, be no duty or obligation on our part under this insurance to defend, respond to, investigate, or indemnify anyone for any such claims, demand or suit.

20. Disputed because, while the language quoted is accurate, it is not complete. Defendants state that the Endorsement is a written document that speaks for itself and further state that it also states as follows:

### CLASSIFICATION DESCRIPTION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

21. Undisputed.

22. Disputed. The Broad Form Blanket Additional Insured Endorsement limits the scope of coverage for additional insureds to whom the insured is obligated by valid written contract.

23. Disputed. The Genesis Policy does not provide the coverage as represented.

Respectfully submitted,
The Defendant, Genesis Indemnity Insurance Co.
By its attorney,

/s/Jocelyn M. Sedney
Jocelyn M. Sedney, BBO# 552115
**BRODY, HARDOON, PERKINS & KESTEN, LLP**
One Exeter Plaza, 12th Floor
Boston, MA 02116
(617) 880-7100

The Defendant, TIG Insurance Company
By its attorney,

/s/William B. Scarpelli
Mark P. Harty, BBO#224780
William B. Scarpelli, BBO#560034
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 737-8886

Dated: November 29, 2005