UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO.: 05-11490 JLT

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA (FORMERLY
KNOWN AS THE TRAVELERS
INDEMNITY COMPANY OF ILLINOIS)
INDIVIDUALLY AND A/S/O DACON CORPORATION
AND CONDYNE VENTURES, LLC.,
    Plaintiff

v.

GENESIS INDEMNITY INSURANCE COMPANY
and TIG INSURANCE COMPANY,
    Defendants

**PLAINTIFF'S OPPOSITION TO
DEFENDANT GENESIS INDEMNITY INSURANCE COMPANY'S
MOTION TO JOIN INDISPENSABLE PARTIES WHICH DESTROYS
DIVERSITY JURISDICTION REQUIRING DISMISSAL OR REMAND
OR, IN THE ALTERNATIVE, MOTION TO STAY THIS CASE
PENDING RESOLUTION OF THE UNDERLYING CASE**

INTRODUCTION

In this insurance coverage dispute, Travelers Property Casualty Company of America (formerly known as the Travelers Indemnity Company of Illinois, and referred to herein as "Travelers"[1]) argues that Genesis Indemnity Insurance Company ("Genesis") has improperly disclaimed its duty to defend and indemnify Dacon Corporation ("Dacon") and Condyne Ventures, LLC ("Condyne") in connection with a lawsuit filed against Dacon and Condyne by one Michael Martin, entitled Martin, et al. v. Dacon Corporation, et al., Commonwealth of Massachusetts, Bristol County Superior Court, Civil Action No. BRCV2002-00168 (the "Martin action"). Genesis brought a motion to join indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure, or

---

[1] The Plaintiff in this action is referred to herein as "Travelers" or "Plaintiff").

1

in the alternative, a motion to stay the above captioned action pending resolution of the underlying case. For the reasons set forth in this Opposition (and for the reasons set forth in the Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment on Count I of the Complaint, which was filed with the Court on November 1, 2005), Genesis' motion should be denied because: 1) there are no indispensable parties that have not been joined in the instant action; and 2) there is no need to stay the instant action because the outcome of the Martin action has no bearing on this insurance coverage dispute.

As a threshold issue, however, the Court must decide if it must remand this case pursuant to 28 U.S.C. 1447(c) because it lacks subject matter jurisdiction as discussed in section I of this brief, supra.

## FACTS

Travelers incorporates by reference Plaintiff's Statement of Undisputed Facts in Support of Plaintiff's Motion for Summary Judgment on Count I of the Complaint Pursuant to Local Rule 56.1 and Plaintiff's Appendix of Exhibits in Support of Plaintiff's Motion for Summary Judgment on Count I of the Complaint, which were filed with the Court on November 1, 2005. The following is a brief summary:

Travelers is currently providing a defense to Dacon and Condyne in the Martin action, in which Dacon and Condyne were sued by Michael Martin for a work related construction injury. See Pl. App. Ex. 3[2]; Pl. App. Ex. 5. Dacon entered into a contract with Condyne, wherein Dacon was designated the "Contractor" and Condyne the "Owner", to construct an addition to a commercial freezer (the "Freezer Project"). See Pl. App. Ex. 2. Dacon subcontracted work connected to fire protection for the Freezer

---
[2] References to the Plaintiff's Appendix of Exhibits shall be "Pl. App. Ex. __".

Project to Environmental Fire Protection, Inc. ("EFP"), and EFP subcontracted part of that fire protection work to SJV Electric, Inc. ("SJV"). See Pl. App. Ex. 1; Pl. App. Ex. 3; Pl. App. Ex. 4, p 32 ln. 7-8. Michael Martin worked for SJV and was engaged in fire protection work pursuant to the Dacon and EFP subcontract when he suffered the injury that is the subject of the Martin action. See Pl. App. Ex. 4, p. 12 ln. 24 – p. 13 ln.1, p. 32 ln. 7-8; Pl. App. Ex. 1 p. 8; Pl. App. Ex. 3. Other contractors were also involved in the Freezer Project, including, but not limited to, Frazier Industrial Company, Inc. and JJS Construction, Inc. See Pl. App. Ex. 3, ¶ 8; Pl. App. Ex. 9, p 31 ln. 4-16 and p. 34 ln. 16-22. EFP, Frazier Industrial Company, Inc., JJS Construction, Inc. and SJV were made parties to the Martin action, but not as direct defendants of Michael Martin. See Memorandum of Genesis in Support of its Motion[3], Exhibits A-D.

EFP agreed to procure insurance coverage naming Dacon and Condyne additional insureds pursuant to the Dacon – EFP subcontract. See Pl. App. Ex. 1, p. 19. Genesis issued an insurance policy to EFP (the "Genesis Policy") that included a Blanket Additional Insured Endorsement, and TIG provided an excess insurance policy to EFP (the "TIG Policy") that included as an insured any entity that is an additional insured on the Genesis policy. See Pl. App. Ex. 6, p. 26; Pl. App. Ex. 7, p. 5. Dacon and Condyne are additional insureds under the Genesis Policy and the TIG Policy. See id.; Pl. App. Ex. 1, p. 19.

---

[3] The Memorandum of Defendant Genesis Indemnity Insurance Company in Support of its Motion to Join Indispensable Parties which Destroys Diversity Jurisdiction Requiring that this Case be Dismissed or Remanded, or, in the Alternative, Motion to Stay this Case Pending Resolution of the Underlying Case, which was filed with this Court, shall hereinafter be referred to as "Genesis' Memorandum".

## ARGUMENT

**I.   If there is no diversity between Genesis and Travelers, this Court lacks subject matter jurisdiction.**

Genesis removed this case to Federal Court on or around July 14, 2005, and indicated that this Court had subject matter jurisdiction over the instant insurance coverage dispute on the basis of diversity of citizenship. See Defendant Genesis Indemnity Insurance Company's Notice of Removal of Action from State Court ("Genesis' Notice of Removal"), at ¶¶ 4 – 5. In the course of preparing the instant Opposition to Genesis' Motion[4], it became apparent that for reasons totally apart from Genesis' instant action this Court may lack subject matter jurisdiction, and that the action may have been improperly removed to Federal Court in the first instance. See 28 U.S.C. § 1447(c).

Genesis' own Memorandum in support of the instant motion suggests the possible lack of diversity of citizenship between the parties in this action in that it describes the existing parties to this action as follows: "plaintiff Travelers (a Hartford, Connecticut business incorporated under the laws of Connecticut), defendants Genesis (a Stamford, Connecticut business incorporated under the laws of North Dakota)…". See Genesis' Memorandum at p.10, n. 2 (emphasis added).

The dubious basis for diversity jurisdiction in this action is also raised by a review of the pleadings as originally filed with the State Court. In the Complaint in the above captioned action (which was originally filed in Middlesex Superior Court), the Plaintiff alleged that Genesis' principal place of business is "695 East Main Street, Stamford,

---

[4] Genesis Indemnity Insurance Company's Motion to Join Indispensable Parties which Destroys Diversity Jurisdiction Requiring that this Case be Dismissed or Remanded, or, in the Alternative, Motion to Stay this Case Pending Resolution of the Underlying Case, is referred to herein as "Genesis' Motion".

4

Connecticut". See Complaint at ¶ 2. Genesis admitted that allegation in paragraph 2 of its Answer. See Answer of Defendant, Genesis Indemnity Insurance Company to Plaintiff's Complaint at ¶ 2. Travelers also alleged in paragraph 1 of its Complaint that Travelers' principal place of business is Connecticut. See Complaint at ¶ 1.

If there is a lack of diversity between Travelers and Genesis because Travelers and Genesis have principal places of business in Connecticut, then there is a lack of subject matter jurisdiction in Federal Court regardless of the issues raised by Genesis in this instant action. See 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."); see also 28 U.S.C. § 1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Diaz-Rodriguez, et al. v. Pep Boys Corp., et al., 410 F.3d 56, 62 (1st Cir. 2005). Travelers respectfully suggests that the Court issue a threshold order that Genesis show cause why this action should not be remanded to State Court based upon the apparent lack of diversity of citizenship between existing parties to the case – i.e. Genesis and Travelers.

> **II.   If the Court has subject matter jurisdiction, it should enter an Order that none of the parties indicated by Genesis are indispensable to the instant insurance coverage dispute and deny Genesis' Motion.**

In Genesis' Motion, Genesis suggests that certain parties to the Martin action are indispensable to the instant insurance coverage dispute. See Genesis' Motion at p. 2. Genesis' Motion should be denied because none of the parties indicated by Genesis are indispensable to the instant insurance coverage dispute and there are no indispensable parties to this action that are not already parties, as set forth below.

Specifically, Genesis argues incorrectly that Michael Martin; Frazier Industrial Company, Inc.; JJS Construction, Inc.; EFP; and SJV[5] are indispensable parties to the instant insurance coverage dispute. See Genesis' Motion at p. 2. Those parties are neither necessary or indispensable to this dispute, which only focuses on determining which insurance company owes defense and indemnity obligations to Dacon and Condyne; the outcome of the Martin action and the ultimate fault of the various parties to the Martin action have no bearing on the Court's determination of coverage obligations. See Memorandum in Support of Plaintiff's MSJ[6] at pp. 10-16.[7] Travelers has not disputed coverage for Dacon and Condyne. Hence, the other parties to the Martin action logically would not have an interest in the source of the funds for Dacon's and Condyne's defense in the Martin action, or the funds ultimately paid on behalf of Dacon or Condyne in satisfaction of any judgment or settlement in the plaintiff's favor. The interests of such other purportedly "necessary" parties would not be affected regardless of the outcome of the coverage issues in this declaratory judgment action. The instant action involves purely insurance policy interpretation. See Merchants Ins. Co. of New Hampshire, Inc. v. United States Fidelity and Guaranty Co., 143 F.3d 5, 8 (1st Cir. 1997); Hakim v. Massachusetts Insurers' Insolvency Fund, 424 Mass. 275, 280 (1997). The ramifications of this action impact only whether Travelers or Genesis will pay for: 1) the defense of Dacon and Condyne in the Martin action; and 2) any indemnification to Dacon and / or

---

[5] SJV is no longer a party to the Martin action, having been dismissed from the Martin action with prejudice.
[6] The Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment on Count I of the Complaint, is referred to herein as "Memorandum in Support of Plaintiff's MSJ".
[7] The Memorandum in Support of Plaintiff's MSJ is incorporated herein by reference. There is no need to repeat the arguments set forth therein in support of Travelers' interpretation of the term "solely" in the Genesis Policy's Additional Insured Endorsement. Genesis' Motion relies upon its interpretation of the term "solely", which is part of the Blanket Additional Insured Endorsement in the Genesis Policy. See Memorandum in Support of Plaintiff's MSJ, pp 10-16.

6

Condyne for Dacon or Condyne's ultimate liability (if any) in the Martin action.

The foundation upon which Genesis attempts to build its argument that the parties below are indispensable to this dispute crumbles under the weight of Genesis' reliance upon the term "solely" located in the Blanket Additional Insured Endorsement in the Genesis Policy (the "Additional Insured Endorsement"). See Pl. App. Ex. 6, p. 26; Genesis' Memorandum at p. 2. Genesis contends in Genesis' Memorandum that the term "solely" in the Additional Insured Endorsement operates to exclude additional insured coverage if anything other than EFP's work was causally connected to the accident. See Genesis' Memorandum at p. 2. In fact, Genesis posits (mistakenly) that Travelers is asking this Court to make a factual determination as to the cause of the accident that is the subject of the Martin action, in order to determine whether or not EFP's work was the sole cause of the subject accident. See id. Contrary to Genesis' contention, the term "solely" limits coverage to injuries arising out of certain specific and listed aspects of EFP's business, and "no other" aspect of EFP's business. See Memorandum in Support of Plaintiff's MSJ at pp. 10-16. Therefore, there is no need for this Court to make any factual determinations whatsoever to: 1) interpret the Genesis Policy's Additional Insured Endorsement; and 2) determine that Genesis is in breach of its insurance coverage obligations to Dacon and Condyne, its additional insureds.

There is no credible dispute that the injury that is the subject of the Martin action arose solely out of the EFP's work, as EFP's "work" is defined in the Classification Description endorsement in the Genesis Policy, and "no other" work of EFP. See Pl. App. Ex. 6, p. 31; Memorandum in Support of Plaintiff's MSJ, pp. 10-16. In other words, the subject injury arose out of "Fire Suppression Systems-Installation, Servicing

or Repair and Sprinkler System Design Work", "on behalf of said additional insured[s]", Dacon and Condyne. See Pl. App. Ex. 6. pp. 31. As to this issue, there is no genuine issue of fact in dispute.

Because the outcome of the Martin action has no bearing on this Court's interpretation of the Genesis Policy, there is no reason to join additional parties or to stay this insurance coverage dispute until the Martin action concludes. This Court will not be asked to render a decision as to whether EFP, Martin, Frazier, JJS, or any other actor, were negligent or caused the subject accident. Cf. Genesis' Memorandum at pp. 5-6. No parties to the Martin action could possibly be prejudiced by the Court's interpretation of the Genesis Policy in this insurance coverage dispute, because the Court need not even consider the "cause" of the subject injury[8] to accurately interpret the Genesis Policy and hold that Genesis is in breach of its duty to defend and indemnify Dacon and Condyne as additional insureds. Hence, Genesis' arguments based on Rule 19 of the Federal Rules of Civil Procedure fail because complete relief can be afforded in this insurance coverage dispute with the present parties. The entities identified by Genesis simply do not have a concrete interest in this insurance coverage dispute. Cf. The Travelers Indemnity Company, et al. v. Dingwell, et al., 884 F.2d 629, 634 (1st Cir. 1989). As the parties identified by Genesis in Genesis' Motion do not fit the definition of Rule 19(a), this Court need not turn to issues connected to Rule 19(b) of the Federal Rules of Civil Procedure. See Pujol v. Shearson American Express, Inc., 877 F. 2d 132, 134 – 136 (1st Cir. 1989).

The parties to the Martin action have no interest in whether Travelers or Genesis

---

[8] Other than to determine that the accident indisputably arose out of the fire suppression / sprinkler system aspect of EFP's business.

8

pays the cost of defending Dacon and Condyne and have no interest in whether Travelers or Genesis pays indemnity obligations on behalf of Dacon and Condyne (if any). As the coverage dispute in the instant declaratory judgment action and the tort issues in the Martin action exist in complete isolation from one another, and have no bearing on the postures, outcomes, or positions of one another, the arguments proffered by Genesis with respect to the declaratory judgment statutes (either Federal or State) and Rule 19 of the Federal Rules of Civil Procedure simply do not succeed.

Genesis' argument that it would be "unfair" to the parties to the Martin action if the Court decided the instant coverage dispute misses the mark. In fact, it would appeal to a sense of overall "fairness" to the parties to the Martin action (particularly Dacon and Condyne) if the insurer that will bear the ultimate indemnity obligations of Dacon and Condyne takes over the defense of Dacon and Condyne <u>immediately</u>. Finally, there is no danger that any persons already parties are subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations. The only judgment this Court must render is whether or not Dacon and Condyne are covered by Genesis or Travelers, and that judgment is not dependent upon the outcome of the Martin action and does not affect the interests of any other parties to the Martin action.

### CONCLUSION

Travelers respectfully suggests that the Court issue a threshold order that Genesis show cause why this action should not be remanded to State Court based upon the apparent lack of diversity of citizenship between existing parties to the case – i.e. Genesis and Travelers. If there is subject matter jurisdiction in this case, this Court should deny Genesis' Motion.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA (FORMERLY
KNOWN AS THE TRAVELERS
INDEMNITY COMPANY OF ILLINOIS)
INDIVIDUALLY AND A/S/O DACON
CORPORATION AND CONDYNE
VENTURES, LLC
By its Attorney,

_____
Richard J. Riley, BBO#420610
William P. Mekrut, BBO#654350
MURPHY & RILEY, P.C.
141 Tremont Street
Boston, MA 02111
Ph.: 617-423-3700
Fx.: 617-423-1010
Email: RRiley@MurphyRiley.com
Email: WMekrut@MurphyRiley.com

CERTIFICATE OF SERVICE

I Hereby Certify That On This Day
A True Copy Of The Within Document
Was Served Upon The Attorney Of
Record For Each Party By Mail/Hand
Dated: 11.29.05  W. Mekrut

10